**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| EFRAIN MUNOZ, LEONA LOVETTE and STEPHANIE MELANI, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>    v.<br><br>PHH CORP., PHH MORTGAGE CORP., PHH HOME LOANS, LLC, and ATRIUM INSURANCE CORP.,<br><br>                Defendants. | Case No. 1:08-CV-00759-AWI-DLB |

**CONFIDENTIALITY STIPULATION AND ORDER**

The Court, with the consent of Plaintiffs Efrain Munoz, Leona Lovette and Stephanie Melani and Defendants PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, and Atrium Insurance Corporation (the "Parties") hereby orders as follows:

Pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the Parties, the Court enters this Confidentiality Stipulation and Order (the "Order") to expedite the flow of Discovery Materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled. It is anticipated that Discovery Materials in this litigation will contain confidential financial information, and no public interest is served by the public disclosure of such information. While sharing of the materials will promote fairness and efficiency within the context of the instant lawsuit, entry of this Order (and its concomitant restriction on release of confidential materials to third parties not governed by its terms) works no articulable harm to the interests of public health and safety or the right of the public to access information concerning judicial proceedings. *Cf. Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 787-89 (3d Cir. 1994).

1    Accordingly, it is hereby ORDERED:

2    1.     This Order shall govern the treatment of all documents, information and testimony produced or received by any party or nonparty in this action ("Discovery Materials").  Discovery Materials shall be used solely for purposes of the above-captioned lawsuit ("Permitted Purpose"). Nothing in this provision shall be construed to limit a party's right to seek or object to discovery in any other action or to limit the use of Discovery Materials that are otherwise publicly available.  This protective order does not extend any protection of confidentiality beyond that which is actually afforded under applicable law.

3    2.     The word "document" as used herein shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

4    3.     The term "Confidential Information" as used herein means and includes personal or corporate financial, proprietary, commercial or otherwise private or confidential information or commercially-sensitive information, or data that is not known to or has not generally been made available to the public, and that is designated "Confidential."

5    4.     Any party or nonparty who produces Discovery Materials in this case (the "Producing Person") may designate as "Confidential" any Discovery Materials that the Producing Person believes, in good faith, contain Confidential Information.

6    5.     Any Producing Person may designate any Discovery Materials as "Confidential" by affixing to the first page of, or upon the face of, the Discovery Materials, prior to production, a stamp bearing the word "Confidential" in a location that makes the designation readily apparent. Any party or nonparty may designate Discovery Materials produced by another party or nonparty as "Confidential" by so informing the other parties in writing within 30 days after receiving such Discovery Materials.  All Discovery Materials produced by non-parties shall be treated as designated as "Confidential" in accordance with the provisions of the Order until 30 days after all parties have received the Discovery Materials, after which only those Discovery Materials specifically designated "Confidential" pursuant to the second sentence of this paragraph shall be so treated.

6. Discovery Materials produced in electronic format on CD-Rom shall be sufficiently designated as "Confidential" if the CD-Rom bears a "Confidential" designation. Discovery Materials produced in electronic format may also be designated as "Confidential" by application of an electronic "Confidential" designation as in the electronic document itself, such as by "petrifying to tif[1]" or similar process.

7. Any party or nonparty may designate deposition testimony and transcripts, or portions of transcripts, as "Confidential" by so advising the court reporter during the course of the testimony or by so advising opposing counsel in writing within 30 days after receipt of the transcript. The entire content, transcript and exhibits to each deposition shall be treated as designated as "Confidential" in accordance with the provisions of the Order until 30 days after all parties have received the transcripts and exhibits, after which only the portions specifically designated "Confidential" pursuant to the first sentence of this paragraph shall be so treated.

8. If a Producing Person discovers that Discovery Materials previously produced were not properly designated, that Producing Person shall promptly give written notice thereof and identify the Discovery Materials it intends to designate as "Confidential," which Discovery Materials shall thereafter be treated as "Confidential" in accordance with the provisions of this Order.

9. Although this action was commenced prior to the enactment of Federal Rule of Evidence 502, the parties agree that such rule is practicable and shall apply to this litigation. No use shall be made of any materials covered by Rule 502 that were inadvertently or unintentionally produced, including during depositions or at trial, nor shall they be shown to anyone subsequent to the request to return them. Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure shall govern the use and treatment of any materials covered by Rule 502, including obligations of the Receiving Party to promptly return, sequester or destroy the materials. Nothing herein shall prevent the Receiving Party from challenging the privileged status of any inadvertently or unintentionally produced documents. The Receiving Party shall be allowed to maintain possession of one copy of the

---

[1] Tagged image format.

inadvertently or unintentionally produced materials solely for the purpose of filing a motion challenging the designation of privilege.

10. Any Discovery Materials designated as "Confidential," shall be held confidential, shall only be disclosed to "Qualified Persons" (as defined herein), and shall only be used for the Permitted Purpose.

11. The Discovery Materials designated as "Confidential" shall not be disclosed to any person other than "Qualified Persons," which shall be limited to the following:

(a) The named Parties to this action, their current or former personnel, and counsel representing the Parties in this action (including members of such counsel's staff, such as paralegals, secretaries, and law clerks);

(b) Expert witnesses or consultants or vendors retained by Parties or counsel for the Parties;

(c) Any court reporter or typist rendering services for recording or transcribing of testimony in this action or any outside independent reproduction firm or any technical or technology services firm rendering services for a party in this action, but only to the extent necessary for such services to be provided;

(d) Persons authorized to have access to Discovery Materials designated as "Confidential" by separate, written consent of the Producing Person, which consent shall be obtained prior to providing such access;

(e) The persons who authored the confidential Discovery Materials or who received such confidential Discovery Materials in the ordinary course of business; or

(f) The Court and its personnel, in connection with this proceeding;

(g) Witnesses at depositions and court hearings, with respect to Discovery Materials marked as exhibits at such depositions or court hearings;

(h) Persons whom counsel in good faith believe are witnesses or potential witnesses in this action.

1        12.     Before Discovery Materials designated as "Confidential" are disclosed to any Qualified Person who is authorized pursuant to subpart (b) of paragraph (11) above, to have access to such materials, counsel for the disclosing party shall obtain from such Qualified Person an executed copy of the Non-Disclosure Certificate annexed hereto as Exhibit A, acknowledging that such Qualified Person has read this Order and agrees to be bound by its terms and subject to the Court's jurisdiction for enforcement.  Counsel for the disclosing party shall retain such Qualified Person's original executed Non-Disclosure Certificate.

        13.     Qualified Persons who are authorized pursuant to subparts (a) through (e), (g) and (h) of paragraph (11) above to have access to Discovery Materials designated as "Confidential" shall maintain the confidentiality thereof, and shall not disseminate or disclose such Discovery Materials designated as to any "Confidential" person not authorized to have access to Discovery Materials designated as "Confidential" pursuant to this Order, and shall not use such Discovery Materials designated as "Confidential" for any purpose other than the Permitted Purpose.

        14.     Qualified Persons who are authorized pursuant to subparts (a) through (e), (g) and (h) of paragraph (11) above to have access to Discovery Materials designated as "Confidential" shall only make copies of Discovery Materials comprising or containing Discovery Materials designated as "Confidential" that are reasonably necessary for the Permitted Purpose.

        15.     Qualified Persons who are authorized pursuant to subparts (a) through (e), (g) and (h) of paragraph (11) above to have access to Discovery Materials designated as "Confidential" shall not use Discovery Materials designated as "Confidential" in connection with any other legal proceeding, and shall not use Discovery Materials designated as "Confidential" for any purpose whatsoever (including in the instant proceeding) other than for the Permitted Purpose.

        16.     Any Discovery Materials designated as "Confidential" filed with the Court shall be filed in sealed envelopes bearing the caption of this action, a brief description of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the

following form:

> THIS ENVELOPE CONTAINS DISCOVERY MATERIALS THAT ARE SUBJECT TO A CONFIDENTIALITY STIPULATION AND ORDER GOVERNING THE USE OF DISCOVERY MATERIALS DESIGNATED AS CONFIDENTIAL.  THIS ENVELOPE SHALL NOT BE OPENED, NOR THE CONTENTS THEREOF BE DISPLAYED OR REVEALED (OTHER THAN TO COURT PERSONNEL) EXCEPT BY ORDER OF THE COURT.

17. Nothing in this Order shall, in this or any other action, constitute or be deemed: (a) an agreement by the Producing Person to produce any Discovery Materials or supply any information or testimony not otherwise agreed upon or required by Court order; (b) a waiver by the Producing Person of any right to object to or seek further protective order with respect to any request for Discovery Materials; (c) a waiver by the Producing Person of any claim of immunity, privilege, or other legal protection with respect to any Discovery Materials; or (d) an admission by the Producing Person with respect to the relevance or the propriety of the disclosure of any Discovery Materials.  Nothing in this Order shall be construed as precluding the Producing Person from objecting to any disclosure or use of any Discovery Materials in this or any other action.

18. Nothing in this Order shall be construed as restricting a Producing Person's use of its own Discovery Materials designated as "Confidential."  However, any information that is publicly-filed with the Court by a Producing Person in pleadings or otherwise shall no longer be deemed "Confidential" unless the Producing Person has filed such information under seal pursuant to the procedures provided herein.

19. Within 60 days of the final determination of this action any person, except the Court and its personnel, who is in possession of Discovery Materials, including copies thereof, shall certify in writing to the Producing Person that all such Discovery Materials and copies in such person's possession, custody, or control have been either returned to the Producing Person or destroyed. Outside counsel, however, shall not be required to return any pretrial or trial records regularly maintained by that counsel in the ordinary course of business (such as pleadings and exhibits filed

1 with the Court), which records will continue to be maintained confidential in conformity with this
2 Order.

3     20.    In the event that a Qualified Person who is authorized pursuant to subparts (a)
4 through (e) of paragraph (11) above to have access to Discovery Materials designated as
5 "Confidential" is served with a request, subpoena, demand, or other legal process that seeks
6 production of Discovery Materials designated as "Confidential," such person (the "Requested
7 Person") shall give written notice to the Producing Person within 7 days of the receipt of such
8 request, subpoena, demand, or other legal process, and shall not produce the documents until the
9 earlier of (i) receipt of prior written consent from the Producing Person; (ii) the return date of the
10 subpoena or other process (in the event the Producing Person does not object to, seek to quash or
11 seek a protective order from the subpoena); or (iii) five business days after a decision on any motion
12 to quash or motion for a protective order or such shorter period as the Court may direct.  Nothing
13 herein shall require a Qualified Person to disobey an order of a Court.

14     21.    If at any time a party wishes for any reason to dispute a designation of Discovery
15 Materials as "Confidential" hereunder, such party shall notify the designating party of such dispute
16 in writing, identifying the Discovery Materials in dispute and the nature of the dispute with regard to
17 such Discovery Materials.  If the Parties are unable amicably to resolve the dispute, the party
18 disputing the designation of confidentiality may apply by motion to the Court for a ruling as to
19 whether the designated Discovery Materials may, in accordance with this Order, properly be treated
20 as confidential, provided such motion is made within 20 days from the date on which the Parties,
21 after good faith attempt, cannot resolve the dispute or such other time period as the Parties may
22 agree. In connection with any such motion, the party that designated the document as "Confidential"
23 shall have the burden of persuasion.

24     22.    Any notice to the Producing Person required to be given under this Order shall be
25 provided by email and overnight delivery as follows:  (a) where the Producing Person is a party, to
26 the undersigned counsel for the Producing Person; (b) where the Producing Person is not a party, to
27 the Producing Person or their designated representative.

28

- 7 -

1  23. The provisions of this Order shall survive the conclusion of this action and shall continue in full force and effect. The Court shall retain jurisdiction over the Parties to this action, and any other person bound by the terms of this Order, to enforce the terms thereof.

24. This Order may be executed by facsimile or pdf and in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties to the Order shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

25. Prior to any hearing at which the use of confidential Discovery Materials is anticipated, the Parties shall meet and confer regarding the use of confidential Discovery Materials. If the Parties cannot agree, the Parties shall promptly request the Court to rule on such procedures. The party that designated the document as "Confidential" shall have the burden of persuasion.

26. This Order does not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial.

Dated: February 24, 2008                    Respectfully submitted,

SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

*/s/ Donna Siegel Moffa*
Joseph H. Meltzer, Esq.
Edward W. Ciolko, Esq.
Donna Siegel Moffa, Esq.
James A. Maro, Esq.
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667–7706

-and-

Alan R. Plutzik, Of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone:  (925) 945–0770

BERKE, BERKE & BERKE
Andrew L. Berke, Esq.

- 8 -

Case No. 1:08-CV-00759-AWI-DLB
Confidentiality Stip & [Proposed] Order

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  

420 Frazier Avenue  
Chattanooga, TN  37402  
Telephone: (423) 266-5171  
Facsimile: (423) 265-5307  

TRAVIS & CALHOUN, P.C.  
Eric G. Calhoun, Esq.  
1000 Providence Towers East  
5001 Spring Valley Road  
Dallas, Texas  75244  
Telephone: (972) 934-4100  
Facsimile: (972) 934-4101  

*Counsel for Plaintiffs*

WEINER BRODSKY SIDMAN KIDER PC

*/s/ David M. Souders*  
 (as authorized on February 23, 2009)  
David M. Souders, Esq.  
Sandra B. Vipond, Esq.  
Van T. Lam, Esq.  
1300 19th Street NW, Fifth Floor  
Washington, DC  20036-1609  
Telephone: (202) 628-2000  
Facsimile: (202) 628-2011  

WEINTRAUB, BRODSKY SIDMAN KIDER PC  
Joseph S. Genshlea, Esq. (Bar No. 36369)  
400 Capitol Mall, 11th Floor  
Sacramento, CA  95814  
Telephone:  (916) 558-6000  
Facsimile: (916) 446-1611  

*Counsel for Defendants*

22  IT IS SO ORDERED: in addition any party seeking to file documents under seal with this Court

23  must comply with CA E.D. Local Rule 39-141.

24  

25  
26  Dated: 26 February 2009                    ___/s/ Dennis L. Beck_____  
                                              Dennis L. Beck, U.S. Magistrate Judge

27  
28  

- 9 -  
Case No. 1:08-CV-00759-AWI-DLB  
Confidentiality Stip & [Proposed] Order

# EXHIBIT A

## NON-DISCLOSURE CERTIFICATE

I, _____[print or type full name], of _____ _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Stipulation and Order that was issued by the United States District Court for the Eastern District of California on _____[date] in the case of *Munoz, et al. vs. PHH Mortgage Corp., et al.,* Case No. 1:08-CV-00759-AWI-DLB. I agree to comply with and to be bound by all the terms of this Confidentiality Stipulation and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Stipulation and Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Confidentiality Stipulation and Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Confidentiality Stipulation and Order.

Dated: _____

City and State where sworn and signed:

Printed name:

Signature: