UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

EFRAIN MUNOZ, LEONA LOVETTE and STEPHANIE MELANI, individually and on behalf of all others similarly situated,

Plaintiffs

v.

PHH CORP., PHH MORTGAGE CORP., PHH HOME LOANS, LLC, and ATRIUM INSURANCE CORP.,

Defendants.

Case No. 1:08-CV-00759-AWI-DLB

STIPULATED ADDENDUM AND ORDER REGARDING
<u>PRODUCTION OF DOCUMENTS BY NON-PARTIES</u>

The Court, with the consent of Plaintiffs and Defendants (collectively the "Parties") hereby orders as follows:

Pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the Parties, the Court enters this Addendum to the Confidentiality Stipulation and Order (the "Order") entered by this Court on February 26, 2009 (Docket Entry 49) to expedite the flow of Discovery Materials from non-parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect material that is produced by non-parties that is entitled to be kept confidential and ensure that protection is afforded only to material so entitled. It is anticipated that Discovery Materials produced in this litigation by non-parties will contain confidential financial or commercially sensitive information, and no public interest is served by the public disclosure of such information. While sharing of the materials will promote fairness and efficiency within the context of the instant lawsuit, entry of this Order (and its concomitant restriction on release of confidential materials to third parties not governed by its terms) works no articulable harm to the interests of

public health and safety or the right of the public to access information concerning judicial proceedings. *Cf. Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 787-89 (3d Cir. 1994). Accordingly, it is hereby ORDERED:

1. During the 30-day period established by Paragraph 5 of the Order pursuant to which materials produced by non-parties are treated as if designated "Confidential" and thereafter, in addition to the protections provided by the Order for materials designated as "Confidential," the following protections shall apply to any material produced by a non-party that is designated by the producing party as "Highly Confidential" in accordance with the provisions herein:

    A.    Disclosure may be made only to the following:

        i.    Attorneys at the law firms signing below who are representing the Parties in this Litigation and who are identified by name on Exhibit A to this Addendum, including in-house lawyers actively involved in the Litigation ("Litigation Counsel"). Exhibit A may be updated by the Parties to reflect the addition of individuals working as Litigation Counsel;

        ii.    Essential business persons who are identified by name on Exhibit B to this Addendum, and who Litigation Counsel has specifically certified in writing have a need to see the material for the purpose of advising and assisting with the Litigation and who have signed an acknowledgement that they will be bound by the Order and this Addendum, will not disseminate or disclose the material, or information contained therein or derived therefrom, to anyone, including without limitation other employees of Defendants, will maintain the confidentiality of the material and will not use the information for any purpose other than the Litigation, and not for commercial or competitive purposes;

        iii.    The Court and its personnel, in connection with this proceeding;

        iv.    Court Reporters (as defined in the Order);

        v.    Any Named Plaintiff in this action who has signed an acknowledgement that he or she will be bound by the Order and this Addendum, will not disseminate or disclose the material, or information contained therein or derived therefrom, to anyone, will maintain the

confidentiality of the material and will not use the information for any purpose other than the Litigation;

      vi.    Expert witnesses and consultants (as set forth in the Order) working with Litigation Counsel who are not working for or with one of the mortgage insurance companies, and who have signed an acknowledgement that he or she will be bound by the Order and this Addendum, will not disseminate or disclose the material, or information contained therein or derived therefrom, to anyone, will maintain the confidentiality of the material and will not use the information for any purpose other than the Litigation; and

      vii.    Any person or individual who may testify as a witness either at a deposition or court proceeding in this action who has signed an acknowledgement that he or she will be bound by the Order and this Addendum, will not disseminate or disclose the material, or information contained therein or derived therefrom, to anyone, will maintain the confidentiality of the material and will not use the information for any purpose other than the Litigation, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness (this category hereinafter referred to as "Witness"), provided however that such disclosure shall only be made to a Witness:

    (a)    who is a current employee of the Producing Non-Party of the "Highly Confidential" Discovery Materials; or

    (b)    who is a former employee of the Producing Non-Party and who originally created or received the document in the ordinary course of that employment; or

    (c)    who is a former employee of the Producing Non-Party and who had an authorized right of access to the document in the ordinary course of that employment; or

    (d)    if the material was already in the public domain or otherwise disclosed to the public; or

|   |   |   |
|---|---|---|
| (e) | | who is an author, addressee, or recipient of the material in question, or if there are other indicia that the witness has seen the document previously; or |
| (f) | | if the party seeking to disclose the material provides counsel for the Producing Non-Party with advance written notice, via electronic mail/PDF, or hand delivery, at least five (5) business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of the witness to whom disclosure would be made.  Counsel for the Producing Non-Party may challenge the proposed disclosure of material pursuant to this provision, by providing counsel for the party seeking disclosure with a written objection, via electronic mail/PDF or hand delivery, within four (4) business days thereafter.  If a written objection is made, the party seeking disclosure shall not proceed with disclosure unless authorized to do so by a order of a Court with jurisdiction over the Producing Non-Party. |

2. The Producing Non-Party shall be provided copies of any Certification or Acknowledgement provided hereunder pursuant to Section 1 above at the time they are executed and in advance of the disclosure of any materials designated as "Highly Confidential" hereunder.

3. As used herein, the term "Highly Confidential" information shall mean any material produced by a non-party and that is designated as "Highly Confidential" that contains trade secrets, highly sensitive and non-public research and analysis, customer information, financial, marketing, and strategic business planning information (including past information indicative of current policies), non-public information concerning pricing methodology, information relating to research, development, and plans for existing and proposed future products or services, information relating to the processes, apparatus, or analytical techniques used by a party in its present or proposed

commercial use of such products or services, communications regarding any of the Highly Confidential Material, and any other information that a party believes in good faith could be used by a competitor to harm business.

   4. Any Producing Non-Party may designate as "Highly Confidential" any Discovery Materials that the Producing Non-Party believes, in good faith, contains Highly Confidential Information. Any Producing Non-Party may designate any Discovery Materials as "Highly Confidential" by affixing to the first page of, or upon the face of, the Discovery Materials, prior to production, a stamp bearing the word "Highly Confidential" in a location that makes the designation readily apparent.

   5. Prior to any hearing or trial at which the use of "Highly Confidential" Discovery Materials is anticipated, the Parties and Non-Parties shall meet and confer regarding the use of such Discovery Materials. If the Parties and Non-Parties cannot agree, they shall promptly request a Court with jurisdiction over the Producing Non-Party to rule on such procedures. The Party or Parties that wish to use the document designated as "Highly Confidential" shall have the burden of persuasion.

   6. If, and only if, the Producing Non-Party believes in good faith that certain materials are of such extremely sensitive and confidential nature that their disclosure even under the Highly Confidential designation above would create a substantial adverse impact on the Non-Party's business, financial condition, ability to compete, standing in the industry or any other risk of injury that could not be avoided by less restrictive means, the Producing Non-Party may designate such material as "Highly Confidential -- Attorneys Eyes' Only," and until obtaining the prior written consent of the Producing Non-Party making such designation, or an order of a court with jurisdiction over such Non-Party, in-house counsel and essential business persons shall be prohibited from viewing those materials or information derived therefrom, notwithstanding Section 1.A.ii. above. In no event will Producing Non-Parties designate material as "Highly Confidential -- Attorneys Eyes' Only" if such material is substantially the same type of material as the Producing Non-Party

has shared with Defendants previously without such designation.

Dated: July 9, 2010                            Respectfully submitted,

                                            */s/ Edward W. Ciolko*
                                            Edward W. Ciolko
                                            Terence S. Ziegler
                                            Donna Siegel Moffa
                                            BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP
                                            280 King of Prussia Road
                                            Radnor, PA  19087
                                            Telephone:  (610) 667–7706

                                            *Attorneys for Plaintiff*

                                            */s/ David M. Souders*
                                            David M. Souders
                                            WEINER BRODSKY SIDMAN KIDER, PC
                                            1300 19th Street NW
                                            5th Floor
                                            Washington, DC  20036-1609

                                            *Attorneys for Defendants*

IT IS SO ORDERED

22 July 2010                                    /s/ *Dennis L. Beck*
                                            U.S. MAGISTRATE JUDGE

EXHIBIT A TO THE STIPULATED ADDENDUM AND [PROPOSED] ORDER
REGARDING PRODUCTION OF DOCUMENTS BY NON-PARTIES

| Counsel for Plaintiff | Counsel for Defendants |
|---|---|
| **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**<br>Joseph H. Meltzer<br>Edward W. Ciolko<br>Terence S. Ziegler<br>Donna Siegel Moffa<br>Tracey Shreve<br>Joshua Schumacher<br>Michelle A. Coccagna<br>Mark K. Gyandoh<br>Amanda Trask<br>Joseph A. Weeden<br><br>**BRAMSON PLUTZIK MAHLER & BIRKHAEUSER**<br>Alan R. Plutzik<br>Jennifer Rosenberg<br><br>**BERKE BERKE & BERKE**<br>Andrew L. Berke<br>Megan Demastus<br><br>**TRAVIS & CALHOUN**<br>Eric G. Calhoun | **WEINER BRODSKY SIDMAN KIDER PC**<br>Mitchel H. Kider<br>David M. Souders<br>Sandra B. Vipond<br>Vanessa L. Tran<br>Michael Y. Kieval<br><br>**PHH MORTGAGE CORPORATION**<br>Walter Wronka (in-house counsel) |

EXHIBIT B TO THE STIPULATED ADDENDUM AND [PROPOSED] ORDER
REGARDING PRODUCTION OF DOCUMENTS BY NON-PARTIES

Michael Bogansky
PHH Mortgage Corporation