1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

EFRAIN MUNOZ, *et. al*,                    )    CASE NO. 1:08-cv-0759-AWI-BAM
                                           )
                        Plaintiffs,        )    **ORDER ON PLAINTIFFS' MOTION TO**
                                           )    **STRIKE AFFIRMATIVE DEFENSES**
            v.                             )
                                           )
                                           )
PHH CORP. *et. al*,                        )
                                           )
                        Defendants.        )
_____        )

## I.    INTRODUCTION

Currently before the Court is the motion of Efrain Munoz and five other putative class representatives (collectively, "Plaintiffs") to strike PHH Corporation's[1] ("Defendants") affirmative defenses to Plaintiffs' First Amended complaint. (Doc. 98.) Defendants filed an opposition on February 18, 2011. (Doc. 120.) Plaintiffs filed a reply brief on February 28, 2011. (Doc. 121.)

This case was stayed on September 9, 2011, and Plaintiffs' motion to strike was denied without prejudice. (Doc. 166, 167.) On August 27, 2012, the stay was lifted, Plaintiffs' Motion was deemed refiled as of August 21, 2012, and the Court requested supplemental briefing. (Doc. 178.) Defendants filed a supplemental opposition on September 21, 2012. (Doc. 182.) Plaintiffs filed a supplemental reply on February 20, 2013. (Doc. 204.)

---

[1] Defendant PHH comprises a number of related companies, including PHH Corporation, PHH Mortgage Corporation, and PHH Home Loans, LLC, as well as a wholly owned subsidiary of PHH, Atrium Insurance Corporation.

1    The Court deemed the matter suitable for decision without oral argument and vacated the

2    hearing set for March 22, 2013.  (Doc. 214.)  Having considered the moving, opposition, reply and

3    supplemental papers, the declarations and exhibits attached thereto, as well as the Court's file, the

4    Court GRANTS Plaintiffs' Motion to Strike.

5                                    **II.    BACKGROUND**

6    **A.    Factual Background[2]**

7         Plaintiffs are individuals who obtained mortgages from PHH and provided down

8    payments of less than 20% of the total purchase price of the homes.  Those who purchased a

9    home with less than a 20% down payment must generally purchase private mortgage insurance

10   ("PMI") to protect the lender against the risk of default.  Borrowers in this situation pay a PMI

11   premium in addition to their monthly mortgage payment.

12        Plaintiffs allege Defendants selected the specific PMI providers Plaintiffs used as part of

13   the mortgage process.  These PMI providers pooled the PMI contracts and reinsured with Atrium

14   to spread the risk of default, giving Atrium a portion of the monthly PMI premiums.  Plaintiffs

15   allege that the reinsurance is a sham whereby Atrium took on little to no risk and functioned

16   instead as a means of giving Defendants a referral fee.

17        Plaintiffs allege Defendants have acted together to violate the Real Estate Settlement

18   Procedures Act ("RESPA") Sections 8(a) and (b) by entering into captive reinsurance

19   arrangements for the purpose of receiving kickbacks, referral payments and unearned fee splits

20   (disguised as ceded reinsurance premiums) from private mortgage insurers to whom Defendants

21   referred business.  Plaintiffs allege that, by design of the arrangement between Defendants,

22   Atrium assumed no real or commensurate risk—because the reinsurance trusts were funded

23   almost exclusively by ceded premiums, not Atrium's own capital.  Absent the requisite transfer

24   of risk, the reinsurance arrangements were illusory and Defendants' agreement or understanding

25   to provide and accept referral fees and kickbacks in connection with Plaintiffs' potential

26

27        [2]   The factual history is provided for background only and does not form the basis of the court's decision;
28   the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied
     upon by the court are discussed within the analysis.

class members' settlement services violated RESPA. Accordingly, Plaintiffs seek recovery for all borrowers who were subjected to Defendants' settlement services.

**B.   Procedural Background**

Plaintiffs filed this putative class action on June 2, 2008. (Doc. 2.) After filing an answer, on October 6, 2008, Defendants moved for judgment on the pleadings. (Doc. 30.) Defendants' motion for judgment on the pleadings advanced two arguments: (1) PMI reinsurance is not a "settlement service" under RESPA; and (2) Plaintiffs suffered no injury as their monthly PMI premiums were based on rates filed and approved by the applicable state department of insurance (the "filed rate doctrine"). On September 18, 2009, the court denied Defendants' motion for judgment on the pleadings. (Doc. 60.) The Court found that the PMI facilitated by Defendants was a "settlement service" under RESPA, and the filed rate doctrine did not bar Plaintiffs' claims because Plaintiffs challenged an alleged unfair business practice, rather than the actual PMI premium rates.

On December 10, 2010, Plaintiffs filed a First Amended Complaint. (Doc. 96.) Plaintiffs' First Amended complaint presents one cause of action for violation of Section 8 of RESPA. On December 23, 2010, Defendants filed an answer to Plaintiffs' First Amended Complaint. (Doc. 97.) Defendants' answer presents twenty-six (26) affirmative defenses to Plaintiffs' claims. *Id.*

**III.   DISCUSSION**

**A.   Legal Standard**

Federal Rule of Civil Procedure 8(c) governs affirmative defenses and provides, in pertinent part, that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including [listed defenses]." *Id.* "The affirmative defense is a descendant of the old plea of 'confession and avoidance,' whereby a defendant admits the plaintiff's prima facie case, and then alleges additional material that defeats the plaintiff's cause of action." *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 487 F. Supp. 2d 1099, 1112 (N.D. Cal. 2007) (*citing* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1270, at 558 (3d ed. 2004)). Affirmative defenses have thus been defined as

"matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *FDIC v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987).

The Court is empowered by Federal Rule of Civil Procedure 12(f) to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Id.* "An affirmative defense may be insufficient as a matter of pleading or a matter of law." *Sec. People, Inc. v. Classic Woodworking, LLC*, No. 04-cv-3133, at * 2 (N.D. Cal. Mar. 4, 2005). An insufficiently pled affirmative defense is one which fails to provide plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. 06-cv-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007)).

The function of a motion to strike is "to avoid the expenditure of time and money" associated with litigating "spurious issues." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *See also Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990) (a motion to strike may be appropriate where it will streamline the ultimate resolution of the action). If the affirmative defense is invalid as a matter of law, the court should determine the issue prior to a needless expenditure of time and money. *See Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001).

"Although the Ninth Circuit has not ruled on the proper use of a Rule 12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege." *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009), *rev'd on other grounds in McArdle v. AT&T Mobility, LLC,* Fed. Appx. 515 (9th Cir. 2012) (citations omitted). As this Court has stated:

> Motions to strike are generally viewed with disfavor and are not frequently granted. Courts must view the pleading under attack in the light more favorable to the pleader. Further, matters outside the pleadings generally will not be considered. Motions to strike should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could

have no possible bearing on the issues in the litigation.

*Thornton v. Solutionone Cleaning Concepts, Inc.*, No. Civ F 06-1455 (AWI)(SMS), 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007) (internal quotations and citations omitted).  Although "[m]otions to strike are generally regarded with disfavor … they are proper when a defense is insufficient as a matter of law." *Schmidt v. Pentair, Inc.,* No. 06-cv-4589, 2010 WL 4607412, at *2 (N.D. Cal. Nov. 4, 2010).

**B.    Analysis**

Plaintiffs move to strike eight of Defendants' twenty-six affirmative defenses to Plaintiffs' First Amended Complaint:  No. 1 (RESPA Inapplicable); No. 4 (Failure to State a Claim); No. 5 (Filed Rate Doctrine); No. 6 (McCarran-Ferguson Act); No. 10 (Failure to Exhaust Administrative Remedies); No. 15 (Substantive Due Process); No. 16 (Procedural Due Process); and No. 17 (Failure to Mitigate).  (Doc. 98.)

**1.    Failure to State A Claim (Defendants' Affirmative Defense No. 4) Is Not An Affirmative Defense**

Denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses.  *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010).  A claim that a plaintiff has failed to state a claim for which relief can be granted is not a proper affirmative defense.  *See, J & J Sports Prods., Inc. v. Romero*, No.11-cv-1880, 2012 WL 2317566, at *4 (E.D. Cal. June 18, 2012) ("failure to state a claim [is] an impermissible affirmative defense")*; Botell v. United States,* No. 11-cv-1545, 2012 WL 1027270, at *2 (E.D. Cal. Mar. 26, 2012) (same); *J & J Sports Prods., Inc. v. Delgado* ("*Delgado*"), No. 10-cv-2517, 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011) (same); *Joe Hand Promotions, Inc. v. Estrada*, No. 10-cv-2165, 2011 WL 2413257, at *2 (E.D. Cal. June 7, 2011) (same).

Defendants' Fourth Affirmative Defense (Failure to State a Claim) is not an affirmative defense; rather, it is an assertion of a defect in Plaintiffs' prima facie case.  Accordingly, Defendant's fourth affirmative defense for failure to state a claim is STRICKEN.

5

1      **2.      Defendants' Affirmative Defenses No. 1, 4, 5, 15 & 16 Are Foreclosed By the**

2      **Law of the Case doctrine**

3          The law of the case doctrine is a judicial invention designed to aid in the efficient

4  operation of court affairs. *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir.2007) (citing

5  *Herrington v. Cnty. of Sonoma*, 483 F.3d 977 904 (9th Cir.1993)). "Under the 'law of the case'

6  doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the

7  same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494, 499-500

8  (9th Cir. 2012) (quoting *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988)).  For the

9  doctrine to apply, the issue in question must have been "decided explicitly or by necessary

10  implication in the previous disposition." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452

11  (9th Cir. 2000).

12          Application of the law of the case doctrine is discretionary.  *Ingle v. Circuit City*, 408

13  F.3d 592, 594 (9th Cir. 2005).  A court should not apply the law of the case doctrine where "the

14  decision is clearly erroneous and its enforcement would work a manifest injustice . . . [or]

15  intervening controlling authority makes reconsideration appropriate . . . ." *Gonzalez v. Arizona*,

16  677 F.3d 383, 389 n. 4 (9th Cir. 2012) (citations omitted), citing *Jeffries v. Wood,* 114 F.3d 1484,

17  1488–89 (9th Cir.1997).  A court should also refrain from applying this doctrine when

18  "substantially different" evidence or "other changed circumstances exist" subsequent to the

19  original decision.  *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).

20          Affirmative defenses which have previously been litigated are subject to the law of the

21  case.  Determinations on substantive motions are the "result of considerable time and resources

22  expended by not only the parties, but also this [C]ourt." *See, e.g., Cape Flattery Ltd. v. Maritime,*

23  *LLC,* No. 08-cv-00482 JMS KSC, 2012 WL 3113168, *7 (D. Hawaii, July 31, 2012);  *see also*

24  *United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir.2009) (stating that "when a court

25  decides upon a rule of law, that decision should continue to govern the same issues in subsequent

26  stages in the same case" (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983))). "[T]o allow

27  Defendant to reopen the door to the issues decided in these rulings would run wholly counter to

28  the efficient administration of justice."  *Cape Flattery Ltd. v. Maritime, LLC,* No. 08-cv-00482

1  JMS KSC, 2012 WL 3113168, *7 (D. Hawaii, July 31, 2012) (striking affirmative defenses

2  relating to mandatory arbitration and a forum selection clause when the court previously

3  determined the contract containing those clauses did not apply to the plaintiff's claims); *See also,*

4  *Powertechnology, Inc., v. Tessera, Inc.,* No. 10-cv-945 CW, 2012 WL 1746848 (N.D. Cal., May

5  16, 2012) (striking the affirmative defense of "no justiciable controversy," even though a

6  justiciable controversy must exist throughout the entirety of a case, when the court previously

7  ruled a justiciable controversy existed at the outset of the case); *Joe Hand Promotions, Inc. v.*

8  *Davis,* No. 11-cv-6166 CW, 2012 WL 4803923 (N.D. Cal., Oct. 2012) (striking affirmative

9  defense of failure to state a claim where the Court previously denied a motion to dismiss

10 pursuant to Fed. R. Civ. P. 12(b)(6)).  Accordingly, a court may strike affirmative defenses which

11 were previously litigated between the parties.

12        **I.        Defendants' First Affirmative Defense (RESPA Inapplicable)**

13        Defendants' First Affirmative Defense asserts RESPA is inapplicable to Defendants' PMI

14 business.  Plaintiffs argue this defense was specifically rejected by the Court's September 18,

15 2009 Order denying Defendants' motion for judgment on the pleadings and, as such, the viability

16 of the defense is foreclosed under the law of the case doctrine.  Defendants acknowledge this

17 defense has already been rejected, however, respond that discovery conducted since that time

18 reveals additional reasons to find RESPA inapplicable to Plaintiffs's claims.   Specifically,

19 Defendants argue recent discovery shows multiple plaintiffs did not pay PMI premiums at the

20 time of closing.  This circumstance, Defendants argue, renders RESPA inapplicable under *Bloom*

21 *v. Martin,* 77 F.3d 318, 321 (9th Cir. 1996) (In holding that RESPA does not apply to demand and

22 reconveyance fees, the Ninth Circuit noted that "RESPA's non-exhaustive list of settlement

23 services also suggests a limitation to costs payable at or before settlement.")

24        Defendants' First Affirmative Defense has been rejected by this Court.  *See, Munoz v.*

25 *PHH Corp.,* 659 F. Supp. 2d 1094, 1099 (E.D. Cal. 2009).  Defendants have not shown that the

26 decision is clearly erroneous or that there is new controlling authority contrary to the decision.

27 Moreover, Defendants' "new" discovery does not change the circumstances underlying the

28 Court's prior decision or otherwise warrant allowing this affirmative defense.  The Court's

September 18, 2009 Order considered and rejected Defendants' argument that, under *Bloom,* a

"settlement service" under RESPA only exists when costs are payable at or before the closing of

a real estate sale or loan.  *Id.* at 1098-99.  The Court found it was immaterial when the borrower

actually paid the premium, concluding that "[w]hen a home buyer only has a small down

payment, lenders require PMI; without PMI, the transaction cannot close. Thus it qualifies as a

settlement service under RESPA."  *Munoz,* 659 F. Supp. 2d at 1099.  Therefore, the Court

previously has considered and ruled on whether RESPA is applicable.  Accordingly, Defendants'

First Affirmative Defense is insufficient as a matter of law as it is foreclosed by the law of the

case doctrine.  Defendant's First Affirmative Defense is STRICKEN.

> **ii.** **Defendants' Fourth Affirmative Defense (Failure to State a Claim),**
> **Fifteenth Affirmative Defense (Procedural Due Process) and Sixteenth**
> **Affirmative Defense (Substantive Due Process)**

Plaintiffs argue the Court previously ruled the First Amended Complaint states a claim

for which relief can be granted.  Plaintiffs also argue that because Defendants' Fifteenth and

Sixteenth Affirmative Defenses (substantive and procedural due process, respectively) assert an

award of damages would be improper absent a viable cause of action, these defenses, too, have

been foreclosed.  Defendants respond that the Court's September 18, 2009 Order applied to the

original complaint, not the First Amended Complaint.  Defendants also argue that discovery

reveals certain allegations in Plaintiffs' First Amended Complaint may not be true.  Lastly,

Defendants argue that Plaintiffs' inclusion of a "generic relief provision" necessitates

Defendants' assertion of due process affirmative defenses.

The Court has already stricken Defendants' Fourth Affirmative Defense.  *See, supra,*

Section III.B.1.  However, because it is relevant to Defendants' Fifteenth and Sixteenth

Affirmative Defenses, the Court also evaluates this defense with respect to the law of the case

doctrine.

Defendants' Fourth affirmative defense (Failure to State a Claim) has been rejected by the

previous order of the Court.  In the Court's opinion denying Defendants' Motion for Judgment

on the Pleadings, the Court noted that a Rule 12(c) motion for judgment on the pleadings and a

1   Rule 12(b)(6) motion to dismiss are "functionally identical." *Munoz,* 659 F. Supp. 2d at 1096.

2   Thus, the Court's ruling that Plaintiffs can proceed with their claims under RESPA forecloses the

3   affirmative defense of "failure to state a claim."

4        The fifteenth and sixteenth affirmative defenses are derivative of the fourth affirmative

5   defense.  The fifteenth and sixteenth affirmative defenses assert that the First Amended

6   Complaint seeks statutory or punitive damages, which violates substantive (Fifteenth Affirmative

7   Defense) and procedural (Sixteenth Affirmative Defense) due process, "and therefore fails to

8   state facts sufficient to constitute a cause of action upon which punitive, [statutory, or exemplary]

9   damages may be awarded."  As the Fifteenth and Sixteenth Affirmative Defenses are derivative

10  of Defendants' Fourth Affirmative Defense, they fail as well.

11       Moreover, Defendants have not offered any meaningful support for their procedural and

12  substantive due process affirmative defenses.  Defendants draw no logical connection between

13  Plaintiffs' inclusion of a generic relief provision and a potential due process violation.  Aside

14  from Defendants' failure to support these defenses, the Court notes that Defendants' due process

15  affirmative defenses rely on a circular argument, *i.e.*, that an award of damages would violate due

16  process if the Court fails to ensure that due process is followed.  "It is speculative and adds

17  nothing to the litigation. It should be stricken as immaterial." *Solis v. Couturier,* 2009 WL

18  3055207 (E.D. Cal., September 17, 2009.)

19       Defendants' arguments to the contrary are without merit.  Defendants' suggestion that the

20  September 18, 2009 Order applied to Plaintiffs' original complaint, and not Plaintiffs' First

21  Amended Complaint, does not warrant allowing these affirmative defenses to survive.  The

22  substantive allegations to which the disputed affirmative defenses are addressed have not

23  changed from the original complaint to the First Amended Complaint.  Plaintiffs amended the

24  complaint solely to add three new Plaintiffs. The First Amended Complaint is otherwise identical

25  to the original complaint.  Therefore, the Court does not find Plaintiffs' filing of the First

26  Amended Complaint to have revived these affirmative defenses.

27       Defendants' arguments concerning new information uncovered through discovery

28  disregard the legal standards on Rule 12 motions.  A motion to strike affirmative defenses under

Federal Rule of Civil Procedure 12(f) looks to the face of the pleadings to determine whether the defenses are sufficient or not. *Ariosta v. Fallbrook Union High School Dist.*, No. 08-cv-2421, 2009 U.S. Dist. LEXIS 48168, at *5 (S.D. Cal. June 4, 2009) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989)). "In deciding a motion to strike, a court will not consider matters outside the pleadings, and well-pleaded facts will be accepted as true." *See U.S. Oil Co. v. Koch Refining Co.,* 518 F. Supp. 957, 959 (E.D. Wis. 1981); *Index Fund, Inc. v. Hagopian,* 107 F.R.D. 95, 100 (S.D.N.Y. 1985).  Thus, any argument that recent discovery shows certain facts in the First Amended Complaint are untrue does not undermine the Court's finding that Plaintiffs have stated a claim.

Accordingly, Defendants' Fourth Affirmative Defense (Failure to State a Claim), Fifteenth Affirmative Defense (Procedural Due Process) and Sixteenth Affirmative Defense (Substantive Due Process) are STRICKEN.

### iii. Defendant's Fifth Affirmative Defense (Filed Rate Doctrine)

Defendants' Fifth Affirmative Defense argues that Plaintiffs' claims are barred by the filed rate doctrine because the rates for their private mortgage insurance were filed with or approved by state regulators.  Plaintiffs argue the Court rejected this defense in its September 18, 2009 Order, thus, the defense is foreclosed by the law of the case doctrine.  Defendants respond by arguing the filed rate doctrine, despite the Court's previous order, remains a viable defense.

The Court's September 18, 2009 Order denying Defendants' Motion for Judgment on the Pleadings rejected Defendants' fifth affirmative defense, *i.e.*, that Plaintiffs' claims are barred by the filed rate doctrine.  Defendants have not presented any legitimate challenges to application of the law of the case doctrine on this issue, *e.g.,* new discovery, changed circumstances, contrary controlling authority, or that the Court's previous finding was clearly erroneous.

"The filed rate doctrine provides that a rate filed with and approved by a governing regulatory agency is unassailable in judicial proceedings brought by ratepayers." *Alston v. Countrywide Fin. Corp,* 585 F.3d 753, 763 (3d Cir. 2009); *see also Munoz,* 659 F. Supp. 2d at 1099.  In arriving at its conclusion that the filed rate doctrine does not bar Plaintiffs' claims in this case, this Court considered the Northern District of California's decision in an analogous

case, *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572 (N.D. Cal. 2007) ("*Kay*").  In *Kay*, the court noted that "Plaintiffs may not sue under the veil of RESPA if they simply think that the price they paid for their settlement services was unfair.  Alternatively, plaintiffs bringing a suit under RESPA may allege a violation of fair business practices through the use of illegal kickback payments. The filed rate doctrine bars suit from the former class of plaintiffs and not the latter." *Id*. at 576.  After an extensive analysis of *Kay* and other relevant authority from courts across the United States, this Court rejected Defendants' filed rate doctrine defense, noting that "Plaintiffs are not challenging the PMI premium rates but an alleged unfair business practice … the balance of case law suggests that the [filed rate] doctrine does not bar a RESPA claim in this case." *Munoz*, 659 F. Supp. 2d at 1101.

Defendants point out that other courts have found the filed rate doctrine to bar Plaintiffs' claims under similar circumstances.  *See, e.g., In re N.J. Title Ins. Litig.*, 683 F.3d 451 (3d Cir. 2012) and *McCray v. Fid. Nat'l Title Ins*. Co., 682 F.3d 229 (3d Cir. 2012).  Defendants argue that cases such as these show that "it is not outside the realm of possibility that defendants may be in a position to ask the Court to revisit the filed rate doctrine."

Defendants speculation concerning potential changes in the law is not persuasive.  As circumstances *currently* stand, there is no basis to permit Defendants to maintain this defense. *See, Powertechnology, Inc., v. Tessera, Inc.,* No. 10-cv-945 CW, 2012 WL 1746848 (N.D. Cal., May 16, 2012) (where an affirmative defense was already litigated on a motion to dismiss and the defendant could not "proffer sufficient facts to support this defense, and can only speculate about future events," the court struck that defense under the law of the case doctrine).  Accordingly, Defendants' Fifth Affirmative Defense is STRICKEN.

> **3.**     **Defendants' Affirmative Defenses No. 6 (McCarran-Ferguson Act); No. 10 (Failure to Exhaust Administrative Remedies); and No. 17 (Failure to Mitigate) Lack Factual Support**

> **I.      McCarran-Ferguson Act**

Defendants' sixth Affirmative Defense asserts that Plaintiffs' RESPA claims are barred by the McCarran-Ferguson Act, 15 U.S.C. § 1012(b).  Plaintiffs' argue the McCarran-Ferguson

defense should be stricken because it is invalid as a matter of law.  Defendants provide no

meaningful support for maintenance of their McCarran-Ferguson affirmative defense, only

stating that "in the absence of a viable RESPA claim, it is defendants' position that plaintiffs'

claims are barred by the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), which was enacted to

protect the rights of states to be the primary regulator of insurance."  Doc. 120, 10: 14-16.)

Defendants' Answer to Plaintiffs' First Amended Complaint does not provide any

supporting facts or explanation for this defense.  Defendants' opposition to Plaintiffs' Motion to

Strike similarly fails to support maintenance of this affirmative defense.  As Defendants have

failed to plead any facts supporting this defense or otherwise attempt to explain the applicability

of this defense, Defendants' Affirmative Defense No. 6 is STRICKEN as insufficiently pled.

### ii.    Exhaustion of Administrative Remedies

Defendants have not offered any meaningful support to maintain their Failure to Exhaust

Administrative remedies affirmative defense (Affirmative Defense No. 10).  Defendants assert

the unremarkable proposition that private mortgage insurers are heavily regulated by the states,

and that this circumstance bars Plaintiffs' claims.   Defendants, however, fail to state potential

administrative channels Plaintiffs should have navigated prior to bringing their claims to this

Court.  There are no facts or arguments before the Court indicating Plaintiffs were required to

take any action prior to filing this case.  Accordingly, Defendants' Affirmative Defense No. 10 is

STRICKEN as insufficiently pled.

### iii.    Failure to Mitigate

Defendants have not offered any meaningful defense of its seventeenth affirmative

defense for Failure to Mitigate.  Defendants assert that because the First Amended Complaint

seeks "such other, further and different relief as the nature of the case may require or as may

determined to be just, equitable and proper by this Court," an affirmative defense of failure to

mitigate is implicated.  Defendants offer no logical connection between Plaintiff's inclusion of an

otherwise generic remedy allegation and its relation to a defense of failure to mitigate.  Such a

defense is even more suspect because it is unclear how Plaintiffs, whose damages are directly

prescribed by statute, could have or should have mitigated these damages.  Thus, Defendants'

Seventeenth Affirmative Defense fails as insufficiently pled.

### 4.    Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.' " *Carvalho v. Equifax Info. Servs*., LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (alterations in original).

Defendants' Affirmative Defenses No. 1, 4, 5, 15 and 16 are foreclosed by the law of the case doctrine and fail as a matter of law.  Thus, amendment would be futile, and those affirmative defenses are dismissed without leave to amend.  Defendants' Affirmative Defenses No. 6, 10, 17 lack factual support and, while they appear to lack legal merit as well, the Court can not definitively state amendment would be futile absent additional facts.  Defendants, if they so chose, will be permitted to amend its affirmative defenses No. 6, 10, 17.

### CONCLUSION

Based on the foregoing, Plaintiff's Motion to Strike Defendants' Affirmative Defenses is GRANTED.  Defendants' Affirmative Defenses No. 1, 4, 5, 15 & 16 are STRICKEN WITHOUT LEAVE TO AMEND.  Defendants' Affirmative Defenses No. 6, 10 and 17 are STRICKEN WITH LEAVE TO AMEND.  Defendants may file an amended answer no later than fifteen calendar days from the date of service of this Order.


IT IS SO ORDERED.

Dated:    **March 26, 2013**                    **/s/ Barbara A. McAuliffe**
                                                     UNITED STATES MAGISTRATE JUDGE