UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN MUNOZ, *et. al*, | CASE NO. 1:08-cv-0759-AWI-BAM |
| Plaintiffs, | **ORDER GRANTING MARCELLA VILLALON'S MOTION TO INTERVENE;** |
| v. | |
| | **ORDER REQUESTING SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| PHH CORP. *et. al*, | |
| Defendants. | |

## I.   INTRODUCTION

In this action for violations of the Real Estate Settlement Procedures Act ("RESPA"), Marcella Villalon (" Ms. Villalon") moves to intervene as a proposed class representative pursuing claims against PHH Corporation ("PHH")[1], and PHH's affiliated reinsurer, Atrium Insurance Corporation ("Atrium") (PHH and Atrium are collectively referred to as the "Defendants"). Specifically, Ms. Villalon seeks to intervene as a proposed class representative on behalf of putative class members whose claims fall outside RESPA's one-year statute of limitations and would require claim tolling.

Defendants filed an opposition on June 17, 2013, and Ms. Villalon filed her reply brief on June 24, 2013.  (Doc. 236, 239.)  The Court heard oral arguments on July 26, 2013.  Counsel Jay Whitman and Terrance Ziegler appeared in person for Plaintiffs and Ms. Villalon.  Counsel David

---

[1] Defendant PHH comprises a number of related companies, including PHH Corporation, PHH Mortgage Corporation, and PHH Home Loans, LLC.

Souders and Joseph Genshlea appeared in person for Defendants. Having carefully considered the parties' submissions, argument of counsel, and the entire record in this case, the Court GRANTS Villalon's Motion to Intervene.

## II. BACKGROUND

The factual, procedural and legal background underlying Plaintiffs' claims were analyzed extensively in the Court's Findings and Recommendations Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification. (Doc. 230, 2 - 12.)

**A.  Plaintiffs' First Amended Complaint**

Plaintiffs' First Amended Complaint ("FAC") alleges the claims of Class members falling outside of RESPA's one-year statute of limitations should be tolled based on the doctrines of equitable tolling and fraudulent concealment. FAC ¶¶ 99-111. For example, Plaintiffs offer the following allegations in favor of claim tolling:

> 99. Defendants knowingly and actively concealed the basis for Plaintiffs' claims by engaging in a scheme that was, by its very nature and purposeful design, self-concealing. For these reasons, any delay by the members of the putative Class was excusable.
>
> 100. Due to the complex, undisclosed and self-concealing nature of PHH's scheme to collect illegal kickbacks from private mortgage insurers, the putative Class members whose claims accrued prior to one year preceding the filing of this Complaint did not possess sufficient information or possess the requisite expertise in order to enable them to discover the true nature of Defendants' captive reinsurance arrangements.
>
> 102. Upon information and belief, PHH did not provide adequate disclosure to its borrowers. Upon information and belief, the Company purposefully provided neither a meaningful disclosure nor a meaningful choice to its borrowers regarding its captive reinsurance arrangements. PHH's borrowers were not put on notice of their claims and, despite exercising reasonable due diligence, reviewing their loan documents, reasonably could not have discovered their claims within the applicable statute of limitations.
>
> 104. In addition to the self-concealing nature of the reinsurance scheme and Defendants' acts in furtherance of the concealment described above, the captive reinsurance framework also made the fraudulent conduct substantially difficult, if not impossible, for the challenged Class members to discover. For example, Atrium is a closely-held insurance company that does not sell to the general public and, consequently, is subject to far less regulatory oversight than commercial insurance companies that sell to the general public.
>
> 105. Indeed, the named Plaintiffs in this action were able to discover the underlying basis for the claims alleged herein only with the assistance and investigation of counsel. Plaintiffs and the putative Class members simply

had no basis upon which to investigate the validity of the shrouded payments to Atrium for purported reinsurance. Putative Class members' delay was excusable because they did not discover, and reasonably could not have discovered, Defendants' conduct as alleged herein absent specialized knowledge and/or assistance of counsel.

106. Further, PHH fraudulently concealed the facts and circumstances giving rise to the claims asserted herein. PHH made affirmative, intentional misrepresentations concerning its captive reinsurance program. PHH affirmatively represented to Plaintiffs and the Class that any amounts it received from its captive reinsurance arrangements were for services actually performed. For example, in the 2007 10-K, PHH represented that its captive reinsurer provided actual reinsurance services in return for the premiums that it received from its borrowers private mortgage insurance providers. *See 2007 10-K*. In reality, as PHH undoubtedly knew, its reinsurer provided no real services and, rather, was merely a conduit for unlawful kickbacks and revenue-sharing from private mortgage insurers. PHH concealed information that could have put the putative Class members on notice that there was inadequate assumption of risk by Atrium and that, accordingly, the Company was merely accepting hundreds of millions of dollars of borrowers' insurance premiums as an unlawful kickback.

107. Further, by purposefully arranging for kickbacks to be funneled through Atrium— rather than paid directly to PHH Home Loans or PHH Mortgage, Defendants affirmatively acted to conceal and prevent Plaintiffs from discovering the underlying basis for this action.

110. The putative class members exercised due diligence by fully participating in their loan transactions and reviewing relevant loan documents. *See, e.g., Boudin v. Residential Essentials, LLC*, No. 07-0018, 2007 WL 2023466, at * 5 (S.D. Ala. 2007). Because of Defendants' actions and because of the nature of the reinsurance scheme, the absent putative Class members were not put on notice of Defendants' wrongdoing despite exercising due diligence.

109. Accordingly, the putative Class members did not possess sufficient information to put them on notice: (a) of the true nature of PHH's captive reinsurance arrangements; (b) that anything improper or actionable may have occurred with respect to such arrangements; and/or (c) that their rights under RESPA were being violated. The average homebuyer is not an insurance expert and is not an actuary. PHH intentionally interfered with Plaintiffs' and the absent Class members' discovery of their claims by making false and/or misleading statements in its SEC filings and by purposefully refusing to provide the meaningful disclosure and meaningful choice articulated by HUD. Thus, the putative class members were not put on notice of PHH's wrongdoing.

Pl.s' FAC ¶¶ 99, 100, 102, 104-107, 109-10.

The current proposed class representatives do not require claim tolling to reach the merits of their RESPA claims. *See,* FAC ¶¶ 10-15 (demonstrating that each of the named Plaintiffs' claims falls within RESPA's one-year statute of limitations.) Ms. Villalon seeks to intervene to represent the class members who require equitable tolling.

3

**B.     The Court's Findings and Recommendations on Plaintiffs' Motion for Class Certification**

On May 15, 2013, the Court issued Findings and Recommendations granting in part and denying in part Plaintiff's Motion For Class Certification. (Doc. 230.) The Court found the proposed Class satisfied Rule 23's requirements for claims falling within RESPA's one-year statute of limitations, and found that claims of putative Class members requiring claim tolling were not typical of the named Plaintiffs' claims. Doc. 230, 30-33.

Plaintiffs' briefing in support of class certification argued that putative class members from January 1, 2004 to June 1, 2007 (hereinafter referred to as the "Tolling Class Members") were entitled to equitable tolling and/or equitable estoppel. The parties' briefing on class certification included significant argument on the merits of claim tolling. Additionally, Plaintiffs argued that because the tolling determination is a merits inquiry, the Court should certify the Class as proposed (including Tolling Class Members), allowing the merits of tolling to be resolved post-certification.

The Court rejected these arguments, finding that the named Plaintiffs' claims – all of which were within RESPA's one-year statute of limitations – were not typical of the Tolling Class' claims. Specifically, the Court held that:

> [a]ll of the representative Plaintiffs' claims fall within RESPA's one-year statute of limitations. These Plaintiffs may proceed to the merits of their claims without the need overcome statute of limitations hurdles. Thus, claim tolling does not touch the merits of the named Plaintiffs' claims. Rather, Plaintiffs' seek to expand the scope of their proposed Class by invoking a tolling doctrine that does not have any applicability to their own claims. Necessarily, this raises potentially dispositive differences between class members whose claims arose within the statute of limitations (including every named Plaintiff) and those whose claims arose outside of it.
>
> If the Court were to follow Plaintiffs' suggestion and certify the Class as proposed, the interests of tolling class members would be represented by individuals who have no interest in claim tolling. Further, if the Court were to later determine, post-certification, tolling was not available to these class members, tolling class members would forever be deprived of a potential RESPA claim because individuals who never had any concrete interest in claim tolling were unable to successfully litigate the tolling issue. Binding these absent Class members to an outcome in which none of the named representatives have a personal stake would be patently unfair.

Doc. 230, 31-32.

Ultimately, the Court recommended the following class be certified under Rule 23:

> All persons who obtained residential mortgage loans originated and/or acquired by PHH and/or its affiliates *on or after June 2, 2007*, and, in connection therewith, purchased private mortgage insurance and whose loans were included within PHH's captive mortgage reinsurance arrangements.

(Doc. 30, 39: 17-19) (emphasis added).

**C.  Villalon's Motion to Intervene**

In response to the Court's finding that the proposed class representatives' claims are not typical of the Tolling Claims, Ms. Villalon filed a motion to intervene as a proposed class representative. (Doc. 231.) Ms. Villalon argues that she asserts RESPA claims identical to those already at issue, however, her RESPA claims would require tolling.

Ms. Villalon obtained a mortgage loan from PHH Mortgage Services on or about March 1, 2007 for the purchase of her home located in Pueblo, Colorado. *See* Declaration of Marcella Villalon ("Villalon Decl.") ¶ 3, attached as Exhibit B to the Ciolko Decl. In connection with her loan, Ms. Villalon was required to pay for private mortgage insurance in the amount of $39.98 per month. *Id*. ¶ 4. Her private mortgage insurance provider is CMG Mortgage Insurance Corporation. *Id*. ¶ 6. Ms. Villalon alleges the private mortgage insurance for her loan was reinsured through PHH's captive reinsurance arrangement. *See* Ciolko Decl. ¶ 4.

Ms. Villalon argues she is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P 24(a), or in the alternative, satisfies the requirements for permissive intervention pursuant to Fed. R. Civ. P. 24(b). Defendants respond that Ms. Villalon not only fails to meet the requirements of Rule 24(a) and (b), but that Ms. Villalon's Motion to Intervene is "procedurally improper and highly prejudicial to defendants." Doc. 236, 4: 10 - 5: 24.

### III.  DISCUSSION

**A.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 24(a), an applicant is entitled to intervene as a matter of right if four conditions are met: (1) the application is timely; (2) the applicant has a "significant protectable interest" in the action; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;" and (4) "the existing parties

may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* (citing, *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006)). In evaluating whether the requirements are met, courts are "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 818 (9th Cir. 2001). As the Ninth Circuit has explained:

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, [courts] often prevent or simplify future litigation involving related issues; at the same time, [they] allow an additional interested party to express its views before the court.

*U.S. v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 2002).

**B.   Whether Ms. Villalon's Motion to Intervene is Procedurally Proper**

As a threshold matter, Defendants suggest that Ms. Villalon's Motion to Intervene is procedurally improper because "Ms. Villalon and her counsel are using this Motion to Intervene to avoid Plaintiffs' obligation to move for leave to amend their First Amended Complaint ("FAC") to add Ms. Villalon as a named plaintiff." Doc. 236, 4: 12-16. Defendants allege an additional procedural foul in that "Ms. Villalon fails to attach a pleading to her motion as required by Federal Rule of Civil Procedure 24(c)." Ms. Villalon responds she has no such obligation to seek amendment to the FAC, and further, Ms. Villalon is not required to file a separate complaint because she is adopting the allegations of the FAC in its entirety. Doc. 239, 3-4.

Ms. Villalon's Motion is not procedurally improper. Defendants do not offer any argument or authority standing for the proposition that Ms. Villalon is "obligated" to seek amendment to the FAC, rather than intervene. On the contrary, the weight of existing authority indicates a motion to intervene is the proper procedure to follow for a class member who wishes to join a lawsuit as a representative plaintiff. *See, e.g., Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1405, fn. 1 (9th Cir. 1989) ("[A] member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court"); *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y.1992) ("Intervention of class

representatives to ensure adequate class representation is highly desirable").

Defendants' argument concerning Ms. Villalon's failure to attach a proposed pleading is not persuasive. In the Ninth Circuit, if a proposed intervenor is content to stand on the existing pleading or describes the basis for intervention, attachment of a proposed pleading is unnecessary. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) ("We have made clear that the failure to comply with the Rule 24(c) requirement for a pleading is a purely technical defect which does not result in the disregard of any substantial right. Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion") (citations and quotations omitted); *Dixon v. Cost Plus*, No. 12-cv-2721, 2012 WL 2499931, at *6 (N.D. Cal. June 27, 2012) ("A Rule 24(c) attachment is not required where ... the movant describes the basis for intervention with sufficient specificity to allow the district court to rule") (citations and quotations omitted); *See also,* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1914 (3d ed. 2013) ("If the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with one that is already in the file.").

Defendants argue it is prejudiced by intervention because it is being deprived of various pleading rights and remedies, including those provided under Fed. R. Civ. P. 12(b)(6).[2] For example, Defendants argue that:

> even if the Court granted Plaintiffs leave to amend the FAC and add Ms. Villalon as a named plaintiff, Defendants still would have the opportunity to respond to the Second Amended Complaint by filing an Answer, along with affirmative defenses, or moving to dismiss it. Here, however, Ms. Villalon's failure to file a pleading deprives Defendants of the opportunity to respond to it and raise affirmative defenses specific to her.

Doc. 236, 5: 5-10.

---

[2] Defendants also assert they would be more successful opposing a motion to amend the complaint, as opposed to a motion to intervene. Defendants suggest they will prevail on the merits of tolling, thus, in opposing a motion to amend, Defendants could argue that amendment would be futile.

The Court is not persuaded by Defendants' arguments of prejudice. Ms. Villalon is adopting the allegations of the FAC in its entirety, and the FAC contains extensive tolling allegations. As a practical matter, the only difference between the current FAC and a second amended complaint Defendants contend should be filed is Ms. Villalon's name in the caption. Ms. Villalon's presence in this action is for the sole purpose of tethering the already-pled tolling allegations to a named class representative. An amended pleading is unnecessary.

Defendants fail to state what answers or affirmative defenses intervention prevents them from asserting, and the Court can discern none. Defendants' Answer to Plaintiffs' FAC denies every tolling allegation. (Doc. 97, ¶¶ 99-111.) Moreover, Defendants have asserted affirmative defenses stating that putative class members' claims are barred by the statute of limitations, and that the FAC fails to plead tolling allegations with specificity. (Doc. 97, ¶¶ 113, 114.)

At oral argument, Defendants suggested they are being deprived of the ability seek dismissal of an amended complaint's tolling allegations, and as a corollary, Ms. Villalon's claims, under Fed. R. Civ. Pro. 12(b)(6). Defendants, however, have had ample opportunity to challenge Plaintiffs' tolling allegations. Defendants previously filed a Motion for Judgment on the Pleadings and did not argue Plaintiffs' complaint failed to state allegations sufficient to toll putative claims. (Doc. 31.) Defendants later filed a Motion for Summary Judgment, and again, did not argue equitable tolling was unavailable. (Doc. 107.) The Court is not persuaded Defendants are prejudiced by the deprivation of a potential remedy that Defendants have not exercised when it had the opportunity to do so.

Moreover, dispositive motions on the pleadings are not foreclosed by intervention. Defendants may seek dismissal of the FAC's tolling allegations under a legal standard that is functionally identical to Rule 12(b)(6): Fed. R. Civ. P. 12(c). Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). Indeed, Rule 12 itself

explains the remedy desired by Defendants continues to be available to them. *See* Fed. R. Civ. P 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)"). Accordingly, the Court finds Ms. Villalon's Motion to Intervene is procedurally proper and does not prejudice Defendants.

**C.     Timeliness of Intervention Application**

Timeliness is a "threshold requirement for intervention as a right." *Hazel Green Ranch, LLC v. U.S. Dep't of Interior*, No. 1:07-cv-00414 OWW-SMS, 2007 WL 2580570, at *3 (E.D. Cal. Sept. 5, 2007). In determining whether a motion to intervene is timely, courts weigh three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Zurich Am. Ins. Co. v. ACE Am. Ins. Co.*, No. 11-cv-0881-KJM, 2012 WL 3884695, at *2 (E.D. Cal. Sept. 6, 2012) (citing *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)). "Timeliness is a flexible concept; its determination is left to the district court's discretion." *United States v. Alisal Water* Corp., 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted).

**1.     Stage of the Proceedings**

"Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." *U.S. v. Alisal Water Corp.,* 370 F.3d 915, 922 (9th Cir. 2004). Thus, to be timely, an applicant need not seek to intervene immediately. Instead, "courts consider whether there have been actual proceedings of substance on the merits in the underlying action." *CEP Emery Tech Investors LLC v. JPMorgan Chase Bank, N.A.,* 2010 WL 1460263 (N.D. Cal. 2010), citing *Northwest Forest Resources Council v. Glickman,* 82 F.3d 825, 837 (9th Cir.1996) (concluding that motion was timely where it had been filed "before the district court had made any substantive rulings").

Defendants argue this factor weighs against intervention because Plaintiffs' claims have been pending for five years, and a hearing on Plaintiffs' Motion for Class Certification has been held. Ms. Villalon offers no meaningful arguments specific to this requirement.

The "stage of the proceedings" factor weighs in favor of permitting intervention. While this case has been pending for over five years, very little has actually been litigated. Discovery is

ongoing with no set cut-off date. Dispositive motions deadline has not been set. Indeed, a scheduling order establishing a trial date has not been entered. These circumstances favor a finding that intervention should be permitted. *See Home Builders Ass'n of Northern California v. U.S. Fish and Wildlife Service,* 2006 WL 1455430 (E.D. Cal. 2006) ("Although the court has issued several orders in this case, the case is not at an 'advanced stage' because no orders have been issued with regard to the merits.")

Defendants' argument that "[c]lass certification discovery and briefing which spanned three year [sic] have been completed" is not persuasive. The delay in these proceedings has been at the behest of the parties. The parties have requested fifteen modifications to the briefing and/or hearing schedule on Plaintiffs' Motion for Class Certification. Doc. 51, 53, 56, 59, 62, 73, 75, 88, 92, 132, 156, 159, 186, 191, 194. Additionally, this case was stayed for approximately ten months when the United States Supreme Court granted certiorari in *First American Financial Corporation v. Edwards,* No. 10-708. Doc. 166, 171 (Certiorari was later dismissed as improvidently granted).

Moreover, the Court's ruling on Plaintiffs' Motion for Class Certification is not final. Findings and Recommendations are pending, and Ms. Villalon's presence in this action has the potential to alter those Findings and Recommendations. Although the claims of putative Class members who require tolling have been at issue since this case was filed, this Court's Findings and Recommendations have determined that the putative Class should be limited to timely claims for one reason: the proposed representatives do not include an individual whose claims would require tolling. Ms. Villalon's presence in this action would seem to cure that deficiency.[3] Additionally, because Ms. Villalon is adopting the allegations of the FAC in its entirety and claim tolling has always been at issue, the proper stage of the proceedings to seek intervention would be before a final order on class certification has issued. Thus, Ms. Villalon is seeking intervention at an appropriate stage in the proceedings.

---

[3] The Court requests further briefing as to whether the merits of claim tolling can be litigated on a classwide basis. *See, supra,* Section III.H.

10

### 2. Prejudice to Defendants

"To determine whether intervention prejudices the other parties to a case, the court compares the harm from allowing intervention at a later stage of the proceedings with what would have occurred no matter when the applicant was allowed to intervene." *West Coast Seafood Processors Ass'n v. Natural Resources Defense Council, Inc.,* 643 F.3d 701 (9th Cir. 2011), citing, *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir.2007) ( "[T]hat the [applicant] is filing its Motion now, rather than earlier in the proceedings, does not cause prejudice ... since the practical result of its intervention ... would have occurred whenever the state joined the proceedings."). That is, prejudice in this context is the harm that arises from late intervention as opposed to early intervention. *See, e.g., Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1119 (9th Cir.2002) (agreeing with the district court's finding of prejudice where the parties had already reached a settlement agreement, because late intervention "would complicate the issues and upset the delicate balance achieved by" the parties' agreement). "Without more, additional delay does not cause prejudice; 'otherwise every intervention motion would be denied out of hand because it carried with it, almost [by] definition, the prospect of prolonging the litigation.'" *West Coast Seafood Processors Ass'n ,* 643 F.3d at 710, citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997).

Defendants argue they will suffer prejudice in two respects: (1) Defendants will be required to serve written discovery and depose Ms. Villalon to explore her claims of equitable tolling and equitable estoppel; and (2) the issue of class certification would have to be briefed anew. Ms. Villalon responds that Defendants will not be prejudiced because her presence in this case does nothing more than tether the already-existing tolling allegations to a named representative, and does not inject any new issues or otherwise expand the scope of this litigation.

There is little-to-no prejudice to Defendants in permitting Ms. Villalon to intervene. Ms. Villalon is adopting the allegations of the FAC in its entirety, including the extensive claim tolling allegations. Thus, Ms. Villalon's presence in this action does not expand the scope of this litigation. *See, Home Builders Ass'n of N. Cal. v. U.S. Fish & Wildlife Serv.*, No. 05-cv-629, 2006 WL 1455430, at *3 (E.D. Cal. May 24, 2006) (finding motion to intervene timely where "it does not

11

appear that [the intervenor's motion or pleading] has raised new issues or matters that are well beyond the scope of claims and defenses raised by the existing parties"); *In re Quarterdeck Office Sys., Inc. Secs. Litig.,* No. CV-92-3970, 1994 WL 374452, at *2-3 (C.D. Cal. Mar. 24, 1994) ("[t]he delay in filing this motion was not undue and defendants would not be prejudiced by these [movants] being brought into the action" because they "raise[] the same claims that [Plaintiffs] raised in the original complaint.").

Additionally, Ms. Villalon's efforts to intervene are in response to the Court's conclusion that putative claims requiring tolling must be presented by a representative who also would require claim tolling.  Defendants have long been aware that the representative plaintiffs sought to litigate putative claims requiring tolling. Defendants can not now be said to have relied on this Court's yet-to-be-adopted finding that the claims of current class representatives are not typical of putative class members requiring claim tolling.  Indeed, Defendants never argued that the current class representatives were inadequate under Rule 23 to represent these tolling class members. *See, Shields v. Smith,* No. 90-cv-349, 1992 WL 295179, at *3 (N.D. Cal. Aug. 14, 1992) ("Defendants have been fully apprised of the class claims and cannot be said to have relied on this Court's refusal to certify Shields as class representative.")  In sum, Defendants' "position following intervention [will be] essentially the same as it would have been had the [movant] intervened earlier." *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1395 (9th Cir. 1992).

Defendants' assertions of prejudice are without merit.  Discovery is open and, presumably, Defendants would have conducted discovery with respect to the Tolling Class's claims whether Ms. Villalon was listed as an original representative or sought to intervene at any point in these proceedings, including the present.  Thus, the need to conduct discovery on the Tolling Class's claims is not prejudicial. *See, West Coast Seafood Processors Ass'n v. Natural Resources Defense Council, Inc.,* 643 F.3d 701 (9th Cir. 2011) ("To determine whether intervention prejudices the other parties to a case, the court compares the harm from allowing intervention at a later stage of the proceedings with what would have occurred no matter when the applicant was allowed to intervene.")

1       Defendants' arguments concerning the need to re-brief class certification are unpersuasive.
2 There will not be a need to conduct a wholesale re-briefing of class certification. Discussed above,
3 Ms. Villalon's presence in this action does not alter the scope of Plaintiffs' claims. The sole purpose
4 of her Motion to Intervene is to tether the already-alleged tolling allegations in the FAC to a named
5 representative. Thus, the parties will not be required to relitigate Rule 23 issues concerning the
6 substantive RESPA claims. Indeed, the Court's request for supplemental briefing explicitly prohibits
7 the parties from rearguing the substantive RESPA claims. *See supra,* Section III.H.

8       The Court will require *limited* briefing on one discrete class certification issue: whether the
9 merits of tolling can be litigated on a classwide basis, as required by Rule 23. The Court does not
10 find the expense of this limited briefing to be prejudicial for two reasons. First, the Ninth Circuit has
11 rejected the proposition that the expenditure of additional resources, alone, constitutes prejudice.
12 *West Coast Seafood Processors Ass'n ,* 643 F.3d at 710 ("nor is there any authority for the
13 proposition that the reallocation of resources, without more, may constitute prejudice. If this court
14 were to permit a finding of prejudice merely because a party would be forced to expend more
15 resources to litigate a case, prejudice would exist in every case.").

16       Second, the additional expenditures incurred by this additional briefing is attributable to the
17 parties' failure to brief the tolling issue within the confines of Rule 23. As the Court noted in its
18 Findings and Recommendations, the parties unnecessarily dedicated substantial time and energy
19 briefing the merits of Plaintiffs' claims, including claim tolling. A discussion on the merits of claim
20 tolling is inappropriate under Rule 23. At the class certification stage, the Court is not concerned
21 with whether Plaintiffs will successfully toll their claims. Rather, the Court inquiries if Plaintiffs
22 can litigate the merits of claim tolling on a classwide basis. *Wal-Mart Stores, Inc. v. Dukes,* - - U.S. -
23 -, 131 S. Ct. 2541 at 2552 (2011). Accordingly, even if Ms. Villalon were originally named as a
24 plaintiff, the Court would have requested additional briefing on the tolling issue, and the
25 expenditures "would have occurred no matter when the applicant was allowed to intervene." *West*
26 *Coast Seafood Processors Ass'n v. Natural Resources Defense Council, Inc.,* 643 F.3d 701 (9th Cir.
27 2011). Accordingly, there is no prejudice to Defendants.

28

### 3. Ms. Villalon's Reasons For the Delay

In the Ninth Circuit, "the crucial date [in analyzing whether a motion to intervene is timely] is when the proposed intervenor should have been aware that its interests would not be adequately protected by the existing parties," not when the action was commenced. *Widjaja v. YUM! Brands, Inc.*, No. 09-cv-1074 OWW-DLB, 2009 WL 3462040, at *4 (E.D. Cal. Oct. 22, 2009) (citing *United States v. Or.*, 745 F.2d 550, 552 (9th Cir. 1984)); *see also Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (same); *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 934 F.2d 1092, 1096 (9th Cir. 1991) (same).

Ms. Villalon argues the earliest she could have become aware that her interests, and the interests of the other Tolling Class Members, may not be adequately represented by the proposed Class Representatives was when the Court first raised that concern during the May 3, 2013 oral argument on Plaintiffs' Motion for Class Certification. Upon this realization, Ms. Villalon immediately moved to intervene.  Defendants offer no meaningful opposition, arguing only that the merits of Plaintiffs' and Ms. Villalon's tolling allegations are tenuous, and that Ms. Villalon could have sought to intervene at any point during the five years this case has been pending.

This factor weights in favor of permitting intervention.  Since the day Plaintiffs filed this action, the named representatives have proposed to represent a broad class that included Tolling Class Members.  Over the five years this case has been pending, Defendants never suggested that the named Plaintiffs could not represent Tolling Class Members under Rule 23.  On the contrary, Defendants have only challenged the merits of claim tolling.  Until this Court, *sua sponte*, expressed its concern that the named representatives could not properly represent Tolling Class Members, there was no reason for Ms. Villalon to believe her presence in this lawsuit was necessary.  Within fifteen days of discovering her interests were not adequately represented by the existing class representatives, Ms. Villalon sought to intervene.  (Doc. 230, 231.)

Accordingly, Ms. Villalon "did not sit on h[er] rights, but rather, entered the litigation promptly upon recognition that h[er] rights [might] not be protected by the original plaintiff's suit." *Shields v. Smith*, No. C-90-0349, 1992 WL 295179, at *2 (N.D. Cal. Aug. 14, 1992).  As the Supreme Court has made clear, "Class Members who do not file suit while the class action is

pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely upon the named plaintiffs to press their claims." *Crown Cork & Seal*, 462 U.S. at 352-53; *Amalgamated Transit Union Local 1309 v. Laidlaw Trans. Servs.*, No. 05-cv-1199, 2010 U.S. Dist. LEXIS 12086, at *15-16 (S.D. Cal. Feb. 11, 2010) ("as the Supreme Court noted, to hold otherwise 'would frustrate the principal function of a class suit,' which is to avoid multiplicity of actions that would occur if every putative class member was forced to file a timely motion to intervene or a separate individual action while a class action was pending.")

### D. Significant Protectable Interest

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established.'" *Citizens for Balances Use v. Montana Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 836 (9th Cir.1996)). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.* "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir.1998). No bright line rule determines whether the applicant has a significant interest. *Southern Cal. Edison Co. v. Lynch,* 307 F.3d 794, 802-803 (9th Cir.2002).

Ms. Villalon claims she has a statutorily protected interest in the RESPA claims currently at issue. Specifically, Ms. Villalon claims her RESPA claims, as well as her tolling claims, are implicated by the FAC, and she has a significantly protectable interest in her RESPA and tolling claims. Defendants do not dispute Ms. Villalon has a significantly protectable interest. Indeed, Defendants state that "[t]he second requirement for intervention – that the applicant must claim a significantly potectable interest relating to the property or transaction which is the subject of the action – is met in this case[.]" Doc. 236, 6: n.2.

Ms. Villalon has significant protectable interests at issue. Plaintiffs' FAC alleges claims that span a class period encompassing Ms. Villalon's claims. These claims provide a significant protectable interest relating to the subject of the instant action. *Glass v. UBS Financial Services,*

*Inc.,* 2007 WL 474936 (N.D. Cal. 2007), citing *In re Community Bank of Northern Virginia Mortgage Loan Litigation*, 418 F.3d 277, 314 (3d Cir.2005) (finding when unnamed class member seeks to intervene in class action, significant protectable interest factor "is satisfied by the very nature of class action litigation").

Accordingly, the Court finds Ms. Villalon as significant protectable interests in the instant litigation.

**E.      Ms. Villalon's Interests Will Be Impaired By The Outcome of This Case**

The next issue is whether "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect her interest." *See Alisal*, 370 F.3d at 919.  There is no requirement that the party seeking to intervene show "an absolute certainty" that its interests will be impaired in support of its request. *Id*.  As a general rule, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, [s]he should ... be entitled to intervene." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).

Ms. Villalon argues that because her claims - which are proposed to be represented by the FAC - are recommended to be excluded by the Court's Findings and Recommendations on class certification, this exclusion will impair her ability to protect her interests in this litigation. Defendants argue that Ms. Villalon's interests would not be impaired because she is already a member of the putative class, and because even if Ms. Villalon was excluded from the Class, she could always file her own lawsuit on behalf of earlier borrowers.

The disposition of this action may, as a practical matter, impair or impede Ms. Villalon's ability to protect her interests.  Although the Court has recommended certification of a Class that does not include Ms. Villalon's claims, Plaintiffs' FAC continues to allege claims on behalf of Ms. Villalon.  As a member of the putative class, Ms. Villalon's claims continue to be at issue.  Indeed, the Ninth Circuit has suggested that a class member, "by their very nature, meet[s] the first two requirements for intervention as a matter of right."  *Glass v. UBS Financial Services, Inc.,* 2007 WL 474936 (N.D. Cal. 2007), citing *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1405 n. 1 (9th Cir.1989).

The Court is not persuaded by Defendants' argument that Ms. Villalon could bring a separate action. The amount of money at issue for each putative Class member does not, as a practical matter, support an individual suit, and Ms. Villalon would have to bring her own class action. Thus, denying Ms. Villalon leave to intervene and forcing her to start her own suit will impair the interests of Ms. Villalon and the class members she seeks to represent. *In re Melridge, Inc., Securities Litigation,* 1988 WL 220591 (D. Or. 1990) ("The amount of money Phelps lost would not support a individual suit, therefore, Phelps would have to bring his own class action. Denying Phelps leave to intervene and forcing him to start his own suit will, as a practical matter, impair Phelps' and the class members' who he seeks to represent interests in the suit."); *U.S. v. City of L.A.,* 288 F.3d 391, 398 (9th Cir. 2002) ("A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, [courts] often prevent or simplify future litigation involving related issues; at the same time, [they] allow an additional interested party to express its views before the court.")

Additionally, if Ms. Villalon files another class action on behalf of the Tolling Class Members, neither she nor any other Tolling Class Member will be a participant in the adjudication of Plaintiffs' challenges to the legitimacy of Defendants' business practices, even though any such challenge would be identical with the exception of the tolling issue. Thus, this adjudication may affect her ability to recover in the subsequent case. This circumstance too would impair or undermine Ms. Villalon's interests in this action. Accordingly, the Court finds that denying Ms. Villalon's Motion to intervene would, as a practical matter, impair or impede the applicant's ability to protect her substantial interest in this litigation.

**F.     Ms. Villalon's Interests Are Not Adequately Represented**

When evaluating the adequacy of representation, the Court must consider three factors: (1) whether the present parties will "undoubtedly make all of the intervenor's arguments;" (2) whether the present parties can and will make those arguments; and (3) whether the proposed intervenor "offers a necessary element to the proceedings that would be neglected." *Zurich*, 2012 WL 3884695, at *3 (quoting *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983)). The most

important factor is "how the interest compares with the interest of existing parties." *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003).

The Court's Findings and Recommendations on Plaintiffs' motion for class certification state that Ms. Villalon's interests are not adequately represented. In those Findings and Recommendations, the court noted that "claim tolling does not touch the merits of the named Plaintiffs' claims," and that "[b]inding these absent Class members to an outcome in which none of the named representatives have a personal stake would be patently unfair." Doc. 230, 31-32. Because none of the named Plaintiffs would require claim tolling, present parties will not "undoubtedly make all of the intervener's arguments." Moreover, because Ms. Villalon would serve as a representative plaintiff for a class of individuals requiring claim tolling, Ms. Villalon "offers a necessary element to the proceedings that would be neglected." Accordingly, the Court finds that Ms. Villalon's interests are not adequately represented.

Based on the foregoing, the Court finds that Ms. Villalon has met the requirements to intervene as a matter of right under Fed. R. Civ. P. 24(a).

**G.    Alternatively, Ms. Villalon Is Entitled to Permissive Intervention**

Even if Ms. Villalon were not entitled to intervene as a matter of right pursuant to Rule 24(a), she nevertheless satisfies the requirements for permissive intervention pursuant to Rule 24(b). An applicant who seeks permissive intervention must demonstrate that "it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

Here, Ms. Villalon's RESPA claims are identical to those involved in the main action. The difference between Ms. Villalon's claims and those of the named plaintiffs is that Ms. Villalon's RESPA claims would require tolling. The Court has already determined Ms. Villalon's Motion to Intervene is timely. *See, infra,* Section III.C. Finally, the court has independent jurisdiction over Ms. Villalon's claim pursuant to 28 U.S.C. §§ 1331 and 1367. Accordingly, Ms. Villalon meets the requirements to permissive intervention under Fed. R. Civ. P. 24(b).

**H.     The Court Requires Additional Briefing on Plaintiffs' Motion For Class Certification**

In response to the Court's Findings and Recommendations on Plaintiffs' Motion for Class Certification, Ms. Villalon has successfully moved to intervene for the purpose of representing a Tolling Class. Despite Defendants' numerous protestations that the claims of the Tolling Class can not be equitably tolled, the Court need not, and does not, reach the merits of equitable tolling or equitable estoppel at the class certification stage. *Minter v. Wells Fargo Bank, N.A.*, 279 F.R.D. 320, 325 n.6 (D. Md. 2012); *Minter v. Wells Fargo Bank, N.A.*, No. WMN-07-3442, No. WMN-08-1642, 2013 WL 593963, at *4 (D. Md. Feb. 14, 2013).

However, Ms. Villalon's status as a proposed class representative implicates several issues with respect to the Court's Findings and Recommendations on Plaintiffs' Motion for Class Certification. First, it is unclear if Ms. Villalon's claims are typical of the Tolling Class Claims pursuant to Fed. R. Civ. P. 23(a)(3). Additionally, it is unclear if Ms. Villalon is an adequate representative pursuant to Fed. R. Civ. P. 23(a)(4). With respect to these issues, Defendants have not had an opportunity to conduct discovery. Defendants will be afforded the opportunity to conduct discovery on these issues prior to submitting any supplemental briefing on class certification.

The second concern of the Court is whether a tolling subclass can properly be certified. While the parties have dedicated significant briefing on the substantive merits of tolling, neither party has discussed whether the merits of equitable estoppel and equitable tolling can be litigated on class-wide basis. The Court must decide whether a Tolling Subclass should be certified pursuant to Rule 23(a) and (b)(3). In making this determination, Plaintiffs must show the substantive requirements of claim tolling can be litigated on a classwide basis. In making this showing, the Court instructs Plaintiffs to discuss whether the merits of claim tolling involve common issues pursuant to Fed. R. Civ. P. 23(a)(2), and whether those common issue predominate over individual inquiries pursuant to Fed. R. Civ. P. 23(b)(3).

Accordingly, the Court intends to permit the following:

1.     The parties shall be permitted to conduct discovery on the typicality of Ms. Villalon's claims, and Ms. Villalon's adequacy as a representative of a Tolling

        Subclass.  The parties shall also be permitted to conduct discovery as to whether the substantive requirements of claim tolling can be litigated on a classwide basis;

2.     Plaintiffs and Defendants will each file a supplemental brief discussing the typicality and adequacy of Ms. Villalon as a Tolling Class representative, as well as whether the merits of equitable tolling and equitable estoppel can be litigated on a <u>classwide basis</u> – specifically, whether common issues involved in the tolling determination will predominate over individual inquiries.  The parties' briefs shall offer a distilled presentation of the issues *specifically requested* in this Order. Each supplemental brief shall be limited to fifteen pages.  The Court will not accept any further briefing on the matter.  The matter will be determined on the papers unless the Court deems a hearing is necessary.

The Court sets a telephonic Status Conference for **August 14, 2013, at 9:30 AM,** in Courtroom 8, before Magistrate Judge Barbara A. McAuliffe.  The parties should be prepared at that time to agree upon a deadline to complete the above-referenced discovery, and to establish a supplemental briefing schedule on class certification.

## **CONCLUSION**

For the reasons stated above, Ms. Villalon's motion to intervene as of right pursuant to Rule 24(a) is GRANTED. In the alternative, applicant's motion for permissive intervention is GRANTED.

The parties shall file supplemental briefing on Plaintiffs' Motion for Class Certification in the manner described in this Order.

IT IS SO ORDERED.

Dated:   **July 26, 2013**           /s/ **Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE