UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN MUNOZ, et al, <br><br>    Plaintiffs, <br><br>    v. <br><br>PHH CORP., et al, <br><br>    Defendants. | CASE NO. 1:08-CV-0759 <br><br>ORDER RE: MOTION FOR RECONSIDERATION |

**I. History**

Defendant PHH (which comprises a number of related companies with similar names, including PHH Corporation, PHH Mortgage Corporation, and PHH Home Loans, LLC) provides real estate mortgages nationwide. Defendant Atrium Insurance Corporation is a wholly owned subsidiary of PHH. Plaintiffs are individuals who obtained mortgages from PHH who provided down payments of less than 20% of the total purchase price of the homes. Those who purchase a home with less than a 20% down payment must generally purchase private mortgage insurance ("PMI") to protect the lender against the risk of default. Borrowers in this situation pay not only their monthly mortgage payment but a monthly PMI premium as well. Plaintiffs allege PHH selected the specific PMI providers Plaintiffs used as part of the mortgage process. These PMI providers pooled the PMI contracts and reinsured with Atrium to spread the risk of default, giving Atrium a portion of the monthly PMI premiums. Plaintiffs allege that the reinsurance is a sham whereby Atrium took on little to no risk and functioned instead as a means of giving PHH a referral fee. Plaintiffs filed this suit alleging that Defendants' scheme violates Section 8 of the

Real Estate Settlement Procedures Act, 12 U.S.C. §§2601 et seq. ("RESPA").  This case is a proposed class action of all PHH customers who have been directed to obtain PMI from one of the providers who then reinsured with Atrium.

Plaintiffs have made a motion for class certification. Doc. 114.  Magistrate Judge Barbara McAuliffe has issued a findings and recommendation that limits the class to those borrowers who obtained mortgage loans that were either originated by or acquired by Defendants on or after June 2, 2007, based on the applicable statute of limitations. Doc. 230.  Marcella Villalon made a motion to intervene. Doc. 231.  Villalon obtained her mortgage from defendants on March 1, 2007.  Villalon seeks to be a class representative of borrowers for whom equitable tolling might apply to extend to limitations period.  Defendants opposed the motion for intervention. Doc. 236.  Judge McAuliffe granted Villalon's motion. Doc. 242.  Defendants then made this present motion for reconsideration. Doc. 243.  Villalon opposes reconsideration. Doc. 246.

## II. Legal Standard

Federal Rules of Civil Procedure 72(a) gives Magistrate Judges the authority to hear and decide nondispositive pre-trial matters. Fed. R. Civ. Proc. 72(a).  Title 28 U.S.C. §636(b)(1)(A) states "A judge of the court may reconsider any pretrial matter under this subparagraph(A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  The court must give deference to a nondispositive order entered by a magistrate judge unless the order is "clearly erroneous or contrary to law." Grimes v. City and County of San Francisco, 951 F. 2d 236, 241 (9th Cir. 1991).  Additionally, the reviewing court may not substitute its judgment for that of the deciding court. U.S. v. BNS, Inc., 858 F. 2d 456, 464 (9th Cir. 1988).

An order is "clearly erroneous" if, after consideration of all of the evidence, the district court is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Commissioner, 979 F. 2d 1369, 1370 (9th Cir. 1992).  An order is "contrary to law" if it fails to apply or misapplies the existing law including case law, statues, or rules of procedure. Yen v. Baca, 2002 WL 32810316 at *2 (C.D. Cal. 2002).

### III. Discussion

Defendants argue that allowing Villalon to intervene is contrary to law on two grounds: 1) it violates Fed. Rule Civ. Proc. 24(c) and (2) it deprives Defendants of the opportunity to challenge Villalon's ability to state a cause of action.

**A. Rule 24(c)**

"A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. Rule Civ. Proc. 24(c). Villalon's motion was properly served and stated the grounds for intervention. See Docs. 231 and 231, Part 2. However, Villalon did not provide a new pleading; instead, Villalon stated she was "content to stand on the pleading an existing party has filed." Doc. 239, 4:11-12, quoting Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1188 (9th Cir. 2009). Defendants object to the violation of Rule 24(c).

Judge McAuliffe found that the requirement for a pleading can be waived as "Ms. Villalon is adopting the allegations of the FAC in its entirety, and the FAC contains extensive tolling allegations. As a practical matter, the only difference between the current FAC and a second amended complaint Defendants contend should be filed is Ms. Villalon's name in the caption....An amended pleading is unnecessary." Doc. 242, Order, 8:1-6. As part of Villalon's motion to intervene, her attorney stated that "3. Ms. Villalon obtained a mortgage loan from PHH Mortgage Services on or about March 1, 2007 for the purchase of her home located in Pueblo, Colorado. In connection with her loan, Ms. Villalon was required to pay $39.98 per month for PMI. Her PMI provider is CMG Mortgage Insurance. 4. Upon information and belief, the PMI for Ms. Villalon's loan was reinsured through PHH's captive reinsurance arrangement." Doc. 231, Part 3, 1:25-2:2. These allegations are roughly comparable to the factual allegations contained in the FAC for the other named plaintiffs. See Doc. 96, FAC, 3:2-4:6.

Defendants, creditably, acknowledge "the existence of cases such as [Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183 (9th Cir. 2009)] and [Dixon v. Cost Plus, 2012 U.S. Dist. LEXIS

90854 (N.D. Cal. June 27, 2012)], which allowed an intervenor to simply 'adopt' a pleading, but such cases are in direct contravention of Rule 24(c)." Doc. 243, Brief, 11:3-4.  Notwithstanding the plain language of Rule 24(c), the Ninth Circuit has chosen to waive the requirement of a new pleading in certain circumstances: "the failure to comply with the Rule 24(c) requirement for a pleading is a purely technical defect which does not result in the disregard of any substantial right." Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1188 (9th Cir. 2009), citations omitted.  "Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." Beckman Indus. v. International Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992).  Defendants have not provided sufficiently compelling countervailing case authority.  Though it would have been clearly preferable for Villalon to append an amended complaint with her motion to intervene, Ninth Circuit case law does not appear to require her to do so.

**B. Failure to State a Cause of Action**

Defendants' other argument is that the lack of new complaint deprives them of the chance to challenge Villalon's allegations on a motion to dismiss for failure to state a cause of action standard.  Judge McAuliffe stated that "Defendants may seek dismissal of the FAC's tolling allegations under a legal standard that is functionally identical to Rule 12(b)(6); Fed. R. Civ. Proc. 12(c)." Doc. 242, Order, 8:22-23.  Defendants respond that, "A motion for judgment on the pleadings is limited to the 'pleadings;' see Rule 7(a), Fed. R. Civ. P. (defining what constitutes a 'pleading'); however, Ms. Villalon is not identified anywhere in the operative Complaint in this case. The only factual assertions specific to Ms. Villalon are contained in an affidavit attached to her Motion to Intervene." Doc. 243, Brief, 7:9-12.  Given the contorted procedural posture the case is in, the court is sympathetic to Defendants' objection.  To clarify the situation, if faced with a motion on the pleadings, the court would have to functionally read Villalon's affidavit as part of the operative pleading.  Defendants would still have the ability to challenge Villalon's claims on a failure to state a cause of action standard.

**IV. Order**

Defendants' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: __October 29, 2013__                        _____
                                                                    SENIOR DISTRICT JUDGE