# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN MUNOZ, *et al.*, individually and on behalf of all others similarly situated;<br><br>Plaintiffs<br><br>v.<br><br>PHH CORPORATION, *et al.*,<br><br>Defendants | CASE NO. 1:08-CV-00759<br><br>**ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND GRANTING LEAVE TO AMEND**<br><br>(Doc. No. 256) |

Before the Court is a motion for partial judgment on the pleadings filed by PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, and Atrium Insurance Corporation ("Defendants," collectively). Doc. No. 256, ("Mot."). The motion for partial judgment on the pleadings pertains to the intervention of Plaintiff-Intervenor Marcella Villalon ("Plaintiff-intervenor"), and all others similarly situated. The motion is predicated upon the failure to plead facts sufficient to state a claim for application of equitable tolling and/or equitable estoppel to the 1-year statute of limitations, 12 U.S.C. § 2614, for alleged violations of Real Estate Settlement Procedures Act ("RESPA") Section 8, 12 U.S.C. § 2607. Defendants' motion for partial judgment on the pleadings will be granted. Plaintiff-intervenor will be granted leave to amend for equitable tolling and equitable estoppel.

## I.  Background[1]

Defendant PHH provides real estate mortgages nationwide. PHH wholly-owns Atrium Insurance Corporation. Atrium provides reinsurance services to private mortgage insurance ("PMI") providers. Typically, PMI providers are unaffiliated with the mortgage provider. In turn, PMI providers decrease their risk by acquiring reinsurance, through companies such as Atrium, in exchange for a percentage of the PMI provider's premiums. Captive reinsurance occurs when the mortgage provider also provides the reinsurance.

Congress enacted RESPA to increase real estate settlement process transparency and protect consumers from abusive business practices. *See* 12 U.S.C. § 2601. In relevant part, Section 8(a) provides:

> "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."

12 U.S.C. § 2607(a). Contrarily, Section 8(b) provides:

> "No person shall give and no person shall accept any portion, split, or percentage, of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed."

12 U.S.C. § 2607(b).

Plaintiffs acquired mortgages from PHH and provided down payments of less than 20% of the home purchase prices. PHH required Plaintiffs, due to their less-than-20% down payments, to purchase PMI in order to protect PHH against the risk of default. Plaintiffs allege that PHH organized a scheme whereby PHH selected the specific PMI provider. In turn, PHH required selected PMI providers to acquire reinsurance through Atrium. Plaintiffs allege that reinsurance through Atrium was illusory, no actual transfer of risk occurred. Specifically, Plaintiffs allege:

---

[1] Motions to dismiss accept as true the background factual allegations alleged in the complaint as required by Rule 12(c) of the Rules of Federal Procedure. The Court does not adjudge these allegations to be true or false, and the Court merely references them as alleged facts.

"The millions of dollars in premiums accepted from private mortgage insurers: (a) were not for services actually furnished or performed; and/or (b) exceeded the value of such services." Doc. No. 96, FAC at ¶ 90. Thus, Atrium's share of PMI premiums constituted kickbacks and fee-splits in violation of RESPA Section 8.

On June 02, 2008, Efrain Munoz, Leona Lovette, and Stephanie Melanie ("Plaintiffs," collectively) filed a class action complaint against Defendants for alleged violations of RESPA Section 8, Doc. Nos. 1 and 2, each plaintiff having obtained their home loan within one year prior to filing the complaint, Doc. No. 96, FAC at ¶¶ 10-15. On December 10, 2010, Plaintiffs filed their First Amended Complaint ("FAC"). Doc. No. 96, FAC. The FAC included arguments for the application of equitable tolling and equitable estoppel to RESPA's one-year statute of limitations for Section 8 claims. Doc. No. 96, FAC at ¶¶ 99-111.

The FAC lacked a named plaintiff for the putative tolled class of plaintiffs. On May 30, 2013, Plaintiff-intervenor, who obtained her loan on March 1, 2007, filed a motion to intervene on behalf of the tolling class of individuals who obtained mortgage loans and private mortgage insurance through PHH's alleged captive mortgage reinsurance arrangements between January 1, 2004 and June 1, 2007. Doc. No. 231. In lieu of filing a pleading, Plaintiff-intervenor filed a declaration and adopted the FAC allegations, including the equitable tolling and equitable estoppel allegations as set forth in FAC at ¶¶ 99-111. Doc. No. 231-4, ("Ciolko Decl. 1"), Exhibit B at ¶ 9.

On November 27, 2013, Defendants subsequently filed the present motion, a Rule 12(c) partial judgment on the pleadings. Plaintiff-intervenor opposes the motion. Doc. No. 259, ("Opposition"). Defendants filed a reply brief to Plaintiff-intervenor's opposition. Doc. No. 260, ("Reply").

## II. Discussion

### a. Legal Standard

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In the Ninth Circuit, "Rule 12(c) is functionally identical to Rule 12(b)(6) and … the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011) (internal quotations omitted). "When considering a Rule 12(c) dismissal, we must accept the facts as pled by the nonmovant." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010). "Courts have discretion to grant leave to amend in conjunction with 12(c) motions." *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993) (citing *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979)).

On a Rule 12(c) motion, if matters not contained in the pleadings are presented to the court and the court relies upon them, the court must convert the motion to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Courts may, nonetheless, avoid converting to a motion for summary judgment and still consider matters not contained in the pleadings if the matters are documents incorporated by reference or matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on [Rule 12(c) motions for judgment on the pleadings], in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."

4

*Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superceded by statute on other grounds as recognized in *Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir.2006)) (under a Rule 12(b)(6) motion, allowing the District Court to consider ERISA-regulated plan documents that were referenced in the complaint and first amended complaint but that were not attached to either pleading, but upon which plaintiff's claims necessarily relied and whose authenticity was not challenged).

**b. Pleading Contents**

The Court must decide what information is within its purview to consider when ruling on the present motion. Defendants adamantly object to the Court considering the Deed of Trust (Doc. No. 259-1, ("Ciolko Decl. 2"), Exhibit B) that was first provided *after* Defendant filed the present motion. Doc. No. 260, Reply at 2-3. Defendants firmly assert that, "[T]he sole support for [Plaintiff-intervenor's] assertions resides in the newly attached Disclosure" and Plaintiff-intervenor is attempting to amend the pleading to include this "integral" document. Doc. No. 260, Reply at 2:24-3:1, 3:7.

Defendants rely on *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) to assert that, "[T]he law does not permit such extrinsic reliance by Plaintiffs." Doc. No. 260, Reply at 4:1-2. Defendants misunderstand *Parrino*'s application of the doctrine of incorporation by reference. In *Parrino*, an insured man sued his health insurance carrier for refusing to authorize payment for brain tumor therapy. The plaintiff attempted to surmount the defendant's motion to dismiss by not referencing health plan documents in his complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Defendants are correct that *Parrino* upheld the applicability of the doctrine of incorporation by reference to allow the defendant to introduce evidence that was crucial to the

5

plaintiff's complaint but to which the plaintiff failed to reference in his complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). *Parrino* did not, however, preclude the plaintiff from invoking incorporation by reference.

The Court is not aware of any Ninth Circuit case law that eliminates Rule 12(c)'s permissive nature of allowing plaintiffs to attach or not attach exhibits to pleadings. *Cf.* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."). To the contrary, the Ninth Circuit has explicitly held "that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Defendants also invoke *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044 (E.D. Cal. 2008) for the proposition that "a party cannot amend a complaint through an opposition brief." Doc. No. 260, Reply at 3:2. Defendants' reliance on *Fabbrini*, is misplaced. In *Fabbrini*, the plaintiff brought a multiplicity of claims against the City of Dunsmuir, including defamation. The City moved to dismiss the defamation claim under California's Anti-SLAPP statute. *Id*. at 1050. In the plaintiff's opposition to the motion, the plaintiff offered to "dismiss the defamation claim as alleged." *Id*. The court recognized that to accept the plaintiff's offer in an opposition brief to dismiss the claim as alleged would be inappropriate procedure to amend the complaint. *Id*.

Here, Plaintiff-intervenor does not attempt to amend or dismiss claims in the complaint. Plaintiff-intervenor provides a sample of a loan document, the type that is extensively referenced throughout the FAC. Doc. No. 96, FAC at ¶¶ 10, 11, 12, 13, 14, 15, 73, 89, 102. Notably, Defendants do not challenge the authenticity of the Deed of Trust. And, the document is an admissible certified copy of a notarized deed of trust. *See* Fed. R. Evid. 803(14). Because a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned, the Court may consider the

6

Deed of Trust under the FAC as adopted by Plaintiff-intervenor.

More directly, as the Court already ruled: "[I]f faced with a motion on the pleadings, the court would have to functionally read Plaintiff-intervenor's affidavit as part of the operative pleading." Doc. No. 247, Recon. Order at 4:24-26. As part of the operative pleading, on May 30, 2013, Plaintiff-intervenor's declaration specifically references PHH Home Mortgage Loan Number 0041528951. Doc. No. 231-4, Exhibit B, Villalon Decl. at ¶ 3. The Disclosure that Defendants seek to exclude from the Court's consideration is contained in PHH Home Mortgage Loan Number 00041528951. Doc. No. 259-1, Ciolko Decl., Exhibit B at 1. If the Court were unable to consider the Disclosure premised upon the FAC's reliance on it, the Plaintiff-intervenor's declaration's specific identification of the loan number should leave no doubt that the Court may consider the document as incorporated in the Plaintiff-intervenor's declaration.

**c.  Equitable Tolling**

Defendants seek partial judgment on the pleadings, alleging that Plaintiff-intervenor has not pled facts sufficient to state a claim for equitable tolling. Doc. No. 256-1, Mot.-1. Specifically, Defendants allege that the FAC and Plaintiff-intervenor's declaration "are devoid of any factual statements alleging that Ms. Villalon was diligent in pursuing her rights." Doc. No. 256-1, Mot.-1 at 6:4-5. Plaintiff-intervenor contends that she "exercised reasonable due diligence by full participation in her loan transaction." Doc. No. 259, Opposition at 3:11-12 (citing Doc. No. 96, FAC at ¶ 110).

"Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. This doctrine focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." *Garcia v. Brockway,* 526 F.3d 456, 465 (9th Cir.2008) (internal quotations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S.

7

408, 418 (2005). The doctrine "focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (internal citation omitted).

This Circuit has recently had an influx of class action certifications for alleged claims against national mortgage providers for violations of RESPA Section 8 through improper reinsurance schemes. *See, e.g.*, *Samp v. JPMorgan Chase Bank, N.A.*, EDCV 11-1950VAP SPX, 2013 WL 1912869, at *3 (C.D. Cal. May 7, 2013); *Orange v. Wachovia Bank, N.A.*, EDCV 12-01683 VAP, 2013 U.S. Dist. LEXIS 157695, at *5 (C.D. Cal. May 6, 2013); *McCarn v. HSBC USA, Inc.*, 1:12-CV-00375 LJO, 2012 WL 5499433, at *1 (E.D. Cal. Nov. 13, 2012); *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 574 (N.D. Cal. Nov. 30, 2007). In each case, plaintiffs asserted arguments for the application of equitable tolling to allow time-barred plaintiffs to proceed on their claims. *See, e.g.*, *Samp v. JPMorgan Chase Bank, N.A.*, EDCV 11-1950VAP SPX, 2013 WL 1912869, at *6-7 (C.D. Cal. May 7, 2013); *Orange v. Wachovia Bank, N.A.*, EDCV 12-01683 VAP, 2013 U.S. Dist. LEXIS 157695, at *8-13 (C.D. Cal. May 6, 2013); *McCarn v. HSBC USA, Inc.*, 1:12-CV-00375 LJO, 2012 WL 5499433, at *6 (E.D. Cal. Nov. 13, 2012); *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 578 (N.D. Cal. Nov. 30, 2007).

Here, Plaintiff-intervenor alleges that "borrowers were not put on notice of their claims and, despite exercising reasonable due diligence, reviewing their loan documents, reasonably could not have discovered their claims within the applicable statute of limitations," Doc. No. 96, FAC at ¶ 102, and that she was "able to discover the underlying basis for the claims alleged herein only with the assistance and investigation of counsel." Doc. No. 96, FAC at ¶ 105. The Court finds that PHH's loan document disclosure adequately placed Plaintiff-intervenor on notice of her claim and that she fails to allege extraordinary circumstances that prevented her from timely filing.

The loan documents PHH provided to the time-barred plaintiffs are substantively similar to those discussed in other cases. For example, the *Samp* court provided the loan terms that were offered to their plaintiffs as such:

> **"If I am required to have mortgage guaranty insurance,** [JPMorgan Chase Bank] will arrange for an insurance company to provide [mortgage guaranty insurance coverage] at [Plaintiffs'] expense. The insurance company may ask another insurance company to assume some or all of the risk under the insurance policy in exchange for a portion of the insurance premium. This is called "reinsurance" and may result in a financial gain to the company providing the reinsurance. [JPMorgan Chase Bank] has an affiliate, Cross Country Insurance Company, that provides reinsurance to mortgage guaranty insurance companies; however, **a reinsurance arrangement with [JPMorgan Chase Bank] will not change my mortgage guaranty insurance premiums.** Even though a reinsurance arrangement involving [JPMorgan Chase Bank's] affiliate will not increase my premiums, I understand that I may exclude my mortgage guaranty insurance coverage from this arrangement."

*Samp v. JPMorgan Chase Bank, N.A.*, EDCV 11-1950VAP SPX, 2013 WL 1912869, at *6 (C.D. Cal. May 7, 2013) (quoting exhibits to complaint (emphasis in original)). In this instance, the PHH disclosure states:

> "Mortgage insurers evaluate their total risk on all such insurance in force from time to time and may enter into agreements with other parties that share or modify their risk or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).
>
> "As a result of these agreements, **Lender**, any purchaser of the Note, another insurer, **any reinsurer**, any other entity, or **any affiliate** of the foregoing **may receive (directly or indirectly) amounts that derive from** (or might be characterized as) **a portion of Borrower's payments for Mortgage Insurance in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed 'captive reinsurance.'"

Doc. No. 259-1, Ciolko Decl. 2, Exhibit B at 8-9 (emphasis added). Both the *Samp* loan disclosure and the PHH loan document disclosure explain the requirement of mortgage insurance, the purpose of mortgage insurance, the borrower's rights and responsibilities under mortgage insurance, and the potential occurrence of captive reinsurance. *See* Doc. No. 259-1, Ciolko Decl.

9

2, Exhibit B at 8-9; *Samp*, 2013 WL 1912869, at *6 (C.D. Cal. May 7, 2013). The *Samp* court determined that the loan disclosure adequately disclosed the relationship between the bank and the reinsurance subsidiary to place the plaintiffs on notice of their claim. *Samp v. JPMorgan Chase Bank*, N.A., EDCV 11-1950VAP SPX, 2013 WL 1912869, at *6 (C.D. Cal. May 7, 2013) quoting *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 578 (N.D. Cal. Nov. 30, 2007) ("[T]he law does not insist that plaintiffs be aware of every particular element of their claim. Rather, all that is required is that plaintiffs be aware of the 'possible existence' of a clam."). Similarly, in *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 578 (N.D. Cal. Nov. 30, 2007), the court found that since each borrower was given a disclosure of the reinsurance arrangement, they should have "known of the possible existence" of the claim. In *Orange v. Wachovia Bank, N.A.*, EDCV 12-01683 VAP, 2013 U.S. Dist. LEXIS 157695, at *10 (C.D. Cal. May 6, 2013), the court found the "disclosure gave Plaintiffs adequate notice regarding the possibility of a captive reinsurance arrangement."

Here, there is no excusable ignorance of the captive reinsurance scheme. As in *Kay*, *Orange*, and *Samp*, the loan disclosure document put Plaintiff-intervenor on notice of the possible existence of a claim by informing her of the very nature and use of the captive reinsurance arrangement. Despite being on notice, Plaintiff-intervenor does not allege any diligence beyond reviewing loan documents. *See* Doc. No. 96, FAC at ¶ 102; *see also McCarn v. HSBC USA, Inc.*, 1:12-CV-00375 LJO, 2012 WL 5499433, at *6 (E.D. Cal. Nov. 13, 2012) (finding that plaintiff placing a phone call to the mortgage provider seeking information on the reinsurance program was still insufficient to constitute diligence in pursuing rights). Thus, Plaintiff-Intervenor inadequately pleads diligence in pursuing her rights despite being on notice of the possible existence of her claim.

Assuming *arguendo* that Plaintiff-intervenor was diligent in pursuing her rights, to establish that extraordinary circumstances stood in her way, Plaintiff-intervenor first alleges that the time-barred class did not possess the information or skills necessary to discover the RESPA

10

violation "due to the complex, undisclosed and self-concealing nature of PHH's scheme." Doc. No. 96, FAC at ¶ 100. Plaintiff-intervenor next alleges that time-barred plaintiffs reasonably could not have discovered "Defendants' conduct as alleged herein absent specialized knowledge and/or assistance of counsel." Doc. No. 96, FAC at ¶ 105.

In *McCarn v. HSBC USA, Inc.*, 1:12-CV-00375 LJO, 2012 WL 5499433, at *6 (E.D. Cal. Nov. 13, 2012), the plaintiff argued that "reasonable diligence on his part would have been futile because the 'complex, undisclosed and self-concealing nature of Defendants' scheme would have prevented him from discovering the existence of a possible RESPA claim, and that he was only able to discover the basis of his claim with the assistance of counsel." The *McCarn* court found that the complex, self-concealing nature of the reinsurance scheme was not enough to constitute an extraordinary circumstance. *Id*. The *McCarn* court further emphasized that plaintiffs failed to explain what prevented them from obtaining assistance from counsel earlier and how lack of counsel constituted an extraordinary circumstance. *Id*.; *see also*, *Samp v. JPMorgan Chase Bank, N.A.*, EDCV 11-1950VAP SPX, 2013 WL 1912869, at *7 (C.D. Cal. May 7, 2013) (rejecting argument that plaintiffs inability to discover their RESPA claim without assistance of counsel warranted relief under equitable tolling). In accordance with other district courts in this Circuit, the Court finds that an alleged complex and self-concealing nature of a reinsurance scheme and the failure to timely obtain counsel do not constitute extraordinary circumstances.

The Court finds no need to depart from the well-founded consensus that equitable tolling is not available to time-barred plaintiffs under these allegations.

**d. Equitable Estoppel/Fraudulent Concealment**

Defendants also argue that Plaintiff-intervenor has failed to plead an affirmative act of concealment above and beyond the underlying RESPA claim. Doc. No. 256-1, Mot.-1 at 8-9. Plaintiff-intervenor responds that Defendants' argument is unfounded because it relies upon decisions of courts in this Circuit that "fundamentally misunderstood (or overlooked) the nature of

11

Plaintiffs' RESPA Claims…." Doc. No. 259, Opposition at 9:6-7. Plaintiff-intervenor notes that the Court has already recognized "the basis for Plaintiffs' claims is Defendants' violations of RESPA's 'blanket prohibition' against kickbacks, referral payments, and unearned fees in connection with real estate services." Doc. No. 259, Opposition at 9:9-11.[2] Thus, Plaintiff-intervenor alleges Defendants' misrepresentations and false assurances are acts of concealment separate and apart from the underlying RESPA violations. Doc. No. 259, Opposition at 9.

"Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time. The plaintiff must demonstrate that he relied on the defendant's misconduct in failing to file in a timely manner…." *Guerrero v. Gates*, 442 F.3d 697, 706-07 (9th Cir. 2006) (internal quotations omitted); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011) (citing *Guerrero v. Gates*). In essence, the test for fraudulent concealment has four parts. First, the offender must act to conceal an occurrence. *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006). Second, the basis for fraudulent concealment must be separate from the cause of action. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008). Third, the act must be done with the intent of preventing the transgressed from filing suit. *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006). Fourth, the plaintiff must rely on the misrepresentations in a manner that prevented her from filing on time. *Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006).

The circumstances of fraudulent concealment "must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure." *Marzan v. Bank of Am.*, 779 F. Supp. 2d 1140, 1149 (D. Haw. 2011).

---

[2] In *Munoz v. PHH Corp.*, 659 F. Supp. 2d 1094 (E.D. Cal. 2009), the Court actually recognized "Plaintiffs' claim to be solely that there were kickbacks or fee-splits in violation of RESPA *and not that there was any overcharging*." *Id.* at 1100 (emphasis added). In that instance, the Court made no determination about the scope of Plaintiffs' RESPA-related kickback and fee-splitting claims. Correctly understood, the Court acknowledged that Plaintiffs' claims were limited to RESPA-related kickback and fee-splitting claims and did not require overcharging.

### i. RESPA Violations

RESPA Section 8 creates two distinct causes of action: one cause of action for referrals/kickbacks and one cause of action for fee-splitting. *See Freeman v. Quicken Loans, Inc.*, 132 S.Ct. 2034, 2043 (2012) ("In short, each subsection reaches conduct that the other does not….Subsection (a) prohibits certain kickbacks (those agreed to in exchange for referrals) and subsection (b) prohibits certain unearned fees (those paid from a part of the charge to the customer)."); *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1014 (9th Cir. 2002) ("Section 8(a) relates to referrals and § (b) to fee-splitting."). Thus, to invoke fraudulent concealment, Plaintiff-intervenor must allege with particularity an act of concealment wholly apart from a kickback or fee-splitting for services that have not been performed.

Plaintiff-intervenor alleges Defendants violated both Sections 8(a) and (b). Doc. No. 96, FAC at ¶¶ 91 and 92. To violate Section 8(a): (1) a person must give or accept a thing of value and (2) the exchange must be for a business referral. *See* 12 U.S.C. § 2607(a). Plaintiff-intervenor alleges that, through Atrium, PMI providers gave and PHH accepted millions of dollars. *Id.* at ¶ 91. The millions of dollars were given and accepted in exchange for the referral of federally-related mortgage loans. *Id.* Therefore, the alleged kickback scheme was complete when Atrium received payment for the reinsurance.

To violate Section 8(b): (1) a person must give or accept a fee-split, (2) the fee-split must be related to a real estate settlement service charge, and (3) the service must not have been performed. *See* 12 U.S.C. § 2607(b). Plaintiff-intervenor alleges that PMI providers gave and PHH accepted a percentage of the PMI premiums paid by PHH customers. Doc. No. 96, FAC at ¶ 92. PHH customers paid the PMI premiums as part of real estate settlement services. *Id.* PMI providers charged PHH customers the premiums for services that were not actually performed. *Id.* Plaintiff-intervenor, therefore, alleges that PHH violated Section 8(b).

### ii. Fraudulent Concealment Applied

13

Plaintiff-intervenor has not distinguished between the Section 8(a) and (b) claims for purposes of alleging fraudulent concealment, instead premising fraudulent concealment for both violations on Defendants' intentional misrepresentation that Atrium accepted fees without legitimately assuming risk. Plaintiff-intervenor alleges that, "PHH made affirmative, intentional misrepresentations concerning its captive reinsurance program. PHH affirmatively represented to Plaintiffs and the Class that any amounts it received from its captive reinsurance arrangements were for services actually performed." Doc. No. 96, FAC at ¶ 106.

The Court finds that Defendants did not hide PHH's relationship with Atrium. PHH's form loan document explicitly spells out the reinsurance scheme. In relevant part, the PHH Disclosure states:

> "As a result of these agreements, **Lender**, any purchaser of the Note, another insurer, **any reinsurer**, any other entity, or **any affiliate** of the foregoing **may receive (directly or indirectly) amounts that derive from** (or might be characterized as) **a portion of Borrower's payments for Mortgage Insurance in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed 'captive reinsurance.'** Further,
>
> "(a) Any such agreement will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund."

Doc. No. 259-1, Ciolko Decl. 2, Exhibit B at 8-9 (emphasis added).

As with legal writing and many court rulings, mortgage documents can appear convoluted and be torturous to read – particularly to an untrained borrower. Yet, a plain reading of PHH's disclosure clearly and unequivocally indicates that the Lender (PHH) or any of its affiliates (Atrium) may receive a portion of the mortgage insurance premiums in exchange for reinsurance, "an arrangement that is often termed 'captive reinsurance.'" *Id.* Not only does the disclosure detail the scheme by which reinsurance is instituted, but PHH explicitly states that they may engage in 'captive reinsurance.'

Contrary to Plaintiff-intervenor's assertion that Defendants held the reinsurance scheme out to be legitimate in the loan disclosure, Doc. No. 259, Opposition at 9-10, the PHH disclosure does not contain such an assurance. *See Orange v. Wachovia Bank, N.A.*, EDCV 12-01683 VAP, 2013 U.S. Dist. LEXIS 157695, at *16 (C.D. Cal. May 6, 2013) (finding that "nothing in the mortgage document promised that Defendants would not enter into illegitimate schemes..."). Therefore, the form loan document cannot serve as the act of concealment.

Plaintiff-intervenor does, however, allege that through a 2007 SEC filing "PHH represented that its captive reinsurer provided actual reinsurance services in return for the premiums that it received from its borrowers [sic] private mortgage insurance providers." Doc. No. 96, FAC at ¶ 106. The Court understands Plaintiff-intervenor alleges that through the 2007 SEC filing, PHH represented that Atrium took on risk for the fees it collected. Plaintiff-intervenor alleges that in actuality, Atrium did not assume adequate risk; therefore they did not perform the services for which they were paid, thus giving rise to the RESPA violations. On this point, Plaintiff-intervenor has sufficiently pled an act of concealment.

Next, Plaintiff-intervenor alleges that PHH's representation of Atrium's level of risk assumption constitutes an act of concealment wholly apart from the underlying RESPA claims. Doc. No. 96, FAC at ¶ 107 ("[B]y purposefully arranging for kickbacks to be funneled through Atrium…Defendants affirmatively acted to conceal and prevent Plaintiffs from discovering the underlying basis for this action."). Plaintiff-intervenor adamantly argues that Defendants knowingly and falsely represented Atrium as a legitimate reinsurance service while in actuality Atrium did not assume risk commensurate with the fees it received. Doc. No. 259, Opposition at 9-10. However, Plaintiff-intervenor clarified in her Reply in Support of Certification that Atrium's lack of risk assumption is part of her underlying claims. *See* Doc. No. 138, Reply in Support of Certification at 22:9-10, 29:8-10, 32:5-7, and 45:18-20. Therefore, Plaintiff-intervenor asserts that PHH violated RESPA Section 8 by operating an illegitimate reinsurance scheme and concealed

the violation by holding itself out as not operating an illegitimate scheme. Plaintiff-intervenor failed to plead an act of concealment separate and apart from her underlying claim. S*ee Spears v. First Am. eAppraiseIt*, 5-08-CV-00868-RMW, 2013 WL 1748284, at *5 (N.D. Cal. Apr. 23, 2013) (finding property appraisal company that held itself out as providing unbiased appraisers was "part and parcel" with the scheme to defraud creditors and failed equitable estoppel as a matter of law).

Additionally, Plaintiff-intervenor attempts to establish a separate act of concealment by alleging that Defendants failed to adequately describe the relationship between settlement service providers pursuant to RESPA Section 8(c) and 24 C.F.R. 3500.7. Doc. No. 96, FAC at ¶ 108. Even if true, Defendant PHH's failure to inform Plaintiff-intervenor of PHH's relationships cannot support fraudulent concealment as it would merge the act of concealment with the basis for a RESPA claim. *See Marzan v. Bank of Am.*, 779 F. Supp. 2d 1140, 1149 (D. Haw. 2011) (finding plaintiffs' failure to discover Truth in Lending Act ("TILA") violations "due to Defendants' failure to effectively provide the required disclosures and notices" established nothing more than a TILA violation itself); *Gerhart v. Beazer Homes Holdings Corp.*, CIV S-08-1650 FCDKJM, 2009 WL 799256, at *7 (E.D. Cal. Mar. 23, 2009) (finding home-purchasing plaintiffs failed to demonstrate how a home builder's relationship with a wholly-owned title insurance subsidiary created a duty to make disclosures "above and beyond those required by RESPA"). On this point, Plaintiff-intervenor has not sufficiently pled fraudulent concealment apart from an underlying RESPA claim.

Additionally, Plaintiff-intervenor has failed to show reliance upon the 2007 SEC filing or that Defendants filed the 2007 SEC filing with the intent of preventing Plaintiff-intervenor from timely filing.

Accordingly, the Court finds that Plaintiff-intervenor insufficiently pleads equitable estoppel/fraudulent concealment.

### III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for partial judgment on the pleadings is GRANTED for both equitable tolling and equitable estoppel/fraudulent concealment pleadings; and

2. Plaintiff-intervenor shall have one opportunity to file and serve a further amended complaint to cure deficiencies. Plaintiff-intervenor is afforded twenty (20) days upon filing of this order to comply. Plaintiff-intervenor may not amend any section of the complaint outside of the scope of equitable tolling and equitable estoppel pleadings. Parties are advised to provide pinpoint citations when relying on hundreds of pages long documents, particularly when the party does not provide those documents to the Court.

IT IS SO ORDERED.

Dated: __August 11, 2014__  _____
                                                                    SENIOR DISTRICT JUDGE