UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EFRAIN MUNOZ, *et al.*,

Plaintiffs,

vs.

PHH CORP. *et al.*,

Defendants.

_______________________________/

Case No. 1:08-cv-0759-AWI-BAM

**ORDER REGARDING JOINT MOTION FOR APPROVAL OF THE PROPOSED FORM AND MANNER OF NOTICE OF PENDENCY OF CLASS ACTION**

(Doc. 302)

On October 2, 2015, Plaintiffs Efrain Munoz, Leona Lovette, Stephanie Melani, Iris Grant, and John Hoffman, and Daniel Maga, II (collectively "Plaintiffs") and Defendants PHH Corp., PHH Mortgage Corp, PHH Home Loans, LLC (collectively referred to herein as "PHH"), and Atrium Insurance Co. ("Atrium" and together with PHH, "Defendants") filed a Joint Motion for Approval of the Proposed Form and Manner of Notice of Pendency of Class Action. (Doc. 302.)

The Court has determined that the matter is appropriate for resolution on the jointly submitted papers. Accordingly, the hearing scheduled for November 20, 2015, is HEREBY VACATED, and the matter is deemed submitted. Local Rule 230(g).

**I. Background**

On June 11, 2015, the Court certified this matter as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of:

All persons who obtained residential mortgage loans originated and/or acquired by PHH

> and/or its affiliates on or after June 2, 2007, and, in connection therewith, purchase private mortgage insurance and whose loans were included within PHH's captive mortgage reinsurance arrangements (the "Class").

(Docs. 230, 288.) The parties now request approval of the Proposed Legal Notice of Pendency of Class Action. (Doc. 302-1 and 302-2.)

**II. Legal Standard**

For any class certified under Rule 23(b)(3), such as that certified here, the Court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B). The notice "must clearly and concisely state in plain, easily understood language" the following:

> (i) The nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses: (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii). Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (citation omitted).

**III. Discussion**

**A. Contents of the Notice**

Having reviewed the proposed class notice, the Court finds that it contains the information contemplated by Rule 23(c)(2)(B)(i)-(vii). Specifically, the proposed class notice provides information regarding (i) the nature and background of this action, (ii) the definition of the certified class, (iii) the allegations of the class and Defendants' defenses, (iv) the option of a class member to obtain an attorney; (v) the option for exclusion from the class and any result of this case, (vi) the time (anticipated to be 45 days after mailing of the notice) and manner (by letter sent to an address) for

requesting exclusion,[1] and (vii) the binding effect of a class judgment on class members. (Doc. 302, Exs. A and B.) Additionally, the proposed class notice provides class members with options regarding how to obtain more information about this case, including through a dedicated website (proposed name: http://www.PHHPMIRESPAlitigation.com), a toll-free litigation hotline. The proposed class notice also provides contact information for Plaintiffs' counsel and information on how to examine the Court's file. (Docs. 302-1, Exs. A and B.)

**B. Mailing and Publishing of Class Notice**

The parties propose dissemination of the class notice through: (1) a direct mailing to individual class members ("Individual Notice") ("Exhibit A"); (2) a summary notice published in a national newspaper, *USA Today* ("Publication Notice"—with the exact text of the Class Notice reformatted for publication purposes)("Exhibit B") (together with Exhibit A, "Class Notice"); and (3) on an internet website, identified above, dedicated to the litigation. (Doc. 302 at 3.)

With regard to direct mailing, the parties explain that the Individual Notice will be sent by a third party administrator by first-class mail to the last known address of each class member. (Doc. 302 at 4.) Notice "by first-class mail can satisfy the best notice practicable when there is no indication that any of the class members cannot be identified through reasonable efforts." *Hunt v. Check Recovery Sys., Inc.*, No. 05-cv-04993, 2007 WL 2220972, at *3 (N.D. Cal. Aug. 1, 2007) (affirming a Rule 23(b)(3) notice plan providing for delivery of notice by first class mail). Here, Defendants reportedly provided a complete class list containing last known addresses and additional personal identifiers on September 25, 2015. (Doc. 302 at 4.)

The Court finds that the individual notice contemplated by the parties is the best notice practicable given the availability of class members' last known addresses. However, the parties have failed to provide information regarding tracking of the mailing or any processes for handling mail

[1] Rule 23 does not require any particular method for allowing class members to opt out of a class. *See, e.g.*, *Makaeff v. Trump University, LLC*, No. 10-cv-0940-GPC-WVG, 13-cv-2519-GPC-WVG, 2015 WL 5638192, * 4-5 (S.D. Cal. Sept. 21, 2015) (discussing Rule 23 requirement related to notice of manner of exclusion from class; noting Federal Judicial Center example forms merely include language in notice that if a class member wishes to be excluded from class, he or she must send a letter to a given address). The Court finds the manner identified here to be sufficient. However, the parties have failed to provide information regarding the tracking and reporting of exclusions. Therefore, the parties shall be directed to report all exclusions to the Court.

returned as undeliverable. Additionally, the parties have failed to specify how the Court would be informed as to the successes or failures of providing individual notice. Nonetheless, the parties' request for approval of individual notice by mailing shall be granted. To address the Court's concerns, Plaintiffs' counsel or the third-party administrator shall be directed to submit a declaration(s) detailing the processes for handling mail returned as undeliverable, efforts undertaken to re-serve the notice, along with information regarding the number of successful/unsuccessful mailings.

With regard to publication, within fourteen (14) days after individual notices are mailed, Plaintiffs will cause the Publication Notice to appear in *USA Today*, a national publication with an approximate Monday through Thursday daily circulation of 1,104,259. (Doc. 302-3 at 3.) The Individual and Publication Notices also will be posted on the dedicated litigation website. Plaintiffs further represent that, subject to Defendants' approval, Plaintiffs' counsel will provide summary information regarding the case on the dedicated website, along with frequently asked questions and relevant case documents.

The parties believe that the number and media variety of their notice plan will ensure the dissemination of adequate and reasonable notice to a class numbering at least in the tens of thousands located throughout the country. Analogous notice plans have been approved by other courts. *See, e.g.*, *Makaeff*, 2015 WL 563812 at *6-7 (approving multi-tiered notice plan that included individualized mailings, a case-specific website, a toll-free number, and publication in *USA Today*); *Flynn v. Sony Elecs., Inc.*, No. 09-cv-2109, 2015 WL 128039, at *4 (S.D. Cal. Jan. 7, 2015) (approving a multi-tiered notice plan that included individualized mailings, a case-specific website, and publication of notice in national magazines).

Having considered the parties' proposal for dissemination of class notice, the Court finds that the procedures established for mailing, publication and distribution constitute the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B).

**IV. Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Joint Motion for Approval of the Proposed Form and Manner of Notice of Pendency of

Class Action, including the Parties' Proposed Class Notice and proposed plan for distribution of notice to prospective class members is GRANTED;

2. Plaintiffs' Counsel shall cause the Individual Notice, substantially in the form attached to the Joint Motion as Exhibit A, to be mailed, by first class mail, postage prepaid, **within twenty-one (21) days of the date of this Order**, to all Class members at the address of each such person as set forth in the records of Defendants, or who otherwise can be identified by reasonable effort;
3. Plaintiffs' Counsel shall, no later than **thirty (30) days** after mailing of the Individual Notice, file with the Court proof of mailing of the Individual Notice;
4. Plaintiffs' Counsel or the third-party administrator shall, no later than **sixty (60) days** after mailing of the Individual Notice, file with the Court a declaration under penalty of perjury detailing the mailing processes, including information regarding the processes for addressing mail returned as undeliverable, efforts made for re-service, and the success/failure rate for mailing of the Individual Notice;
5. Plaintiffs' Counsel shall cause the Publication Notice, substantially in the form attached to the Joint Motion as Exhibit B, to be published once in the national edition of *USA Today* within **fourteen (14) days** of the mailing of the Notice. Plaintiffs' Counsel shall, no later than **thirty (30) days** after publication, file with the Court proof of publication of the Publication Notice;
6. All members of the Class who do not timely request exclusion from the Class in the form and manner set forth in the Notices, by a date to be specified in the Notices, which date shall be forty-five (45) days from the mailing date of the Notice, will be bound by any judgment or determination of the Court affecting the Class; and
7. Within **thirty (30) days** after expiration of the exclusion deadline, the parties shall submit a report detailing the results of the exclusion process.

IT IS SO ORDERED.

Dated: **October 16, 2015**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE