# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

EFRAIN MUNOZ, *et al.*,

        Plaintiffs,

   vs.

PHH CORP. *et al.*,

        Defendants.

_____/

Case No. 1:08-cv-0759-DAD-BAM

**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO PREVENT PLAINTIFFS FROM CONDUCTING NINETEEN DEPOSITIONS, WITHOUT PREJUDICE, AS MOOT**
(Doc. 311)

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF DEFENDANTS' EMPLOYEES, WITHOUT PREJUDICE, AS MOOT**
(Doc. 313)

**ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF THE RECENTLY NOTICED PLAINTIFFS' DEPOSITIONS TO TOPICS UNRELATED TO CLASS CERTIFICATION**
(Doc. 312)

Currently pending before the Court are the following discovery-related motions: (1) Defendants' motion for protective order to prevent Plaintiffs from conducting nineteen depositions; (2) Plaintiffs' motion for protective order limiting the scope of the recently noticed Plaintiffs' depositions

1

to topics unrelated to class certification; and (3) Plaintiffs' motion to compel depositions of Defendants' employees.  (Docs. 311, 312, 313).  Plaintiffs Efrain Munoz, Leona Lovette, Stephanie Melani, Iris Grant, and John Hoffman, and Daniel Maga, II (collectively "Plaintiffs") and Defendants PHH Corp., PHH Mortgage Corp, PHH Home Loans, LLC, and Atrium Insurance Co. (collectively "Defendants") filed a Joint Statement Regarding Discovery Dispute on February 5, 2016.  (Doc. 319).

The Court determined that these matters were appropriate for resolution on the jointly submitted statement.  Accordingly, the Court vacated the hearings scheduled for February 12, 2016, and deemed the matters submitted.  Local Rule 230(g).

## I.     Procedural Background[1]

Plaintiffs initiated this action on June 2, 2008.  Shortly thereafter, on September 4, 2008, the Court established dates for the parties to submit their initial disclosures and for briefing on Plaintiffs' motion for class certification.  (Doc. 9).  Over the course of five years, the Court modified the schedule for Plaintiffs' class certification motion multiple times and the parties briefed and re-briefed the motion several times.  The final deadline for completion of class discovery was October 31, 2013. (Doc. 245).

Ultimately, on June 11, 2015, the Court certified this matter as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of:

> All persons who obtained residential mortgage loans originated and/or acquired by PHH and/or its affiliates on or after June 2, 2007, and, in connection therewith, purchase private mortgage insurance and whose loans were included within PHH's captive mortgage reinsurance arrangements (the "Class").

(Docs. 230, 288.)

Following class certification, the Court directed the parties to submit a joint scheduling report listing discovery and trial dates.  (Doc. 290).  On June 17, 2015, the parties submitted a Joint Scheduling Report, which proposed that merits discovery be completed no later than March 18, 2016. (Doc. 291).  Thereafter, on June 18, 2015, the Court issued a Scheduling Conference Order, which set

---

[1] The parties are well-acquainted with the lengthy procedural background of this action.  Therefore, for the sake of brevity and judicial economy, the Court summarizes only the portions of the procedural background necessary to address the pending discovery motions.

the deadline to complete non-expert discovery as March 18, 2016.  (Doc. 292).

On November 2, 2015, Defendants issued notices of deposition for the six named Plaintiffs, proposing that the deposition take place during the week of January 11, 2016.  (Doc. 319 at 9).

On December 14, 2015, Defendants' counsel sought confirmation of the January deposition dates.  Plaintiffs' counsel responded that their clients were unavailable for the proposed deposition dates and they wanted a meet and confer regarding the depositions.  The parties held a telephonic meet and confer on December 23, 2015, and exchanged follow-up correspondence on January 5 and January 7, 2016.  (Doc. 319, Exs. A and B).

Thereafter, on January 13, 2016, Defendants filed a motion for protective order to prevent Plaintiffs from conducting nineteen depositions.  (Doc. 311).  On January 22, 2016, Plaintiffs filed a motion for protective order limiting the scope of the recently noticed Plaintiffs' depositions to topics unrelated to class certification.  (Doc. 312).  On January 22, 2016, Plaintiffs also filed a motion to compel the depositions of Defendants' employees.  (Doc. 313).

Pursuant to Local Rule 251, on February 5, 2016, the parties filed their Joint Statement Regarding Discovery Dispute related to the pending discovery motions.  (Doc. 319).  In the Joint Statement, the parties represent that Defendants' motion for protective order to prevent Plaintiffs from conducting nineteen depositions (Doc. 311) and Plaintiffs' motion to compel depositions of Defendants' employees (Doc. 313) "are moot at this time."  (Doc. 319 at 5 n. 1).  Based on this representation, Defendants' motion for protective order to prevent Plaintiffs from conducting nineteen depositions (Doc. 311) and Plaintiffs' motion to compel deposition of Defendants' employees are HEREBY DENIED, without prejudice, as moot.  Given the denial of these motions, the sole remaining dispute is Plaintiffs' request for a protective order "limiting the scope of the named Plaintiffs' depositions to topics unrelated to class certification."  (Doc. 319 at 8).

## II.      Legal Standard – Protective Orders

Federal Rule of Civil Procedure 26(c) provides that a court, for good cause, may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ."  Fed. R. Civ. P. 26(c)(1)(D).

3

To prevail on a motion for protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory statements. . . ." *See White v. Smyers*, No. 2:12-cv-2868 MCE AC P, 2015 WL 1750964, at * (E.D. Cal. Apr. 16, 2015) (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). "The rule requires that good cause be shown for a protective order. This puts the burden on the party seeking relief to show some plainly adequate reason therefore....This recognizes that the existence of good cause for a protective order 'is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.'" *White*, 2015 WL 1750964, at * 4 (quoting Wright et al., 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed. 2014)).

### III.   Parties' Positions

#### A.   Plaintiffs' Position

Plaintiffs argue that Defendants improperly intend to question Plaintiffs during deposition "on issues relating to class certification" two years after the last class discovery cutoff date of October 31, 2013.   Plaintiffs contend that the Court should reject Defendants' attempt to take class discovery long after the expiration of the Court's case management deadlines related to class certification discovery. Plaintiffs also contend that Defendants' belated attempt to take Plaintiffs' deposition is unsupported by any showing of the diligence or good cause necessary for modifying the scheduling order to reopen class certification discovery.  *See* Fed. R. Civ. P. 16(b)(4) (scheduling order "may be modified only for good cause and with the judge's consent."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment.").

Plaintiffs further argue that the fact that the Court may revisit class certification under Federal Rule of Civil Procedure 23(c)(1)(C) "does not mean that Defendants may make strategic decisions not to timely pursue class discovery and wait until after those issues have been presented and resolved in accordance with the case management schedule in order to get a second bite at the apple."  (Doc. 319 at 11).  Plaintiffs assert that the Court's authority to amend or alter a class certification order "reflects a recognition that developments in proceedings following class certification, such as those on liability

4

or damages or newly discovered facts, may demonstrate a need to refine an initial class certification. *See* Fed. R. 23(c)(1)(C), Advisory Committee Notes to 2003 Amendment.   Plaintiffs contend, however, that Defendants do not seek Plaintiffs' depositions based on new facts or theories, as there are no newly discovered facts.   Plaintiffs assert that allowing Defendants to proceed with class certification discovery would unduly burden Plaintiffs, wreak havoc with existing case management deadlines and reward Defendants for their dilatory discovery tactics.  (Doc. 319 at 12).

Plaintiffs believe that a protective order "limiting the scope of any deposition of Plaintiffs to topics unrelated to topics unrelated to class certification is appropriate."  (Doc. 319 at 12).  Plaintiffs also request that the any such protective order require Defendants "to identify with specificity the areas of inquiry related to the merits that they intend to question Plaintiffs on within one week of the entry of the Protective Order."  (Doc. 319 at 8).

**B.  Defendants' Position**

Defendants counter that they are not too late in deposing the named Plaintiffs as there was no specific deadline for such depositions and the parties are still operating within the discovery period. (Doc. 319 at 6).  Specifically, Defendants contend that neither the Federal Rules nor any order of this Court required Defendants to take depositions of the named Plaintiffs during the class certification stage of this case, the named Plaintiffs are subject to discovery, and there are no grounds for limiting the depositions of the Plaintiffs in this case aside from those imposed by Federal Rule of Civil Procedure 26.   Defendants also contend that they are not attempting to revise this Court's case management deadlines and they are not required to file a motion in order to ask Plaintiffs deposition questions that may possibly impact class certification.

**IV.   Discussion**

As an initial matter, the Court finds that Defendants' request to depose the named Plaintiffs in this action is not untimely.  Although the Court bifurcated class action discovery pre-certification, the Court did not place any restrictions on the timing of the named Plaintiffs' depositions.  Pursuant to this Court's most recent scheduling order, non-expert merits discovery opened on June 18, 2015, and

continues through March 18, 2016.[2]  Plaintiffs' assertion of dilatory tactics is mere supposition.[3]  The parties are still operating within the merits discovery period and Defendants are not precluded from deposing Plaintiffs in this action.

Admittedly, Plaintiffs do not per se object to Plaintiffs' depositions in their entirety.  (Doc. 319 at 6).  Rather, Plaintiffs believe that Defendants are precluded from delving into class certification issues during the course of those depositions because the time for such discovery has closed.  The Court has considered Plaintiffs' arguments, but does not find good cause to issue a protective order limiting the scope of Plaintiffs' depositions to purported "topics unrelated to class certification."

Critically, the Court finds no practical or meaningful method for limiting the scope of Plaintiffs' depositions given the substantial overlap between merits discovery and class certification discovery at this juncture in the case.  Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits. *See, e.g., True Health Chiropractic Inc v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 WL 273188, at *2 (N.D. Cal. Jan 20, 2015) (noting that individual and class discovery typically overlap); *Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314-SAB, 2014 WL 2154437, *3 (E.D. Cal. May 22, 2014) (acknowledging "substantial overlap" between class certification discovery and merits discovery; allowing additional depositions of named plaintiffs where court bifurcated class action discovery despite assertions that defendants delved into merits issues in prior depositions taken during class certification discovery); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."); *Lindell v. Synthes USA*, No. 1:11-cv-02053-LJO-BAM, 2013 WL 3146806, *6 (E.D. Cal. Jun. 18, 2013). (finding class-wide discovery requests relevant to issues of both the merits and class certification; noting class certification discovery is closely enmeshed with merits discovery); *Yingling v. eBay, Inc.*, No. C 09-01733 JW (PVT), 2010 WL 373868, *4 (N.D. Cal. Jan. 29, 2010)

---

[2] On February 10, 2016, during pendency of the instant motion, Plaintiffs filed a motion to modify the scheduling order. The motion includes a requested extension of the non-expert discovery deadline.  Plaintiffs' motion has been noticed for hearing on March 11, 2016.  (Doc. 320).

[3] Defendants note that it was Plaintiffs who first raised the issue that Defendants noticed Plaintiffs' deposition in an apparent attempt to revisit class certification.   (Doc. 319 at 7 and Ex. B).

(acknowledging that discovery may be related to both class certification issues as well as merits of action; compelling production of responsive documents that related to class certification issues of commonality and predominance as well as merits of action during bifurcated class discovery); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation."); *but see Lucas v. Breg*, No. 3:15-CV-00258-BAS-NLS, 2015 WL 8328696 (S.D. Cal. Dec. 8, 2015) (issuing protective order prohibiting third-party depositions for class discovery after class discovery deadline; court lacked sufficient information to determine whether the third-parties should be deposed during merits discovery).   Plaintiffs propose that Defendants be required to "identify with specificity the areas of inquiry related to the merits that they intend to question Plaintiffs." (Doc. 319 at 8).   However, Plaintiffs neither cite any authority supporting such a requirement nor explain how it will prevent the typical and frequent overlap of merits and certification discovery.

In addition to the difficulties associated with separating merits and class certification discovery, the parties and the Court are not precluded from revisiting class certification during the course of this litigation.   Indeed, Rule 23(c)(1)(C) expressly provides that the Court's class certification decision "may be altered or amended before final judgment."   Rule 23(c)(1)(C); *see Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ("A district court may decertify a class at any time."); *Dukes v. Wal–Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007) ("Rule 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court."), overruled on other grounds *Wal–Mart Stores Inc. v. Dukes*, 564 U.S. 336, 131 S.Ct. 2541 (2011).   Despite Plaintiffs' protestations, if developments in these proceedings disprove Plaintiffs' contentions regarding class certification, the Court is not precluded from modifying or decertifying the class.   *Id.*   In other words, issues involving class certification are relevant at all stages in the proceedings.   Relevant evidence is discoverable. Fed. R. Civ. P. 26(b).   If Plaintiffs' depositions reveal newly discovered information that may impact class certification, then Defendants are not precluded from raising such issues with the Court despite the fact that the class certification discovery deadline has passed.   Plaintiffs' assertion that there are no

newly discovered facts is conclusory at best given that merits discovery is not complete.

**V.      Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendants' motion for protective order to prevent Plaintiffs from conducting nineteen depositions is HEREBY DENIED, without prejudice, as moot;

2.  Plaintiffs' motion to compel deposition of Defendants' employees is HEREBY DENIED, without prejudice, as moot;

3.  Plaintiffs' motion for protective order limiting the scope of the recently noticed Plaintiffs' depositions to topics unrelated to class certification is HEREBY DENIED.

IT IS SO ORDERED.

Dated:    __February 11, 2016__          ____/s/ Barbara A. McAuliffe____
                                        UNITED STATES MAGISTRATE JUDGE