UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN MUNOZ, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHH CORPORATION, et al.,<br><br>Defendants. | No. 1:08-cv-00759-DAD-BAM<br><br>ORDER DENYING JOINT ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL<br><br>(Doc. No. 335) |

In this certified class action, plaintiffs seek to recover damages for alleged kickbacks and fee-splits in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601. (Doc. No. 288.) On September 9, 2016, both parties filed motions for summary judgment. (Doc. Nos. 340 and 342.) On the same date, defendants also filed a motion to decertify the class and a motion to strike plaintiffs' expert witnesses. (Doc. Nos. 336 and 339.) Now before the court is the parties' joint administrative motion for leave to file under seal "confidential" exhibits in support of the motions for summary judgment, the motion to decertify the class, and the motion to strike plaintiffs' experts. (Doc. No. 335.) For the following reasons, the motion to seal as presented is denied without prejudice to renewal.

/////

/////

1

## LEGAL STANDARDS

"Two standards generally govern motions to seal documents[.]" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Under the "compelling reasons" standard applicable to dispositive motions,

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. at 1178–79 (internal quotation marks, brackets and citations omitted).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1178–79.

Under the "good cause" standard for non-dispositive motions, a party seeking to seal a document must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos*, 605 F.3d at 678; *see also Kamakana*, 447 F.3d at 1180. In the Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

"Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**ANALYSIS**

The parties are seeking to seal a broad array of documents and deposition transcripts that were disclosed during discovery and designated by the parties as "confidential" pursuant to a stipulated protective order issued by the assigned magistrate judge on February 26, 2009. (Doc. Nos. 49 and 335.) In issuing that order, however, the court noted that "[i]t is anticipated that Discovery Materials in this litigation will contain confidential financial information, and no public interest is served by the public disclosure of such information." (Doc. No. 49 at 1.) The order provided that "Confidential Information" shall not be disclosed except as to "Qualified Persons." (*Id*. at 4.) The order further defined the term "Confidential Information" as "personal or corporate financial, proprietary, commercial or otherwise private or confidential information or commercially-sensitive information, or data that is not known to or has not generally been made available to the public, and that is designated 'Confidential.'" (*Id*. at 2.)

A. ***Motions for Summary Judgment***

Because the motions for summary judgment are dispositive, the "compelling reasons" standard applies to the parties' motion to seal the exhibits attached to them. A review of the record points to the insufficiency of the parties' present motion to seal, which is based largely on conclusory statements regarding the content of the documents—that they are confidential and that, in general, are compliant with the parties' confidentiality stipulation and stipulated protective order issued by the court. These conclusory offerings do not rise to the level of "compelling reasons" sufficiently specific to bar the public access to the documents. *See Kamakana*, 447 F.3d at 1182. Indeed, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at

1178–79. Accordingly, the present motion to seal these documents is denied.

### B. **Motion to Decertify the Class**

There may be circumstances where a motion for class decertification is case dispositive. *See Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000) (motion for class certification might be dispositive if "a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter."). Indeed, district judges have differed on the question of whether a motion to decertify is dispositive or non-dispositive. *Compare Rosales v. El Rancho Farms*, No. 1:09-cv-00707-AWI, 2014 WL 321159, at *3 (E.D. Cal. Jan. 29, 2014), report and recommendation adopted, No. 1:09-cv-00707-AWI, 2014 WL 631586 (E.D. Cal. Feb. 18, 2014) ("a motion to decertify the class is likewise dispositive because it challenges the class members' claims, and the Court must decide whether the class claims may proceed"); *with Benedict v. Hewlett-Packard Company*, No. 13-cv-00119-BLF, 2016 WL 3568922, at *2 (N.D. Cal. July 1, 2016) (motion to decertify treated as non-dispositive); *Davis v. Social Service Coordinators, Inc.*, No. 10-cv-02372-LJO-SKO, 2012 WL 2376217 (E.D. Cal. June 22, 2012) (motion to certify class action treated as non-dispositive).

In any event, even under the lower threshold showing of "good cause," the parties have not yet made a "particularized showing" with respect to the motion to seal the exhibits attached to the motion to decertify the class. *See Kamakana*, 447 F.3d at 1180. "Even under the 'good cause' standard of Rule 26(c), . . . a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document." *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (quoting *Kamakana*, 447 F.3d at 1180). Here, the parties have not explained why the information contained in the documents they wish to file with the court under seal is actually confidential other than that the parties marked them as such and the confidentiality stipulation and order provided that information designated by the parties as confidential would be kept confidential. Because there has, as of yet, been no "particularized showing" the motion to seal these documents will be denied.

/////

C. **Motion to Strike Plaintiffs' Expert Witnesses**

Because the motion to strike plaintiffs' experts witnesses is non-dispositive, the "good cause" standard applies to the parties' motion to seal the exhibits attached thereto. Again, however, the parties have not yet explained why the information reflected in these documents is confidential other than that the parties marked them as such and the confidentiality order provided that confidential information would be kept confidential. Because no "particularized showing" has yet been made, the present motion to seal these documents will be denied.

**CONCLUSION**

For the reasons set forth above:

1. The parties motion to seal (Doc. No. 335) is denied;
2. Pursuant to Local Rule 141(e)(1), the Clerk of the Court is directed to return to the parties the documents for which sealing has been denied;
3. The parties are granted leave to re-file their joint motion to seal, identifying the specific portions of documents which they believe must be filed under seal and providing the compelling reason or other applicable reasons in support of the request to seal.

IT IS SO ORDERED.

Dated:   **September 16, 2016**                         /s/ Dale A. Drozd
                                                                                    UNITED STATES DISTRICT JUDGE