UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN MUNOZ, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHH CORP., et. al.,<br><br>Defendants. | No. 1:08-cv-00759-DAD-BAM<br><br>ORDER APPROVING THE FILING OF "RADIAN'S CENDANT MORTGAGE, CAPTIVE MORTGAGE REINSURANCE PRESENTATION" UNDER SEAL<br><br>(Doc. No. 361) |

In this certified class action, plaintiffs seek to recover damages for alleged kickbacks and fee-splits in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601. (Doc. No. 288.) On September 9, 2016, both parties filed motions for summary judgment. (Doc. Nos. 340 and 342.) On the same date, defendants also filed a motion seeking to decertify the class as well as a motion to strike plaintiffs' expert witnesses. (Doc. Nos. 336 and 339.) On September 16, 2016, the court issued an order denying without prejudice a joint administrative motion for leave to file under seal numerous documents and deposition transcripts in support of these motions. (Doc. No. 343.) On October 11, 2016, plaintiffs filed an unopposed renewed administrative motion, this time seeking leave to file under seal a single document: "Radian's Cedant Mortgage, Captive Mortgage Reinsurance Presentation" ("Radian Presentation"), Exhibit

/////

1

twenty-two in support of plaintiff's motion for summary judgment. (Doc. No. 361 at 3.) For the following reasons, the motion to seal is granted.

## LEGAL STANDARDS

"Two standards generally govern motions to seal documents[.]" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Under the "compelling reasons" standard applicable to dispositive motions,

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. at 1178–79 (internal quotation marks, brackets and citations omitted).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1178–79.

## ANALYSIS

Plaintiffs now move to file under seal only the Radian Presentation document in support of the motion for summary judgment. Because the request is in connection to a dispositive motion, the "compelling reasons" standard applies. Plaintiffs move to seal the single document at

issue at the request of Radian, who is not a party to this lawsuit but who originally produced the document to defendants under a confidentiality order in connection with proceedings before the Consumer Financial Protection Bureau. (Doc. No. 361 at 3–4.) Plaintiffs argue that the Radian Presentation should now be filed under seal because it contains compiled commercial information of the type not customarily released to the public that Radian has consistently designated as confidential for many years. (*Id*. at 4.) Specifically,

> The Radian Presentation was prepared to market Radian's services and to outline the unique benefits that Radian could offer to PHH's predecessor, Cendant Mortgage. See Exhibit 22 attached to EWC Decl. Plaintiffs understand that Radian believes that having the Radian Presentation become part of the public record would negatively affect it because it would give its competitors access to non-public information that Radian uses to promote its own business.

(*Id*.) Accordingly, plaintiffs argue that the Radian Presentation constitutes "trade secrets" and should remain sealed. (*Id*. at 4–7.)

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

> A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757, cmt. b; *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret); *Whyte v. Schlage Lock Co.*, 101 Cal.App.4th 1443, 1455–56 (2002).

*In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008).[1]

The court has reviewed the document in question and finds that it indeed contains information constituting "trade secrets." The Radian Presentation includes Radian's confidential financial projections for its product captive mortgage reinsurance. Therefore, there are

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

3

"compelling reasons" to file this document under seal and the present motion is granted.

## CONCLUSION

For the reasons set forth above:

1. Plaintiffs' unopposed motion to seal (Doc. No. 361) is granted;

2. "Radian's Cedant Mortgage, Captive Mortgage Reinsurance Presentation," Exhibit twenty-two in support of plaintiff's motion for summary judgment (Doc. No. 340-4 at 79), shall be filed under seal.

IT IS SO ORDERED.

Dated:   **November 14, 2016**

UNITED STATES DISTRICT JUDGE