**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION, *et al.*,

    Defendants.

No. 1:08-cv-00759-MMB-BAM

**ORDER RESPECTING DEFENDANTS' MOTION *IN LIMINE* #3**

Defendants' third motion *in limine* (ECF 471) seeks "to preclude any argument, evidence, or testimony regarding separate government enforcement proceedings involving unproven allegations of Real Estate Settlement Procedures Act non-compliance." ECF 471, at 1 ("defined term" omitted). Defendants express concern that Plaintiffs wish to admit evidence regarding (1) eight separate actions, brought by either the Consumer Financial Protection Bureau or the Minnesota Department of Commerce against certain non-party mortgage insurance companies, that were settled without any finding of or admission of liability; and (2) an action the CFPB brought against Defendants that was ultimately dismissed. Defendants assert that the evidence in question is irrelevant and inadmissible hearsay, that evidence of settlements is inadmissible under Federal Rule of Evidence 408, and that even if any of the evidence had probative value, it is outweighed by its prejudicial effect.

1     Defendants argue that none of the evidence is relevant under Rule 401
2  because (1) the consent orders entered in some of the proceedings state that
3  they do not adjudicate any fact or legal conclusion and that no admission of
4  liability was made, ECF 471, at 2–3; (2) a number of the orders do not involve
5  any of the defendants in this case and Atrium did not enter into captive rein-
6  surance agreements with a number of the parties involved in those cases, *id.*
7  at 3–4; and (3) the D.C. Circuit rejected the CFPB director's interpretation of
8  RESPA and vacated his decision and order, such that it is inappropriate for
9  Plaintiffs to ascribe any significance to that decision and order, *id.* at 6–7.

10     Plaintiffs respond that the evidence is plainly relevant because the other
11  proceedings "involved nearly the same kickback scheme, same defendants,
12  same mortgage insurers, and same captive arrangements at issue here" and
13  argue that there is, at most, a "minimal risk of unfair prejudice." ECF 482, at 1.
14  They contend that the CFPB proceeding, in particular, is relevant because an
15  administrative law judge determined that there was a RESPA violation and
16  the D.C. Circuit's later holding vacating the CFPB's decision was based on "a
17  narrow issue regarding the interpretation of REPSA" and "did not vacate the
18  CFPB's findings on the basis that no violation of RESPA occurred." *Id.* at 3.

19     Defendants reply that Plaintiffs seek to place far too much emphasis on
20  the ALJ's decision because it was merely a "recommended decision" that, *inter*
21  *alia*, placed the burden of proof on the defendants, which is the reverse of the

proper burden as found by the D.C. Circuit and as applied by the court in this case. ECF 492, at 1–2. They also emphasize that the ALJ's decision was subject to *de novo* review by the CFPB's director, who rejected some of the ALJ's conclusions but then proceeded to misapply the law in a different way in a decision subsequently vacated by the D.C. Circuit. *Id.* at 6. In a footnote, Defendants further mention that the CFPB's rules require the director to rule upon any ALJ recommendation even if no party appeals, such that "it follows that a recommended decision has no binding legal effect unless and until the CFPB Director issues a final decision and order *adopting* that recommendation or otherwise ruling on it." *Id.* at 6 n.6 (emphasis in original).

The court concludes that Defendants have the better of the argument here for several reasons. First, a "recommended decision" is inherently non-binding unless the reviewing authority adopts it.

Second, the D.C. Circuit opinion vacating the CFPB's decision makes clear that the agency erred in just about every way. As relevant here, the ALJ had ruled that the Section 8(c) "safe harbor" is an affirmative defense on which the defendants bear the burden of proof and that "once the elements of Section 8(a) or 8(b) have been established, there is a presumption that RESPA has been violated," ECF 471-11, at 70, and the CFPB director then decided the case on other grounds that effectively nullified Section 8(c) but also stated that he would have agreed with the ALJ that Section 8(c) is an affirmative defense on

1   which the defendant would bear the burden of proof, ECF 471-10, at 20. The
2   D.C. Circuit noted that the CFPB director wrongly "discarded HUD's long-
3   standing interpretation of Section 8 and, for the first time, pronounced its new
4   interpretation" and then applied it retroactively. *PHH Corp. v. Consumer Fin.*
5   *Prot. Bureau*, 839 F.3d 1, 12 (D.C. Cir. 2016), *reinstated in relevant part and*
6   *rev'd in part on other grounds*, 881 F.3d 75 (D.C. Cir. 2018) (en banc). The court
7   stated that "Section 8(c) specifically bars the aggressive interpretation of Sec-
8   tion 8(a) advanced by the CFPB in this case." *Id.* at 42. The court further re-
9   jected the CFPB's "affirmative defense" theory: "Proving that the mortgage in-
10  surer paid more than reasonable market value—and thus made a disguised
11  payment for the referral—is an element of the Section 8 offense that the CFPB
12  has the burden of proving by a preponderance of the evidence." *Id.* at 49 n.27.
13  Thus, both CFPB decisions were predicated on an incorrect interpretation of
14  the relevant statute. The court cannot reasonably allow Plaintiffs to refer to
15  decisions that relied on an incorrect interpretation of the very statutory provi-
16  sion that governs the issue to be tried in this case.

17        Third, it is true that the Ninth Circuit has recognized that prior adjudi-
18  cations are "relevant evidence and therefore admissible in a later federal suit
19  so long as the judgment has some tendency to prove a fact in issue." *Enquist v.*
20  *Or. Dep't of Agric.*, 478 F.3d 985, 1009 (9th Cir. 2007). In the ensuing para-
21  graphs, however, the court also recognized that evidence of prior judgments or

4

1 verdicts is often excluded because of the risk of prejudice—"[a] jury is likely to
2 give a prior verdict against the same defendant more weight than it warrants"
3 and "admission of a prior verdict creates the possibility that the jury will defer
4 to the earlier result." *Id.* at 1009–10 (brackets in original) (quoting *Coleman*
5 *Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975)). The Ninth
6 Circuit expressed concern about the "substantial risk that the jury would im-
7 port the whole verdict of liability from the prior proceeding." *Id.* at 1010.

8       Similarly, the Ninth Circuit affirmed a district court's exclusion of evi-
9 dence about an SEC injunction against a defendant in a prior administrative
10 proceeding that terminated in a consent decree. The court found that "there is
11 a clear risk of unfair prejudice. The consent decree was not evidence of culpa-
12 bility, but admitting the settlement into evidence would run the risk of 'per-
13 mitt[ing] the jurors to succumb to the simplistic reasoning that if the defendant
14 was accused of the conduct, it probably or actually occurred.' " *U.S. SEC v.*
15 *Jensen*, 835 F.3d 1100, 1116 (9th Cir. 2016) (alteration in original) (quoting
16 *United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012)). The same risk is
17 present here, and Plaintiffs' own briefing essentially confirms that they want
18 to invite the jurors to employ exactly the sort of reasoning about which the
19 *Jensen* court expressed concern. *See* ECF 482, at 7 ("[T]he enforcement action
20 and this suit involve Defendants engaging in the exact same illegal conduct via
21 agreements with the same mortgage insurers involved here.").

The obvious risk of prejudice to Defendants if Plaintiffs are allowed to introduce the evidence of past proceedings is sufficient reason to exclude that evidence under Rule 403. The court therefore need not address the parties' arguments about whether the evidence is inadmissible hearsay, whether the public records exception applies, and whether Rule 408 applies.

Defendants' motion *in limine* #3 is therefore **GRANTED**, and it is hereby **ORDERED** that Plaintiffs shall not attempt to admit evidence of, or otherwise refer to, (1) the eight separate actions brought by the CFPB or the Minnesota Department of Commerce against mortgage insurance companies that resulted in settlements and (2) the action brought by the CFPB against Defendants.

Dated: January 7, 2022           /s/ *M. Miller Baker*
                                 M. Miller Baker, Judge[1]

---

[1] Judge of the United States Court of International Trade, sitting by designation.