| | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF CALIFORNIA | |
|---|---|---|
| | EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*, | No. 1:08-cv-00759-MMB-BAM |
| | Plaintiffs, | **ORDER RESPECTING DEFENDANTS' MOTION *IN LIMINE* #5** |
| | v. | |
| | PHH MORTGAGE CORPORATION, *et al.*, | |
| | Defendants. | |

Defendants' fifth motion *in limine* (ECF 473) seeks "to preclude evidence related to the facts underlying the Court's finding on Section 8(a) of the Real Estate Settlement Procedures Act of 1974, and to preclude Plaintiffs from arguing that the Court has already found a violation of RESPA." ECF 473, at 1 ("defined term" omitted). For the reasons stated below, the court **GRANTS** the motion as to the second issue but **DENIES** it as unworkable as to the first issue.

I.

Defendants argue that because the court's summary judgment ruling found that Plaintiffs proved the first three elements of RESPA Section 8(a), and because Defendants do not intend to contest that finding at trial, evidence relating to the facts underpinning the Section 8(a) finding will be irrelevant at trial and should be excluded. ECF 473, at 1. They emphasize that the final

1  pretrial order states, "Because the court has already found that plaintiffs es-
2  tablished the elements of Section 8(a), (*see* Doc. No. 417), this point of law does
3  not remain to be addressed at trial." *Id.* at 2 (quoting ECF 456, at 8–9). De-
4  fendants contend that any facts relating to the court's ruling on Section 8(a)
5  are irrelevant under Federal Rule of Evidence 401 because such facts would
6  not be "of consequence in determining the action." *Id.* at 4 (quoting Fed. R.
7  Evid. 401).

8      Plaintiffs respond that "many of the facts supporting the Court's Section
9  8(a) determination are the same facts Plaintiffs will use to show that Defend-
10 ants' conduct does not fall within RESPA's Section 8(c) safe harbor provision"
11 and that any such overlapping facts are both relevant and necessary to decid-
12 ing the issues remaining for trial. ECF 484, at 1. They further object that while
13 a blanket prohibition on Section 8(a) evidence would be overly broad and result
14 in the exclusion of relevant evidence, "asking the Court to evaluate each and
15 every piece of evidence to determine whether or not there is overlap in rele-
16 vance between Section 8(a) and Section 8(c), now at this stage, would be im-
17 mensely time consuming and not an efficient use of the Court's time." *Id.* at 8.

18     In reply, Defendants argue that they are not seeking to preclude evi-
19 dence relevant to the Section 8(c) issue—rather, they clarify that they seek to
20 exclude "evidence that is relevant *only* to Section 8(a)." ECF 495, at 1 (empha-
21 sis in original). "Thus, Defs.' MIL No. 5 simply asks the Court to *confirm* that

evidence *solely* related to Section 8(a) is not relevant or admissible at trial; if Plaintiffs want to use the evidence and facts underlying the Court's Section 8(a) finding at trial because they say the evidence and facts are *also* relevant to Section 8(c), Plaintiffs must prove why that is so." *Id.* at 2 (emphasis in original). Defendants argue that they are not seeking a "blanket prohibition" of evidence and assert that "[i]t would not be 'overly broad' for the Court to instruct Plaintiffs that they cannot introduce evidence that relates only to the Section 8(a) issues, and that has no bearing on the safe harbor issues that remain to be tried." *Id.* at 6.

Defendants have not cited any evidence they wish the court to exclude. As a practical matter, therefore, an order *in limine* excluding "evidence that relates only to the Section 8(a) issues" would have little useful effect because the near-certain result of such an order would be that Plaintiffs would seek to introduce evidence, Defendants would object based on the order *in limine*, and Plaintiffs would then argue why the evidence did not fall within the order's scope. That is no different from what would happen without an order *in limine*—Plaintiffs would seek to introduce evidence and Defendants would object based on relevance. If the parties will wind up arguing about the evidence's relevance regardless of whether there is an order *in limine*, then the court can see no point in issuing the order, and therefore will deny the motion as to this issue.

## II.

The second issue raised in Defendants' motion #5 involves whether Plaintiffs should be precluded from characterizing the court's decision on Section 8(a) as a finding that Defendants violated RESPA. Defendants argue that "[t]he Court found no such thing, and explicitly stated that Plaintiffs have not proven their RESPA claim unless and until they also prove that the Section 8(c) safe harbor does not apply." ECF 473, at 1; *see also id.* at 2–3 (characterizing the summary judgment order as holding that "Plaintiffs cannot prevail on their RESPA claim unless they can also prove that the Section 8(c) safe harbor provision does not apply") (citing ECF 417, at 30, 34).

Plaintiffs respond that such an order would be "overbroad and prejudicial" to them, ECF 484, at 10, because they characterize the summary judgment order as finding that (1) a *prima facie* case under Section 8(a) requires proof of three elements, (2) the court found that Plaintiffs established those elements, and (3) "it is therefore proper to assert that Plaintiffs have already proven a prima facie violation of RESPA Section 8(a)" because (4) the jury's task at trial will be to determine whether Defendants' conduct, "although prohibited under Section 8(a), is otherwise protected by Section 8(c)'s safe harbor." *Id.* Plaintiffs argue that the jury instructions will make it clear to the jurors what has already been established and what remains to be decided. *Id.* at 11.

Defendants, in reply, accuse Plaintiffs of mischaracterizing the court's findings: "As the Court made clear at summary judgment, 'regardless of Plaintiffs' showing under § 8(a),' **Plaintiffs have not proved their RESPA claim unless and until they also prove that the safe harbor does not apply**." ECF 495, at 7 (all emphasis in original) (citing ECF 417 at 30, 35).

Defendants' characterization of the court's summary judgment ruling is correct, although the ruling was clearer than Defendants state. The court "conclude[d] that plaintiffs here bear the burden of establishing *as an element of their § 8(a) claim* that the safe harbor does not apply to the challenged conduct." *Munoz v. PHH Mortg. Corp.*, 478 F. Supp. 3d 945, 976 (E.D. Cal. 2020) (ECF 417) (emphasis added). The court could not have been clearer—unless and until Plaintiffs make the Section 8(c) showing that the "safe harbor" does not apply, Plaintiffs have not successfully proven their Section 8(a) claim. Moreover, the summary judgment ruling cited, and relied on, the D.C. Circuit's opinion in *PHH Corp. v. Consumer Financial Protection Bureau*, 839 F.3d 1 (D.C. Cir. 2016), *reinstated in relevant part and rev'd in part on other grounds*, 881 F.3d 75 (D.C. Cir. 2018) (en banc). The D.C. Circuit, in turn, explained that "[p]roving that the mortgage insurer paid more than reasonable market value—and thus made a disguised payment for the referral—*is an element of the Section 8 offense* that the CFPB has the burden of proving by a preponderance of the evidence." 839 F.3d at 49 n.27 (emphasis added). "Proving that the

1 mortgage insurer paid more than reasonable market value" is what is needed
2 to show that the "safe harbor" does not apply. Such proof being "an element of
3 the Section 8 offense" answers the question here—there is no RESPA violation
4 unless all elements of the offense are proven, so if Plaintiffs have not yet proven
5 the safe harbor's inapplicability, they have not proven a RESPA violation. As
6 a matter of law, therefore, it is impermissible for Plaintiffs to claim to the jury
7 that the court has already found such a violation.

8     Federal Rule of Evidence 403 further renders it appropriate to grant De-
9 fendants' motion as to this issue because it would clearly be highly prejudicial
10 to Defendants to allow Plaintiffs to claim the court found a "violation" when
11 Plaintiffs have not yet proven all the elements required to permit such a find-
12 ing. The risk that the jury would either misunderstand what remains to be
13 proven, be confused, or be biased against Defendants is manifest. The court
14 will therefore grant the motion as to this issue.

15     \* \* \*

16     For the reasons stated above, it is therefore **ORDERED** as follows:

17     1.    Defendants' motion *in limine* #5 is **DENIED** insofar as it seeks an
18 order "to preclude evidence related to the facts underlying the Court's finding
19 on Section 8(a)" of RESPA, although that denial is **WITHOUT PREJUDICE**
20 to Defendants' right to object to particular evidence when Plaintiffs seek to
21 introduce it.

2. Defendants' motion *in limine* #5 is **GRANTED** insofar as it seeks to preclude Plaintiffs from making any statement or argument to the jury that the court has already found a RESPA violation in this case.

Dated: January 7, 2022          /s/ *M. Miller Baker*
                                M. Miller Baker, Judge[1]

---

[1] Judge of the United States Court of International Trade, sitting by designation.