| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**FOR THE EASTERN DISTRICT OF CALIFORNIA** | |
| EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*, | No. 1:08-cv-00759-MMB-BAM |
| Plaintiffs, | **ORDER RESPECTING PLAINTIFFS' MOTION *IN LIMINE* #2** |
| v. | |
| PHH MORTGAGE CORPORATION, *et al.*, | |
| Defendants. | |

Plaintiffs' second motion *in limine* (ECF 468, at 4–8) requests an order

> to preclude Defendants from offering at trial any expert testimony on issues that were not previously included or otherwise disclosed in their expert's reports. Specifically, Defendants must be precluded from offering expert testimony: (1) quantifying the value of the reinsurance services, i.e., risk transfer, or any other service purportedly provided by Atrium, for purposes of determining whether the amounts paid by the mortgage insurers to Atrium in connection with the CRAs were commensurate with that risk or (2) comparing the captive reinsurance agreements at issue with industry standards or norms.

ECF 468, at 4 ("defined term" omitted). Plaintiffs' motion specifically refers to Dr. Timothy Riddiough and argues that he testified at his deposition that he was not asked to, and therefore did not, base his opinions on "price commensurability." *Id.* at 6.

Defendants respond that Dr. Riddiough has indeed "not offered a *quantitative* opinion on the monetary value of the services provided by Atrium,"

1   ECF 479, at 2 (emphasis in original), and that they "have no present intention
2   of asking him to offer such an opinion at trial," *id.* But they argue that his
3   expert report and deposition testimony do discuss "qualitative" opinions re-
4   garding Atrium's provision of valuable services and rebutting Plaintiffs' ex-
5   perts on the issue of price commensurability, *id.*, and they offer a bullet-point
6   list of citations to his expert report's disclosure of those opinions, *id.* at 3–4.
7   Defendants also argue that Dr. Riddiough's reports do compare the Atrium re-
8   insurance agreements with industry standards or norms. *Id.*

9       On reply, Plaintiffs argue that (1) because Defendants concede that Dr.
10  Riddiough has not offered a quantitative opinion and state that they have no
11  intention of asking him to offer one at trial, the court should preclude him from
12  so testifying, ECF 493, at 1–2; and (2) as to the issue of conformity with indus-
13  try standards or norms, "Plaintiffs do not seek to preclude Dr. Riddiough from
14  opinion on those issues to the extent they are within the scope of his report,"
15  *id.* at 2, but they may object to any testimony that is "not specifically outlined
16  in Dr. Riddiough's report," *id.* Plaintiffs' reply does not address Defendants'
17  argument about the "qualitative" opinions.

18      Because Defendants state they have no intention of asking Dr. Rid-
19  diough to offer a quantitative opinion about the value of Atrium's reinsurance
20  services, there is no reason not to grant Plaintiffs' motion as to that issue. Sim-
21  ilarly, however, because Plaintiffs now say they do not seek to preclude Dr.

Riddiough from testifying on conformity with industry standards or norms to the extent those issues fall within the scope of his expert report, there is no reason to grant Plaintiffs' motion as to that issue. Finally, because Plaintiffs' reply does not address Defendants' citations to Dr. Riddiough's expert report regarding "qualitative" opinions on price commensurability, the court concludes that Plaintiffs are conceding that those opinions were properly disclosed. Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion *in limine* #2 is **GRANTED** only insofar as it relates to any potential testimony by Dr. Timothy Riddiough quantifying the value of reinsurance or other services Atrium may have provided in connection with the captive reinsurance agreements, the motion is **DENIED** insofar as it relates to Riddiough's testimony about his "qualitative" opinions on the issue of price commensurability, and the motion is further **DENIED** insofar as it relates to Riddiough's testimony comparing the captive reinsurance agreements at issue with industry standards or norms.

Dated: January 10, 2022         /s/ *M. Miller Baker*
                                M. Miller Baker, Judge[1]

---

[1] Judge of the United States Court of International Trade, sitting by designation.