|  | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF CALIFORNIA |  |
|---|---|---|
| EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PHH MORTGAGE CORPORATION, *et al.*,<br><br>　　　　Defendants. | | No. 1:08-cv-00759-MMB-BAM<br><br>**ORDER BIFURCATING TRIAL** |

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Under this rule, "[d]istrict courts . . . have the broad discretion to make . . . decisions" regarding "bifurcat[ing] damages from liability." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016)

In view of this broad inherent discretion and the factual and legal complexity of this case, the court recently asked the parties to address whether trial should be bifurcated into liability and damages phases. ECF 476. Plaintiffs oppose bifurcation, arguing that a damages determination would be straightforward and would involve substantially the same evidence they will

use to attempt to prove Defendants' liability. ECF 497, at 1. Defendants favor extended bifurcation, arguing that not all issues related to calculating and proving damages have yet been decided, that it would reduce the risk of the jury confusing the evidence on liability versus the evidence on damages, and that Plaintiffs are wrong that the damages evidence overlaps the liability evidence. ECF 498, at 2–3.

The court finds that bifurcation is warranted for several reasons.

First, given the complexity of both the liability and damages issues, as well as the magnitude of the damages sought, there is a substantial risk of jury confusion and prejudice if both are tried together. While Plaintiffs argue that the evidence relevant to liability and damages overlaps, they have not demonstrated that any such overlap (the existence of which Defendants sharply dispute) is substantial.

Second, bifurcation will assist the court in efficiently managing both phases of this trial. The undersigned only five months ago assumed the task of presiding over this sprawling litigation, now in its fourteenth year.

Third, bifurcation will promote judicial economy, by obviating any trial on damages if the jury returns a liability verdict in favor of Defendants.

Finally, the court finds that bifurcation will not prejudice Plaintiffs. First, Plaintiffs complain that bifurcation will needlessly complicate the proceedings. ECF 497, at 8. To the contrary, as discussed above, the court

1  concludes that bifurcation will significantly reduce complexity by allowing the
2  parties, the court, and the jury to focus on the distinct (and complicated) liabil-
3  ity and damages issues in successive stages. Second, Plaintiffs complain—with
4  more force—that extended bifurcation will further delay resolution of their
5  claims. ECF 497, at 7–8. That objection, however, fails if the damages phase
6  commences immediately upon the jury's return of a liability verdict in favor of
7  Plaintiffs.

8  Accordingly, it is hereby **ORDERED** that the trial of this action will be
9  **BIFURCATED** into separate liability and damages phases.

10  It is further **ORDERED** that the damages phase of trial, should it be
11  necessary, will involve the same jury and, unless otherwise ordered, will com-
12  mence on the first business day following the return of a liability verdict in
13  favor of Plaintiffs.

14  It is further **ORDERED** that the parties shall file separate trial briefs
15  on liability and damages, and the trial briefs pertaining to liability remain sub-
16  ject to the deadline prescribed in the first amended pretrial order (ECF 460, at
17  2–3), but the time to file the trial briefs pertaining to damages is extended until
18  January 25, 2022, with any optional responses due by February 8, 2022.
19

It is further **ORDERED t**hat the parties' submission of jury instructions and verdicts by February 1, 2022, shall reflect the bifurcation of the trial into two segments.

Dated: January 10, 2022        /s/ *M. Miller Baker*
                               M. Miller Baker, Judge[1]

---

[1] Judge of the United States Court of International Trade, sitting by designation.