UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, *et al.*, <br><br> Defendants. | No. 1:08-cv-00759-MMB-BAM <br><br> **ORDER RESPECTING DEPOSITION DESIGNATIONS SUBJECT TO OBJECTIONS** |

The court issued an order respecting trial witnesses (ECF 506) agreed to by the parties that established a schedule for their exchange of deposition designations and counter-designations to be used in lieu of live testimony and objections to such designations and counter-designations.[1] The court wishes to resolve the objections to such designations prior to trial.[2]

Therefore, it is hereby **ORDERED** as follows:

---

[1] The court finds that the ongoing pandemic constitutes "exceptional circumstances" making it desirable for deposition testimony to be used in lieu of live testimony in open court as to those witnesses who have health concerns over traveling. *See* Fed. R. Civ. P. 32(a)(4)(E). The court, however, encourages counsel to use live testimony insofar as possible.

[2] To the extent any expert witness's testimony will be presented via deposition excerpts, this order does not apply to objections to a witness's qualifications to give opinion testimony or to *Daubert* objections, which the court addressed in ECF 514.

1. Within three days of the parties' exchange of objections to designations and to counter-designations, the parties are to meet and confer to attempt to resolve the objections.

2. If the parties are unable to resolve any objection(s), then, no later than the deadlines prescribed in ¶ 3, *below*, the proponent of any objected-to designated testimony must file the following material in a single filing consisting of separate attachments for each witness[3] containing the following: (1) a list of objected-to testimony by transcript line and page number; (2) a copy of the identified transcript pages from the full-sized transcript, not the "Min-U-Script" or similar; (3) a verbatim copy of defendant's objection(s) to such testimony communicated during the exchange of objections; (4) an explanation of the purpose for which the objected-to testimony is offered and response to the pending objection; (5) an indication of whether the testimony is to be used in the liability phase of trial, the damages phase, or both; and (6) two check boxes for the court's use, one denoted "sustained" and one denoted "overruled."

3. For objections to initial designations, the material described in ¶ 2 must be filed with the court within five days of the meet-and-confer session on

---

[3] This requirement contemplates a cover page or two with a prefatory statement, an index of designated witnesses subject to unresolved objections, and counsel's signature block. The filing party will arrange the material for each witness in separate documents (e.g., all the Smith material in one .PDF, all the Jones material in another) that they will then upload as separate attachments to the cover filing using the CM/ECF system's "attachments" feature.

the initial objections. For objections to counter-designations, the material must be filed within four days of the meet-and-confer session on the counter-designation objections.

4. Waiver of objections shall be governed by Federal Rule of Civil Procedure 32(d)(3).

Dated: January 14, 2022                     /s/ *M. Miller Baker*
                                             M. Miller Baker, Judge[4]

---

[4] Judge of the United States Court of International Trade, sitting by designation.