**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*,

    Plaintiffs,

    v.

PHH MORTGAGE CORPORATION, *et al.*,

    Defendants.

No. 1:08-cv-00759-MMB-BAM

**ORDER RESPECTING DEFENDANTS' MOTION *IN LIMINE* #4**

Defendants' fourth motion *in limine* (ECF 472) requests an order "to preclude any argument, evidence, or testimony regarding a 2009 internal 'compliance audit' of Atrium Insurance Corporation." ECF 472, at 1. They argue that evidence about the audit is irrelevant because documents "indicate that the audit did not concern Defendants' compliance with the Real Estate Settlement Procedures Act of 1974—which is the only issue for trial in this case." *Id.* ("defined term" omitted). Defendants also express concern that documents about the audit use similar terminology to that which the parties will use at trial but that the context for that terminology was compliance with accounting principles, not RESPA, such that introducing the evidence risks confusing the jury. *Id.*

Specifically, Defendants assert that "the risk transfer discussion in the 2009 Internal Audit documents concerns compliance with *Statement of*

*Statutory Accounting Principles 62*, a separate statement that establishes statutory accounting principles for property and casualty reinsurance. Even more specifically, the 2009 Internal Audit documents concern compliance with SSAP 62's *documentation requirements*. Compliance (or not) with these requirements is not the same as compliance (or not) with RESPA's safe harbor." *Id.* at 4 ("defined term," quotation marks, and citation omitted).

Plaintiffs' response calls Defendants' arguments "fallacious" and contends that the documents address "the evaluation of risk transfer with respect to the company's captive reinsurance arrangements and identify a number of weaknesses in PHH's evaluation of risk transfer." ECF 483, at 1. Plaintiffs contend that their experts analyzed risk transfer by referring to actuarial and accounting standards, including SSAP 62, and that the court already considered the relevance of those reports in the course of its summary judgment ruling, in which the court denied Defendants' motion to strike them. *Id.* at 3–4 (citing *Munoz v. PHH Mortg. Corp.*, 478 F. Supp. 3d 945, 965 (E.D. Cal. 2020) (ECF 417)). Plaintiffs are correct that the court explained that the experts applied actuarial and accounting standards "in reaching the conclusion that the CRAs exhibited a 'lack of real transfer of risk,'" which the court then noted is directly relevant to the HUD Letter's requirement that there be a "real transfer of risk." 478 F. Supp. 3d at 965. Plaintiffs explain that their expert witnesses reviewed and discussed the "internal audit" documents Defendants now seek

to exclude, and they essentially argue that because the court found the expert testimony relevant, it would be inappropriate to exclude the documents on which the experts based their analyses. ECF 483, at 4–7.

Defendants reply that Plaintiffs' argument does not respond to Defendants' contention that the internal audit documents do not involve RESPA, involve only internal documentation requirements relating to accounting standards, and that such documentation requirements are irrelevant to compliance with RESPA's safe harbor. ECF 494, at 2. They argue that the documents "do not address the question of whether or not risk was actually transferred. Instead, the documents address the separate and distinct question of whether Atrium provided the auditors *sufficient documentation* of that risk transfer determination." *Id.* at 3 (emphasis in original).

Federal Rule of Evidence 703 resolves the issue. Plaintiffs are correct that the court found the experts' testimony relevant, but that does not by itself mean the evidence on which the experts relied is automatically relevant or admissible as well. Rule 703 provides as follows:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

3

Fed. R. Evid. 703. Here, while the court found the experts' testimony relevant, the court's discussion did not address whether the underlying facts and data are themselves admissible evidence. The court can see no reason why internal discussions concerning whether an auditor had been provided with sufficient documentation to use in a risk transfer analysis under accounting standards would be relevant to proving whether risk transfer actually occurred for RESPA purposes.

 Accordingly, the question then becomes whether Plaintiffs have demonstrated that the documents' probative value "substantially" outweighs their prejudicial effect. Plaintiffs focus on analyzing whether prejudice significantly outweighs probativity in the standard Rule 403 analysis, but, as explained above, Rule 703 inverts the equation when an expert relies on inadmissible evidence. The extent of Plaintiffs' argument on prejudice versus probativity is, "There is no reason to believe that a jury would not be able to understand the purpose of this evidence or that it should be denied the opportunity to hear and properly weigh this indisputably relevant evidence regarding an issue central to this case on which they will be asked to render a verdict." ECF 483, at 8–9. That argument is not enough to satisfy Plaintiffs' burden under Rule 703. Defendants, on the other hand, express concern that introduction of evidence regarding compliance with accounting documentation standards might confuse the jury into equating compliance, or lack thereof, with RESPA's risk transfer

requirements. ECF 472, at 9–10; ECF 494, at 5–6. That concern is legitimate and is sufficient reason, under Rule 703, to exclude the evidence in the absence of a more compelling showing of probativity.

To be clear, the court will not preclude Plaintiffs' experts from testifying about their conclusions, as Rule 703 clearly provides that an expert may base an opinion on inadmissible facts or data in forming an opinion and Defendants have not demonstrated that experts in the relevant field would not have relied on the sort of facts and data at issue here. Rather, the court will only preclude Plaintiffs' experts from discussing the 2009 "internal compliance audit."

Accordingly, it is hereby **ORDERED** that Defendants' motion *in limine* #4 is **GRANTED**, and it is further **ORDERED** that Plaintiffs may not introduce any argument, evidence, or testimony regarding a 2009 internal "compliance audit" of Atrium Insurance Corporation.

Dated: January 14, 2022         /s/ *M. Miller Baker*
                                M. Miller Baker, Judge[1]

---

[1] Judge of the United States Court of International Trade, sitting by designation.