|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>PHH MORTGAGE CORPORATION, *et al.*,<br><br>  Defendants. | No. 1:08-cv-00759-MMB-BAM<br><br>**ORDER RESPECTING DEFENDANTS' MOTION *IN LIMINE* #1** |

Defendants' first motion *in limine* (ECF 469) seeks an order "on the appropriate method for calculating and proving damages." ECF 469, cover page. They raise two issues that are relevant for present purposes: (1) whether damages in a RESPA case are limited to the amounts individual class members paid themselves for improper "settlement services," as that term is used in the statute, or whether damages may include *all amounts* paid for the settlement services regardless of who paid those amounts (i.e., including amounts paid by someone else on behalf of a class member); and (2) whether any damages calculation should be reduced ("offset") by any claims paid by Atrium.[1]

---

[1] Defendants also argue that damages should be limited to any overcharges paid by the plaintiffs. ECF 469, at 6–7. They candidly admit this argument runs directly counter to controlling circuit precedent and they seek to preserve it for *en banc* or Supreme Court review. *See id.* at 8 (acknowledging that *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010), *abrogation recognized on other grounds by Frank v. Gaos*, 139 S. Ct. 1041, 1044, 1046 (2019), forecloses this argument).

**I.**

Defendants contend that "class members' damages should be limited to the amounts the class members paid in mortgage insurance premiums themselves, as opposed to any amounts their loan servicers or others paid on their behalf." ECF 469, at 4. In support of this argument, they cite the RESPA statute, which authorizes damages "to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service." 12 U.S.C. § 2607(d)(2). Defendants focus on the words "to the person or persons charged." ECF 469, at 4. They also cite the court's final pretrial order in this case, which summarized Plaintiffs' position as seeking "monetary recovery under RESPA, Section 8(d)(2), 12 U.S.C. § 2607(d)(2), in an amount equal to three times the amount of all private mortgage insurance payments *made by class members* in connection with loans originated/purchased by PHH during the class period." ECF 456, at 8 (emphasis added). Defendants place particular significance on the words "made by class members" and argue that those words inherently require evidence of what amounts were paid by the plaintiffs themselves, as opposed to amounts paid by loan servicers. ECF 469, at 4–6.

In response, Plaintiffs accuse Defendants of trying to convince the court to reconsider prior rulings in violation of the law of the case doctrine. Plaintiffs contend the court has "ma[d]e clear that the proper measure of damages is the

1 entire settlement charge . . . for private mortgage insurance." ECF 480, at 5.
2 They assert that damages are not limited to the amounts individual class mem-
3 bers paid. Like Defendants, they focus on the statutory language, but they em-
4 phasize the words "three times the amount of *any charge paid*," *id.* at 7 (em-
5 phasis in Plaintiffs' brief), to argue that "[t]here is no limiting language, which
6 Defendants would have this Court read into the statute, restricting damages
7 to the particular amount each Class Member actually paid or excluding pay-
8 ments possibly made on their behalf," *id.* They further argue that the court
9 previously "determin[ed]" that "[i]f liability is proven, the damages for this vi-
10 olation are provided by statute, and call for three times the amounts paid for
11 Defendants' settlement service." *Id.* (quoting *Munoz v. PHH Corp.*, No. 1:08-
12 cv-0759-AWI-BAM, 2013 WL 2146925, at *25 (E.D. Cal. May 15, 2013) (ECF
13 230) (Magistrate Judge's findings and recommendation on class certification)).

14 In reply, Defendants further emphasize the final pretrial order and refer
15 to it as containing the court's "interpretation of the statute" as being that dam-
16 ages would be "three times the amount of all private mortgage insurance pay-
17 ments *made by class members*." ECF 490, at 2 (quoting ECF 456, at 8) (empha-
18 sis Defendants'). They refer to the final pretrial order as "the last in time state-
19 ment on this issue from the Court." *Id.* at 3. Defendants also argue that "[t]he
20 statute's own language makes clear that the language Plaintiffs like (that dam-
21 ages are '*three times the amount of any charge paid*') is plainly 'limited' by the

3

statute's restriction of damages '*to the person or persons charged.*' " ECF 490, at 2 (emphasis in original).

Defendants' argument prevails for two reasons. First, theirs is the better reading of the relevant statutory provision, which states:

> Any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable *to the person or persons charged* for the settlement service involved in the violation in an amount equal to three times the amount *of any charge paid* for such settlement service.

12 U.S.C. § 2607(d)(2) (emphasis added).

"Statutory construction . . . is a holistic endeavor." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988). That means when a court "look[s] to the plain language of a statute in order to interpret its meaning, [it] do[es] more than view words or sub-sections in isolation. [The court] derive[s] meaning from context, and this requires reading the relevant statutory provisions as a whole." *In re Rufener Constr., Inc.*, 53 F.3d 1064, 1067 (9th Cir. 1995).

Taken in context of the entire provision, the words "any *charge* paid" must refer to any amounts paid by "the person or persons *charged* for the settlement service"—i.e., the borrower, which in this case means Plaintiffs and the class members.[2] Thus, while Plaintiffs are correct that the statutory

---

[2] In the course of addressing a different issue, the Supreme Court noted that RESPA's

language controls, their interpretation impermissibly reads the words "any charge paid" in isolation.

Second, Plaintiffs' reliance on the law of the case doctrine is misplaced. That doctrine "simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001). "The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court. *All rulings of a trial court are subject to revision at any time before the entry of judgment.*" *Id.* (emphasis in original) (quoting *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986),

---

substantive provisions are enforceable through, *inter alia*, actions for damages brought by consumers of settlement services against "[a]ny person or persons who violate the prohibitions or limitations" of § 2607, with recovery set at an amount equal to three times *the charge paid by the plaintiff* for the settlement service at issue.

*Freeman v. Quicken Loans, Inc.*, 566 U.S. 624, 627 (2012) (emphasis added; brackets in original) (quoting 12 U.S.C. § 2607(d)(2)). While *Freeman* did not address the precise issue present here, the Court's reading of the statute is nevertheless instructive. *See also Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 760 (3d Cir. 2009) ("[D]amages are fixed at three times the total charge *paid by the consumer* in exchange for a settlement service, and not merely any overcharge.") (emphasis added); *In re Carter*, 553 F.3d 979, 986 (6th Cir. 2009) ("[T]he court finds that a defendant is liable for the charges *assessed the home buyer* for settlement services as a whole, and not just for overcharges.") (emphasis added, original emphasis removed); *Valdez v. Downey Sav. & Loan*, No. C 06-2541 JF (HRL), 2008 WL 4452116, at *2 (N.D. Cal. Oct. 3, 2008) ("For violations of RESPA, a plaintiff may recover three times the amount of the settlement services *paid by the borrower*, plus costs and reasonable attorneys' fees.") (emphasis added).

1  *abrogated on other grounds by Christianson v. Colt Indus. Operating Corp.*, 486
2  U.S. 800, 816–17 & n.5 (1988)). This principle is consistent with the rule that
3  "as long as a district court has jurisdiction over the case, then it possesses the
4  inherent procedural power to reconsider, rescind, or modify an interlocutory
5  order for cause seen by it to be sufficient." *Id.* at 889 (quoting *Melancon v. Tex-*
6  *aco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A 1981), and citing Fed. R. Civ. P.
7  54(b)).

8      Judgment has not been entered in this case. Therefore, the court's vari-
9  ous orders do not constitute law of the case. Moreover, even if they were bind-
10 ing under the law of the case doctrine, at no time did the court "determine" or
11 "hold," as Plaintiffs contend, that damages are three times the amount paid for
12 settlement services without regard to who paid those amounts. Indeed, the
13 Magistrate Judge's findings and recommendation on class certification—on
14 which Plaintiffs heavily rely—states, "Plaintiffs seek recovery of three times
15 the amount *class members paid* for PHH's settlement services." 2013 WL
16 2146925, at *2 (emphasis added); *see also id.* at *22 ("If Defendants' conduct
17 violated Section 8, Defendants would be liable to Mr. Munoz for damages *in an*

1  *amount equal to three times the amount **Mr. Munoz paid** for PHH's settlement
2  service.") (emphasis added).[3]

3  Therefore, the court concludes that Defendants' interpretation is the cor-
4  rect one—statutory damages are limited to the amounts actually paid by the
5  individual plaintiffs or class members and do not include other amounts paid
6  on their behalf by PHH or some other entity.

## II.

8  Defendants also contend that "[a]ny damages calculation should also
9  necessarily be reduced, or offset, by any claims paid by Atrium." ECF 469, at 6.
10 Plaintiffs' response argues that the Magistrate Judge "specifically rejected"
11 Defendants' contention on this issue by stating that "Section 8 does not suggest
12 that statutory damages would be offset by any reinsurance payments made by
13 Atrium…..there is no authority in Section 8, case law, or HUD guidance for
14 'offset.'" ECF 480, at 4 (five-dot ellipsis in original) (quoting 2013 WL 2146925,

---

[3] The court's final pretrial order, meanwhile, merely summarizes the parties' posi-tions in advance of trial and—contrary to Defendants' argument—in no way consti-tutes a "holding," "determination," or any other form of statement of the court's view as to the proper measure of damages. It further bears noting that the final pretrial order was consistent with Plaintiffs' own position on damages dating back to their first amended complaint, which seeks relief as follows: "Plaintiffs and the Class are entitled to recover from Defendants an amount equal to three times the amounts *they have paid or will have paid* for private mortgage insurance as of the date of judg-ment." ECF 96, ¶ 97 (emphasis added).

at *25). Defendants simply reply that the Magistrate Judge did not actually decide the issue. ECF 490, at 8.

As an initial matter, for the reasons discussed above, any prior order in this case is neither determinative nor binding. With that said, Defendants are correct that the Magistrate Judge made the statement in question as part of a determination that "[d]iffering amounts of individual class members' damages does not defeat [class] certification," 2013 WL 2146925, at *25, rather than as a substantive ruling on the "offset" issue. Critically, however, her explanation was broader than what Defendants suggest. She explained as follows:

> Defendants' argument that delinquent class members would require individual damage determinations is wrong for two reasons: First, Section 8 does not suggest that statutory damages would be offset by any reinsurance payments made by Atrium. Defendants suggest this is the only "fair" result, however, there is no authority in Section 8, case law, or HUD guidance for "offset." Second, even if damage offset would be appropriate, such an analysis would be conducted on a classwide basis because Atrium's reinsurance agreement is not maintained on an individualized loan basis. Reinsurance payments are made from a cross-collateralized trust account covering all book years in the aggregate, and therefore, any offset would be on per-reinsurance-agreement basis; not by individual loan. Accordingly, the individual and classwide damage determinations involved in this case are properly certified under Rule 23.

*Id.*

It is apparent from the context that the Magistrate Judge *did* reject Defendants' "offset" argument, as she clearly stated that "there is *no authority* in Section 8, case law, or HUD guidance for 'offset.'" 2013 WL 2146925, at *25

8

1 (emphasis added). Nothing in Defendants' motion *in limine* challenges that
2 statement, which the court finds persuasive on its own merits. The court ex-
3 pects that a party disagreeing with a determination that there is "no authority"
4 for a proposition would respond by citing some "authority" (be it the statute,
5 case law, HUD guidance, or prior rulings in this case), but Defendants have
6 failed to do so here. Accordingly, like the Magistrate Judge, the court concludes
7 that there is no basis in law for Defendants' "offset" theory.

## III.

9     Finally, Plaintiffs' opposition brief argues that because RESPA provides
10 for automatic trebling of damages, "any Order addressing the appropriate
11 method for calculating and proving damages [should] specifically provide that
12 Defendants may not reference the trebling provision of RESPA in any argu-
13 ment or evidence presented to the jury." ECF 480, at 9 n.5. That argument
14 represents an affirmative request for relief that Plaintiffs should have raised
15 (but did not) via a motion *in limine*. Defendants are also correct that it is inap-
16 propriate to raise a request for relief solely via a footnote. As the Ninth Circuit
17 has explained, "a cursory mention of an issue in a footnote without citation to
18 legal authority is insufficient . . . ." *Momox-Caselis v. Donohue*, 987 F.3d 835,
19 842 (9th Cir. 2021). Plaintiffs may instead address this issue via their proposed
20 jury instructions.

9

**Conclusion**

It is hereby **ORDERED** that Defendants' motion *in limine* #1 is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' motion is **GRANTED** insofar as it requests an order stating that the statutory RESPA damages are limited to the amounts actually paid by the individual plaintiffs or class members and do not include other amounts paid on their behalf by PHH or some other entity.

2. Defendants' motion is **DENIED** insofar as it seeks an order stating that any damages calculation should be reduced, or offset, by any claims paid by Atrium.

3. Defendants' motion is also **DENIED** insofar as it seeks an order providing that damages should be limited to any overcharges paid by the plaintiffs, as any such order would be counter to controlling Ninth Circuit precedent.

Finally, it is further **ORDERED** that Plaintiffs' request that the court's order deciding Defendants' motion should preclude Defendants from referring to RESPA's treble damages provision in the presence of the jury is **DENIED WITHOUT PREJUDICE** to Plaintiffs' right to address that issue in their proposed jury instructions.

Dated: January 31, 2022 /s/ *M. Miller Baker*
M. Miller Baker, Judge[4]

---

[4] Judge of the United States Court of International Trade, sitting by designation.