|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **FOR THE EASTERN DISTRICT OF CALIFORNIA** | |

| | | |
|---|---|---|
| 3 | EFRAIN MUNOZ, *individually and on* | |
| 4 | *behalf of all others similarly situated,* | |
| 5 | *et al.*, | No. 1:08-cv-00759-MMB-BAM |
| 7 | Plaintiffs, | **ORDER RESPECTING** |
| 8 | | **PLAINTIFFS' MOTION** |
| 9 | v. | **TO STRIKE AND PRECLUDE** |
| 10 | | **EVIDENCE AND/OR** |
| 11 | PHH MORTGAGE CORPORATION, | **TESTIMONY REGARDING** |
| 12 | *et al.*, | **INDIVIDUAL CLASS MEMBER** |
| 13 | | **PAYMENT HISTORIES** |
| 14 | Defendants. | |

Plaintiffs move (ECF 487) for an order to "strike from the record and preclude from trial any evidence and/or testimony concerning the payment histories of Plaintiffs Munoz, Lovette, and Hoffman, and the accompanying Declaration of Gina Feezer cited in Defendants' [motion *in limine*] #1."[1] ECF 487, at 1.

Defendants, in response, acknowledge that the material in question does not appear on either side's trial exhibit list and was not produced during fact discovery, but they contend that the reason for attaching the evidence was to demonstrate "the nature of the evidence Plaintiffs *should have* amassed to prove their damages under RESPA, and that the record is devoid of such evidence." ECF 502, at 1 (emphasis in original). They contend that because they

---

[1] The title of Defendants' motion *in limine* #1 refers to a request "for an order on the appropriate method for calculating and proving damages." ECF 469, cover page.

have not sought to make the evidence in question part of the trial record, there is nothing to exclude, such that the part of the motion relating to the trial record "is both moot and premature." *Id.* at 1–2.

In reply, Plaintiffs argue that evidence relating to individual payment histories would be irrelevant based on prior court orders. ECF 519, at 2–3.

Plaintiffs' motion to strike therefore presents two issues: (1) Should Defendants be precluded from introducing the evidence in question at trial? (2) Should the evidence in question be stricken from the record for purposes of Defendants' motion *in limine* #1?

As to the first issue, Defendants affirmatively state that they are not seeking to admit the evidence for use at trial, and they acknowledge that the evidence was not disclosed in the manner required by the final pretrial order (ECF 456) for evidence to be introduced at trial. Accordingly, Plaintiffs' motion is moot insofar as it seeks to preclude the introduction of this evidence at trial.

As to the second issue, Defendants cited the evidence in question in support of their motion *in limine* #1 for demonstrative purposes. The court decided that motion *in limine* as a matter of law without relying on the attached evidence, which simply proved unnecessary to resolving the motion. There is thus no need to strike the evidence from the motion record, and Plaintiffs' motion is moot insofar as it seeks to do so.

1  Therefore, it is hereby **ORDERED** that the motion titled "Plaintiffs' motion for an order striking from the record and precluding from trial evidence and/or testimony concerning individual class member payment histories cited in Defendants' motion in limine no. 1 and incorporated memorandum of law" (ECF 487) is **DENIED as moot.**

Dated: February 1, 2022  /s/ *M. Miller Baker*
M. Miller Baker, Judge[2]

---

[2] Judge of the United States Court of International Trade, sitting by designation.