**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*,

    Plaintiffs,

    v.

PHH MORTGAGE CORPORATION, *et al.*,

    Defendants.

No. 1:08-cv-00759-MMB-BAM

**ORDER**

The parties have filed dueling motions to exclude expert testimony or portions thereof. *See* ECF 570 (Plaintiffs' motion to exclude Madigan); ECF 571 (Defendants' motion to exclude Hoyt). A major theme of Plaintiffs' opposition to Defendants' motion to exclude is that matters regarding the facts or underlying assumptions on which an expert witness bases his opinion are properly the subject of cross-examination and go to the weight, not the admissibility, of the expert's testimony. *See, e.g.*, ECF 572, at 11, 13, 14.

An amendment to Federal Rule of Evidence 702 took effect on December 1, 2023.[1] The Advisory Committee's Note states that "many courts have held that the critical questions of the sufficiency of any expert's basis, and the application of the expert's methodology, are questions of weight and not

---

[1] *See* https://www.uscourts.gov/sites/default/files/2023_congressional_package_april_24_2023_0.pdf.

admissibility. These rulings are an incorrect application of Rules 702 and 104(a)." Fed. R. Evid. 702 Adv. Comm. Note (2023).

The court directs the parties to address the significance—if any—of the 2023 amendment to Rule 702 as it relates to the pending motions to exclude. Within 14 days of the date of this order, the parties shall submit supplemental briefs on that question, not to exceed 3,000 words per side.

Dated: December 7, 2023            /s/ *M. Miller Baker*
                                   M. Miller Baker, Judge[2]

---

[2] Judge of the United States Court of International Trade, sitting by designation.