UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION, *et al.*,

    Defendants.

No. 1:08-cv-00759-MMB-BAM

**ORDER RESPECTING MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. ROBERT E. HOYT**

Defendants move (ECF 571) to exclude the testimony of Dr. Robert E. Hoyt, whom Plaintiffs offer as an expert on insurance, reinsurance, insurance economics, and risk management to establish their Article III standing. He opines that "the captive reinsurance agreements utilized by Defendants which do not involve a real risk transfer simply increased transaction costs and in turn the premiums paid by PMI buyers (borrowers/Class Members)." ECF 571-2, at 6 ¶ 17 (footnote omitted).

Defendants contend that Hoyt's testimony is based on improper assumptions, *see* ECF 571, at 10–18, and that it is unreliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, *see* ECF 571, at 18–25. The court considers these points in turn.

I

For purposes of his report, counsel for Plaintiffs told Hoyt to "assume" the following:

> [T]he jury will find: 1) that there was no real transfer of risk to Atrium under the subject captive reinsurance agreements; and 2) that the amounts paid to Atrium by the primary mortgage insurers were not commensurate with the value of reinsurance services (if any) provided by Atrium.

ECF 571-2, ¶ 16.[1] Defendants argue that because Hoyt's reliance on these assumptions is unfounded, his testimony cannot help the trier of fact determine a fact in issue. ECF 571, at 2; *see also* Fed. R. Evid. 702(a). Here the jurisdictional fact in issue is whether Plaintiffs suffered economic injury from Defendants' assumed RESPA violation.

Defendants first contend that an expert may not assume liability to establish the harm necessary for standing. ECF 571, at 10–13. They rely on the familiar principle that "[s]tanding is an independent threshold issue that must be established before proceeding to the merits of a claim." *Id.* (citing, *inter alia*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). But "the message of *Steel Co.* that Article III standing must be decided before the merits . . . does not inevitably mean that a district court must make a definitive ruling on Article III standing before giving *any* consideration to the merits." *All. for Env't*

---

[1] If the jury makes such findings, that will establish Defendants' liability for violating the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. § 2601 *et seq.*

*Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006) (emphasis in original). That's because "*Steel Co.* is not concerned with the ordering of a district court's receipt of evidence or any other aspects of procedure." *Id.* Instead, "it seeks to guard only against a definitive ruling on the merits by a court that lacks jurisdiction because of the absence of an Article III requirement" like standing. *Id.* Nothing in *Steel Co.* precludes Hoyt from assuming—for purposes of his testimony as to *harm*—that the jury will resolve those questions in Plaintiffs' favor.

Defendants next argue that allowing Hoyt to testify as to harm "will confuse the jury on the issue of liability," requiring his exclusion. ECF 571, at 14. In substance, their argument invokes Rule 403, though they do not cite it. That rule provides, in relevant part, that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues[ or] misleading the jury." Fed. R. Evid. 403.

The court disagrees. The topic for Hoyt's testimony—whether Defendants' (assumed) RESPA violation injured Plaintiffs—is not the jury's province, because injury is not an element of the latter's claim. Instead, the court decides that question as it would any other factual challenge to standing not intertwined with the merits. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) ("[B]ecause the jurisdictional disputes were not intertwined with the merits of the claim and because 'the existence of

jurisdiction turn[ed] on disputed factual issues,' it fell to the district court to 'resolve those factual disputes itself.'") (second alteration in original) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22, 1122 n.3 (9th Cir. 2014)); *Berardinelli v. Castle & Cooke Inc.*, 587 F.2d 37, 38–39 (9th Cir. 1978) ("A party is entitled to have the jurisdictional issue submitted to a jury only where the jurisdictional issue and the issue on the merits are factually so 'completely intermeshed' that 'the question of jurisdiction is dependent on decision of the merits.'") (quoting first *McBeath v. Inter-Am. Citizens for Decency Comm.*, 374 F.2d 359, 363 (5th Cir. 1967), then *Land v. Dollar*, 330 U.S. 731, 735 (1947)). And "in a bench trial," Rule 403's concerns over misleading or confusing the jury have "a limited role, if any." *See Mass Engineered Design, Inc. v. Planar Sys., Inc.*, No. 3:16-CV-1510-SI, 2018 WL 3323762, at *4 (D. Or. July 6, 2018) (collecting cases). Because the court must decide whether Plaintiffs suffered economic injury, Defendants' Rule 403 challenge to Hoyt's testimony fails.

Finally, Defendants argue that the assumptions counsel provided to Hoyt are unsubstantiated and refuted by the record. ECF 571, at 15–18. As a general matter, they are correct as to the governing legal principle: An expert witness may not rely on assumptions supplied by counsel that lack factual support in the record because such assumptions, and any testimony based on them, are speculative. *See Maheu v. Hughes Tool Co.*, 569 F.2d 459, 474–76 (9th Cir. 1977). The flip side of that principle is that an expert may base an

opinion on assumptions from counsel provided they are based on evidence that either has been or will be admitted. 30 Wright & Miller, *Federal Practice & Procedure* § 6663 (2d ed. 2024 update); 1 *McCormick on Evidence* § 14 (8th ed. 2022 update). "The hallmark of a hypothetical question[ ] is that all factual assumptions must have a basis in the trial record. Put differently, the entire factual basis must rest on admissible evidence." 30 Wright & Miller, *Federal Practice & Procedure* § 6665 (2d ed. 2024 update) (footnote omitted).

Defendants' arguments fail because the court has previously held—based on evidence proffered by Plaintiffs—that there is a genuine issue of fact as to Hoyt's two assumptions. *See Munoz v. PHH Mortg. Corp.*, 478 F. Supp. 3d 945, 978–80 (E.D. Cal. 2020). That holding is the law of the case, and therefore those assumptions are supported by evidence to be introduced at trial. The court therefore denies the motion to exclude Hoyt's testimony on the basis that his assumptions are unsubstantiated.

## II

As amended in 2023, Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion

reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The 2023 amendments make clear that "the proponent of expert testimony must show by a preponderance of the evidence that the proposed testimony satisfies each of the rule's requirements." *Farmers Ins. Co. of Ariz. v. DNS Auto Glass Shop LLC*, No. CV-21-01390-PHX-DGC, 2024 WL 1256042, at *7 (D. Ariz. Mar. 25, 2024), *opinion clarified*, 2024 WL 1961837 (D. Ariz. May 3, 2024).

There is no dispute here that Hoyt's training and experience will help the court—the factfinder for these purposes—"determine a fact in issue," i.e., whether Plaintiffs suffered any economic injury. Fed. R. Evid. 702(a). The parties vigorously disagree, however, as to the remaining three elements.

The court conditionally admits Hoyt's testimony for purposes of a bench trial as to whether Plaintiffs suffered any economic injury if the jury later finds the two assumptions provided to him by counsel are substantiated. After the hearing, which will also encompass the contested Rule 702 issues, the court will determine whether to exclude Hoyt's testimony. *See In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702."), *disapproved on other grounds by In re*

*Anderson*, 917 F.3d 566 (7th Cir. 2019); *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 833 (3d Cir. 2020) (same).

\* \* \*

For the foregoing reasons, the court **DENIES** Defendants' motion to exclude Hoyt insofar as they seek such relief on grounds other than Federal Rule of Evidence 702(b)–(d) and otherwise reserves judgment pending the conclusion of a bench trial on economic harm where his testimony shall be conditionally admitted.

Dated:    January 31, 2025           /s/ *M. Miller Baker*
                                      M. Miller Baker, Judge[*]

---

[*] Judge of the United States Court of International Trade, sitting by designation.