|  | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF CALIFORNIA |  |
|---|---|---|
| EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*, |  | No. 1:08-cv-00759-MMB-BAM |
| Plaintiffs, |  | **ORDER RESPECTING<br>PLAINTIFFS' MOTION<br>TO EXCLUDE TESTIMONY<br>OF KEVIN MADIGAN** |
| v. |  |  |
| PHH MORTGAGE CORPORATION, *et al.*, |  |  |
| Defendants. |  |  |

Plaintiffs move (ECF 570) to exclude two separate aspects of the proposed testimony of Defendants' rebuttal expert witness Kevin M. Madigan. The court considers each in turn.

I

Plaintiffs contend that Madigan's challenged testimony goes beyond the proper scope of rebuttal because it responds only to assumptions Plaintiffs' counsel provided to their expert, Robert E. Hoyt, who rendered no analysis or opinion about whether those assumptions are correct. ECF 570, at 2. Instead, Plaintiffs contend, Madigan's opinions "address ultimate issues that are essential to the parties' case-in-chief" and therefore should have been addressed, if at all, by experts identified during the original round of discovery. *Id.*

Plaintiffs quote Hoyt's report as stating that "[f]or purposes of my analysis, *Plaintiffs' counsel have instructed me to assume that the jury will find*:

1   that there was no real transfer of risk to Atrium under the subject captive re-
2   insurance agreements; and that the amount[s] paid to Atrium by the primary
3   mortgage insurers were not commensurate with the value of reinsurance ser-
4   vices (if any) provided by Atrium." *Id.* at 4 (emphasis in original) (quoting ECF
5   571-2, at 5 ¶ 16). They note that at his deposition, Madigan acknowledged that
6   Hoyt "explicitly identified" these assumptions and agreed that Hoyt did not
7   analyze or test the assumptions in rendering opinions. *Id.* (citing, *inter alia*,
8   ECF 570-4, at 66:10–67:13, 70:16–72:14).

9         Plaintiffs argue that Sections V and VI of the Madigan Report therefore
10  "do not qualify as rebuttal of Dr. Hoyt" because they constitute "an affirmative
11  expert report." *Id.* at 6–7. They assert that "Mr. Madigan's testimony that eval-
12  uates the assumptions that Dr. Hoyt was instructed to make in conducting his
13  analysis do[es] not rebut or contradict Dr. Hoyt's opinions . . . ." *Id.* at 8 & n.14
14  (citing ECF 570-4, at 64:23–65:12, where Madigan agreed that "with regard to
15  an assumption, he's not offering an opinion").

16        Defendants respond by citing case law for the proposition that a rebuttal
17  expert may address the assumptions and methods that underlie an opposing
18  expert's testimony. *See* ECF 573, at 3–4. That case law is inapposite here.
19  Plaintiffs offer Hoyt as an expert witness for purposes of establishing their
20  standing, not Defendants' liability. The court—not the jury—will adjudicate
21  the disputed jurisdictional fact whether Plaintiffs suffered any economic harm

from the RESPA violation that Hoyt's testimony assumes. *See* ECF 594, at 3–4. As the court's order on Defendants' motion to exclude Hoyt notes, "[t]he topic for Hoyt's testimony . . . is not the jury's province, because injury is not an element of [Plaintiffs'] claim." *Id.* at 3. He will therefore testify only at the bench trial, not before the jury.

The assumptions underpinning Hoyt's testimony, on the other hand, are matters for the jury because they go to the merits of the alleged RESPA violation. The court will not decide the truth or falsity of those assumptions during the bench trial on injury. *See id.* at 2 n.1. While Defendants argue that they are entitled to rebut the assumptions underpinning Hoyt's testimony, such rebuttal is irrelevant in the upcoming bench trial on the issue of economic harm. The court therefore grants Plaintiffs' motion insofar as it seeks to exclude Madigan's testimony rebutting Hoyt's assumptions provided by counsel.[1]

## II

The second issue involves the effect of the court's ruling on Plaintiffs' fifth motion *in limine* (ECF 468, at 12–15), which had requested an order "to

---

[1] At the *jury* trial, because Hoyt will not testify, an expert witness designated expressly for purposes of rebutting his testimony cannot himself testify. This is not to say that Defendants cannot introduce evidence to rebut whatever Plaintiffs introduce on the issues of real transfer of risk to Atrium and whether amounts paid to that company were commensurate with the value of reinsurance services (if any) it provided. Of course they may do so—but they may not use Madigan for that purpose because he is designated as an expert specifically for purposes of rebutting *Hoyt's testimony*.

exclude Defendants . . . from presenting any argument, evidence, or testimony, including expert testimony, that Atrium provided valuable services to the mortgage insurers other than or unrelated to actual *reinsurance* services." ECF 511, at 1 (emphasis in original) (quoting ECF 468, at 12) (emphasis also in original). Plaintiffs were concerned about what they characterized as testimony from Dr. Timothy Riddiough about "additional benefits" the mortgage insurers received, and they objected that "anything other than reinsurance is irrelevant at trial based on the court's summary judgment [ruling], which states that 'the first step of the HUD test asks whether Atrium actually provided *reinsurance*.'" *Id.* at 1–2 (quoting ECF 468, at 13) (emphasis Plaintiffs'). They also observed that the summary judgment ruling stated that ancillary benefits depend on the provision of actual reinsurance services. *Id.* at 2 (citing ECF 468, at 14); *see also Munoz v. PHH Mortgage Corp.*, 478 F. Supp. 3d 945, 977, 980 n.21 (E.D. Cal. 2020) (summary judgment ruling, ECF 417).

The court found that the HUD Letter's "real transfer of risk" requirement focuses on the payment of claims and that the "other services" discussed in Defendants' opposition to the motion *in limine*, and by Riddiough in his testimony, did not relate to such payment. ECF 511, at 7. "Under the HUD Letter, therefore, those 'other services' are not relevant to whether there was actually a 'transfer of risk.'" *Id.* The court accordingly granted Plaintiffs' motion and ordered "that at trial, Defendants may not present any argument, evidence, or

4

testimony, including expert testimony, that Atrium provided valuable services to the mortgage insurers other than or unrelated to actual reinsurance services." *Id.*

Plaintiffs argue that the Madigan Report is, essentially, an attempt to backdoor in the sort of testimony precluded by the court's ruling on motion *in limine* #5. They refer to paragraphs in which the report discusses reinsurance reducing the capital required by regulatory and rating agencies, providing "catastrophe protection" and risk sharing, and spreading risk across book years. ECF 570, at 10–11 (citing ECF 570-2, ¶¶ 56, 58, 59). They assert that "none of these 'services' is germane to the RESPA analysis and any evidence related to them is excluded from the trial of this case," and they ask the court to strike paragraphs 51–61 of the Madigan Report. *Id.* at 11.

Defendants respond that Hoyt himself seeks to address those same topics as part of his proposed testimony about "the purpose and function," as well as "the impact and benefits," of reinsurance, including "increasing underwriting capacity, stabilizing profits, managing financial reporting constrains associated with insurance accounting, and taking advantage of the reinsurer's expertise." ECF 573, at 7 (quoting ECF 571-2, ¶¶ 22, 29). They further observe that

> Hoyt also cited insurance literature that supports his view of the potential benefits of reinsurance, including that it "enlarges the ceding insurer's financial capacity to accept risk," "increases

5

    insuring capacity, provides catastrophe protection[,] . . . stabilizes
loss experience," "enables policyholders to obtain all of their insurance from one insurer[,] [and] allows small insurers to compete effectively against larger ones which increases coverage options available to policyholders."

*Id.* at 7–8 (final set of brackets in original) (quoting ECF 571-2, ¶¶ 23–25). Defendants argue that paragraphs 51–61 of the Madigan Report are a direct response to Hoyt's opinions relating to his underlying assumption that "there's no real economic benefit from the captive reinsurance arrangement." *Id.* at 9 (quoting ECF 571-3, at 77:5–13). "As a result," they contend, "the issue of benefits has squarely been injected into the case by Plaintiffs, through Hoyt's proffered opinion testimony." *Id.* They argue that Madigan's testimony is appropriate to critique Hoyt's assumption that the various benefits did not exist in this case. *Id.*

  Defendants raise valid concerns. Evidence that is not otherwise admissible may nevertheless be proper rebuttal when a party opens the door. *See, e.g.*, *United States v. Renzi*, 769 F.3d 731, 748 (9th Cir. 2014) (holding that a former congressman could not cite the Speech or Debate Clause to bar rebuttal evidence when he opened the door by offering evidence of his own legislative acts); *Blackmon v. Buckner*, 932 F. Supp. 1126, 1127 (S.D. Ind. 1996) ("[R]ulings that certain items of evidence are not admissible must remain conditional because the plaintiff could open the door at trial to make some of this evidence admissible."), *cited approvingly in S.M. v. J.K.*, 262 F.3d 914, 919 (9th

Cir. 2001). In other words, Plaintiffs are seeking to have it both ways by attempting to use the ruling on motion *in limine* #5 as both a sword and a shield to allow themselves to introduce expert testimony on an issue while preventing Defendants from responding.

As Plaintiffs also correctly note, "a party can control the scope of the testimony of its adversary's rebuttal experts by limiting its own experts' testimony to a given subject matter." ECF 570, at 7 (quoting *Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.*, No. C-93-20326, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995)). The court therefore concludes that it is premature to strike paragraphs 51–61 of the Madigan Report or to exclude any testimony about them at this time. If Hoyt does not testify about the potential benefits of reinsurance at the forthcoming bench trial on economic harm, then Plaintiffs can raise a "beyond the scope of rebuttal" objection if Madigan discusses such issues. If Hoyt does testify about such matters, however, then whatever testimony he offers and that is admitted[2] will be fair game for rebuttal at the same bench trial.

---

[2] It's not clear to the court what relevance, if any, such testimony has to the issue of Plaintiffs' alleged economic harm resulting from an assumed RESPA violation, the subject of the bench trial.

7

\* \* \*

For the foregoing reasons, the court **GRANTS** Plaintiffs' motion to exclude Madigan's testimony rebutting the assumptions counsel instructed Hoyt to make and otherwise **DENIES** any other relief.

Dated:    January 31, 2025        /s/ *M. Miller Baker*
                                          M. Miller Baker, Judge[*]

---

[*] Judge of the United States Court of International Trade, sitting by designation.