|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **FOR THE EASTERN DISTRICT OF CALIFORNIA** | |
| 3 | EFRAIN MUNOZ, *individually and on* | |
| 4 | *behalf of all others similarly situated,* | |
| 5 | *et al.*, | No. 1:08-cv-00759-MMB-BAM |
| 7 | Plaintiffs, | **ORDER RESPECTING** |
| 8 | | **DEFENDANTS' MOTION** |
| 9 | v. | ***IN LIMINE* #7** |
| 11 | PHH MORTGAGE CORPORATION, | |
| 12 | *et al.*, | |
| 14 | Defendants. | |

Defendants' seventh motion *in limine* (ECF 576) requests an order to "preclude any argument, evidence, or testimony regarding a report of the Secretary of the Department of Housing and Urban Development and the Administrator of the Veterans' Administration, which was prepared for a committee of the U.S. Congress in March 1972 (the '1972 Report')." ECF 576, at 1. More specifically, Defendants seek three things. First, they move to exclude the 1972 Report as irrelevant under Federal Rules of Evidence 401 and 402. *Id.* at 3–6. Second, they move to exclude it under Rule 403. *Id.* at 6–7. Finally, they argue that Hoyt's reliance on the Report does not save it. *Id.* at 7–8.

Plaintiffs respond that the 1972 Report is relevant, ECF 582, at 3–5, and Defendants have not met their "significant" burden to exclude it under Rule 403, *id.* at 5–7. Plaintiffs further argue that the Report is otherwise admissible because Hoyt relied upon it. *Id.* at 7–8.

I

Determining that a piece of evidence is relevant is generally perfunctory; that is, relevance is a low bar. Evidence is relevant if "it has *any* tendency to make a fact more or less probable than it would be without the evidence," Fed. R. Evid. 401(a) (emphasis added), and "the fact is of consequence in determining the action," Fed. R. Evid. 401(b). Only relevant evidence is admissible. Fed. R. Evid. 402.

As the defendants correctly note, the 1972 Report concerns a different industry (title services) from the one at issue in this case (mortgage insurance and reinsurance). ECF 586, at 2. The defendants are, however, mistaken that the 1972 Report "does not (and cannot)" make it more or less probable "that Plaintiffs suffered concrete injury resulting from Defendants' alleged RESPA violations." *Id.* at 3 (emphasis removed). This is because a fact is entirely capable of being "of consequence in determining the action" regardless of whether it is "ultimate, intermediate, or evidentiary." Fed. R. Evid. 401 advisory committee's note; *see also* 22 Wright & Miller, *Federal Practice and Procedure* § 5165 (2d ed. 2024 update) (noting that evidence need only be "slightly helpful" to be relevant). Here, Plaintiffs seek to show the intermediate fact that "economic waste in the form of kickbacks and referral agreements in the settlement process leads to increased costs to homebuyers," as stated in the 1972 Report. ECF 582, at 1 (citing ECF 576-2, at 24–25). Because that fact, if shown, makes

it slightly more likely that Plaintiffs suffered monetary harm from the arrangements at issue here, the 1972 Report is relevant.

## II

The mere fact that a piece of evidence is relevant does not automatically make it admissible. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, Defendants allege that the 1972 Report's probative value is "substantially outweighed by a danger of confusing the issues, misleading the jury, and wasting time." ECF 576, at 6.

As the court has previously ruled, however, Rule 403 is of lesser, if any, concern when, as here, the evidence in question is admitted during a bench trial. *See* ECF 594, at 4. As the court is finder of fact as to the question of economic harm, the court concludes that the (slight) probative value of the 1972 Report is not outweighed by any risk of confusing the issues.

## III

Finally, Defendants contend that Hoyt's reliance on the 1972 Report does not save it. ECF 576, at 7–8. Because, as explained above, the court finds that it is independently admissible (at least in the context of a bench trial on standing), it need not consider this argument.

1                                               \*   \*   \*

2         Accordingly, it is hereby **ORDERED** that Defendants' motion *in limine*

3 #7 is **DENIED** for purposes of the forthcoming bench trial on economic harm.

4 Dated:       January 31, 2025           /s/ *M. Miller Baker*
5                                               M. Miller Baker, Judge[*]

---

[*] Judge of the United States Court of International Trade, sitting by designation.

4