|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | FOR THE EASTERN DISTRICT OF CALIFORNIA |

EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION, *et al.*,

    Defendants.

No. 1:08-cv-00759-MMB-BAM

**ORDER RESPECTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this class action, Plaintiffs (a class of home-loan borrowers) allege that PHH Mortgage Corporation referred them to one of four primary mortgage insurers. They also allege that all four insurers signed reinsurance agreements with Atrium, PHH's captive reinsurer, in a kickback scheme that violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.* Pending before this court is Defendants' motion for summary judgment on standing grounds, ECF 577.

Shortly after the final pretrial conference, the Supreme Court decided *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). In *TransUnion,* the Court clarified the requirements of standing, holding "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427 (emphasis removed). The Court distinguished "a plaintiff's statutory cause of action" and

1  "a plaintiff's suffering concrete harm because of the defendant's violation of
2  federal law," finding that merely alleging a statutory violation is insufficient
3  to confer standing. *Id.* at 426–27.

4  Thereafter, Plaintiffs—who up to that point had relied solely on a theory
5  of standing that *TransUnion* foreclosed—sought to introduce the expert testi-
6  mony of Robert E. Hoyt. His report concludes that they suffered economic harm
7  in the form of increased mortgage insurance premiums because of Defendants'
8  allegedly unlawful kickback scheme. *See* ECF 467, at 17–20. They also at-
9  tempted to offer a 1972 congressional report. *See id.* at 13–17. This court held
10 that Plaintiffs did not meet their burden of showing why this evidence of eco-
11 nomic harm could not have been reasonably anticipated at the pretrial confer-
12 ence. The court also found that in any event, they waited too long to seek to
13 modify the pretrial order even accepting their assertion that *TransUnion* rep-
14 resented a change in the law for purposes of their standing theory. *See* ECF
15 538. Plaintiffs appealed, and the Ninth Circuit reversed and remanded. *Munoz*
16 *v. PHH Corp.*, No. 22-15407, 2023 WL 2202228 (9th Cir. Feb. 24, 2023).

17 Defendants argue that they're entitled to summary judgment on stand-
18 ing because neither Hoyt's testimony nor the 1972 Report is admissible. *See*
19 ECF 577, at 7–11. As explained in other orders issued today, however, the court
20 conditionally admits his testimony and unconditionally admits the 1972 Re-
21 port for purposes of a bench trial on economic harm. *See* ECF 594 and 596.

2

1    Defendants next argue that even if admitted, Hoyt's report and the 1972
2    Report do not create a material dispute as to whether Plaintiffs suffered eco-
3    nomic harm even if Defendants violated RESPA. *See* ECF 577, at 11–18. Sum-
4    mary judgment, however, "is an inappropriate vehicle for raising a question
5    concerning the court's subject-matter jurisdiction" unless the relevant jurisdic-
6    tional facts are "intertwined with the merits." 10A Wright & Miller, *Federal*
7    *Practice & Procedure* § 2713 (4th ed. June 2024 update) (footnotes omitted).
8    That's because a grant of summary judgment is a decision on the merits,
9    whereas the absence of jurisdiction requires dismissal. *Id.* Moreover, "the
10   court's role" varies depending on whether jurisdiction or the merits are at is-
11   sue. *Id.* "On a motion attacking the court's jurisdiction, the district judge may
12   resolve disputed jurisdictional-fact issues. On a motion under Rule 56 the
13   judge simply determines whether any issues of material fact exist that require
14   trial." *Id.* (footnote omitted); *see also San Diego Cnty. Credit Union v. Citizens*
15   *Equity First Credit Union*, 65 F.4th 1012, 1028–29 (9th Cir.), *cert. denied*, 144
16   S. Ct. 190 (2023).

17   The disputed jurisdictional fact here—whether Plaintiffs suffered any
18   economic injury assuming any RESPA violation—is not intertwined with the
19   merits of their claim. A short bench trial is the most appropriate and efficient
20   method of resolving that dispute, as it will permit the court to evaluate the
21   credibility of the respective dueling experts and make factual findings. *See*

1  *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001) (in the context
2  of a factual challenge to its subject-matter jurisdiction, a district court "enjoys
3  broad authority to order discovery, consider extrinsic evidence, and hold evi-
4  dentiary hearings in order to determine its own jurisdiction"). It therefore **DE-**
5  **NIES** Defendants' motion for summary judgment and defers consideration of
6  standing to a bench trial.

7  Dated: January 31, 2025                    /s/ *M. Miller Baker*
8                                             M. Miller Baker, Judge[*]

---

[*] Judge of the United States Court of International Trade, sitting by designation.