**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

EFRAIN MUNOZ, *individually and on behalf of all others similarly situated, et al.*,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION, *et al.*,

    Defendants.

No. 1:08-cv-00759-MMB-BAM

**ORDER RESPECTING PLAINTIFFS' MOTION *IN LIMINE* #7**

Plaintiffs' seventh motion *in limine* (ECF 575) requests an order under Federal Rules of Evidence 701 and 704 "excluding from trial certain opinion testimony from fact witness Michael C. Schmitz . . . and certain reports prepared by Milliman, Inc." ECF 575, at 1.[1] More specifically, Plaintiffs seek the exclusion of four categories of evidence: (1) any opinions from Schmitz "based on scientific, technical, or other specialized knowledge within the scope of [FRE] 702," Fed. R. Evid. 701(c), *quoted in* ECF 575, at 2 (brackets in original); (2) any opinion testimony from Schmitz which relies on inadmissible hearsay, ECF 575, at 2; (3) any testimony from Schmitz on ultimate issues, including whether the captive reinsurance agreement central to this case likely satisfied

---

[1] As a threshold matter, Defendants correctly argue that Plaintiffs' motion *in limine* is untimely. The court nevertheless reaches the merits because the latter could simply raise the same objections at trial. Resolving these objections now facilitates judicial economy.

the August 6, 1997, U.S. Department of Housing and Urban Development letter "with respect to compliance of captive reinsurance agreements with the Real Estate Settlement Procedures Act," *id.* at 1, 2; and (4) "the Milliman reports that set forth those opinions," *id.*, and certain Statements of Actuarial Opinion prepared by Schmitz (collectively, the Milliman reports), *id.* at 4.

Defendants' response notes that Schmitz is designated as a fact witness, not an expert witness, *see* ECF 584, at 5–14, because he would be testifying based on personal knowledge, rather than hypotheticals, *id.* at 6. They claim the Milliman reports (and, accordingly, Schmitz's testimony regarding them) do not contain legal conclusions because they disclaim any intent to "provide legal assurance that the requirements of these laws are met." *Id.* at 2. Finally, Defendants argue that the reports are admissible under the business records exception to the hearsay rule, *id.* at 14–15 (citing Fed. R. Evid. 803(6)), or alternatively that they "need not be offered for the truth of the matter asserted" and can therefore be admitted as non-hearsay, *id.* at 15.

Plaintiffs reply that because Schmitz has been designated as a fact witness, he cannot give testimony that is "based on scientific, technical, or other specialized knowledge," which falls instead within the scope of Rule 702. ECF 585, at 1 (citing Fed. R. Evid. 701(c)). Because Defendants intend to have Schmitz testify to explain the conclusions he reached in the Milliman reports, which he authored, *see* ECF 575, at 2, Plaintiffs argue that he will necessarily

2

rely on expertise outside the scope of lay testimony. ECF 585, at 9. They also argue that if Schmitz is not allowed to give expert testimony, that also means the reports should not be admitted, because Plaintiffs assert that his expert testimony on the reports is a necessary precondition to admitting them as business records under the Rule 803(6) hearsay exception. ECF 585, at 9 (citing *Mort v. DeJoy*, 2022 WL 3229298, at \*4 (E.D. Cal. Aug. 10, 2022)).

I

Lay opinion testimony must not rely on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). To rely on those kinds of knowledge while testifying, a witness must be designated as an expert 90 days before trial or as required by an applicable scheduling order. Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, both parties' witness lists designated Schmitz as a fact witness. ECF 431-1, at 2; ECF 431-2, at 2. The scheduling order required expert discovery to be completed by June 15, 2016. ECF 292, at 2. Because Schmitz was not designated as an expert witness by that date, and because Rule 37(c)(1) is self-

1    executing, Schmitz may not rely on "scientific, technical, or other specialized
2    knowledge within the scope of Rule 702" to offer opinion testimony in this case.
3         But as Plaintiffs acknowledge, Schmitz, as a fact witness, may "testify
4    about what he and Milliman were hired to do and did, such as what analyses
5    were performed or what data was reviewed . . . ." ECF 575, at 14. Moreover,
6    the court previously explained that "[e]valuating whether there was an actual
7    transfer of risk requires the court to look at multiple factors, such as the struc-
8    ture and contractual terms of a [captive reinsurance agreement], the rationale
9    for and effects of cross-collateralization, *and the way defendants' own actuaries*
10   *analyzed the* [agreements]." *Munoz v. PHH Mortg. Corp.*, 478 F. Supp. 3d 945,
11   978 (E.D. Cal. 2020) (ECF 417) (emphasis added). In testifying as to what ad-
12   vice he provided Atrium, Schmitz would not provide opinion testimony, but
13   rather a statement of fact as to his thinking *at the time. See United States v.*
14   *Morton,* 391 F.3d 274, 277 (D.C. Cir. 2004) ("A witness's testimony about his
15   own state of mind is not opinion testimony."). Whether his advice at the time
16   was correct is an opinion.
17        That said, for Schmitz to testify that he advised Atrium that the reinsur-
18   ance agreements at issue here satisfied the 1997 HUD Letter would be preju-
19   dicial, and the court finds that it would substantially outweigh the probative
20   value. *See* Fed. R. Evid. 403. He may, however, testify that he advised Atrium
21   that the agreements provided a real transfer of risk and that the amounts paid

4

by the mortgage insurers were commensurate with, or did not exceed the value of, the reinsurance services provided.

II

Plaintiffs seek the exclusion of the Milliman reports on two grounds: first, that the reports "reach impermissible legal conclusions regarding the matters to be decided by the jury," ECF 575, at 15; and second, that they should be excluded as inadmissible hearsay, *id.* at 16. Defendants respond that the reports "explicitly *disclaim* including any legal opinions," ECF 584, at 16, and that they "are clearly business records that are admissible under Federal Rule of Evidence 803(6)," *id.* at 14. Plaintiffs' reply essentially argues that the reports cannot be admitted under the business records exception because expert testimony to interpret the record is a prerequisite for admission. *See* ECF 585, at 9.

Plaintiffs misunderstand the requirements of Rule 803(6). To admit a business record, the party seeking admission must offer "the testimony of the custodian or another qualified witness" to show that the rule's requirements are met. Fed. R. Evid. 803(6)(D). "Qualified" refers not to the witness's status as an expert but rather to his knowledge of the system by which the relevant records are kept. *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990). Schmitz, as the author of the Milliman reports at issue here, may certainly give that testimony under this broad standard. He was properly designated as

1  a fact witness, and he can testify to the regularity with which the Milliman
2  reports, and other documents of that kind, were kept without impermissibly
3  testifying as an expert. Assuming Schmitz lays the foundation for the Milliman
4  reports' admission as business records, the reports can be admitted.[2]

5  As with Schmitz's testimony, the court's 2020 summary judgment ruling
6  resolves the question of "legal opinions." *Munoz*, 478 F. Supp. 3d at 978 (E.D.
7  Cal. 2020) (ECF 417). There is no dispute that the Milliman reports were pre-
8  litigation materials Defendants requested as part of analyzing whether the
9  Atrium agreements complied with RESPA. While the reports' conclusions do
10 constitute opinions, their introduction as evidence at trial is not for opinion
11 purposes—it is factual evidence of what Milliman said at the time. In other
12 words, *what Milliman said* is a statement of fact, even if what the company
13 said consisted of an opinion at the time. *Whether the analysis was correct* is an
14 opinion. Schmitz has not been offered as an expert on whether the reports'
15 analysis was right or wrong, but under the summary judgment ruling, he can
16 properly testify to the fact of what advice Milliman gave Atrium at the time
17 regarding whether the agreements provided a real transfer of risk and whether

---

[2] The reports can also be offered for purposes other than to prove the truth of the matter asserted regardless of whether Schmitz is able to establish that they constitute business records.

the amounts paid by the mortgage insurers were commensurate with, or exceeded the value of, the reinsurance services provided.

But as with his own advice, the prejudicial effect would outweigh any probative value insofar as the Milliman Reports advised Atrium that the reinsurance agreements at issue here satisfied the 1997 HUD Letter.

Accordingly, it is hereby **ORDERED** that Plaintiffs' motion *in limine* #7 is **DENIED**, except to the extent that Schmitz may not testify that either he or the Milliman Reports advised Atrium that the reinsurance agreements at issue here satisfied the 1997 HUD Letter, a purely legal conclusion.

Dated: February 26, 2025              /s/ *M. Miller Baker*
                                      M. Miller Baker, Judge[3]

---

[3] Judge of the United States Court of International Trade, sitting by designation.