# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN MUNOZ, *et al.,* Individually, and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>PHH CORP., PHH MORTGAGE CORP., PHH HOME LOANS, LLC. and ATRIUM INSURANCE CORP.,<br><br>　　　　　Defendants. | No. 1:08-cv-00759 MMB-BAM<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br><br>Dept:　Ctrm 10 (13th fl.)<br>Judge:　Hon. M. Miller Baker |

WHEREAS, the above-captioned class action is pending in this Court ("Action");

WHEREAS, (a) Plaintiffs Efrain Munoz, Leona Lovette, Stefanie Melani, John Hoffman, and Daniel Maga, II (collectively, "Plaintiffs") on behalf of themselves and the Court-certified Class, and (b) Defendants PHH Corp., PHH Mortgage Corp., PHH Home Loans, LLC, and Atrium Insurance Corp. (collectively, "Defendants") (together with Plaintiffs, the "Parties") have entered into the Class Action Settlement Agreement dated July 11, 2025 ("Settlement Agreement"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Final Approval Order, the capitalized terms herein shall have the same meanings as they have in the Settlement Agreement;

WHEREAS, by Order dated August 11, 2025 (ECF 615) ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential members of the Class; (c) provided Class Members with the opportunity to exclude themselves from the Class, to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, by Order dated August 11, 2025 (ECF 615), the Court also provisionally certified the following class under Federal Rule of Civil Procedure 23(b)(3) and 23(e): All persons who obtained residential mortgage loans originated and/or acquired by PHH and/or its affiliates on or after January 1, 2007, through December 31, 2009, and, in connection

therewith, purchased private mortgage insurance and whose loans were included within PHH's captive mortgage reinsurance agreements.);[1]

WHEREAS, pursuant to the Court's Order dated August 11, 2025 (ECF 615), notice was disseminated to potential members of the Settlement Class to notify them of, among other things: (a) the nature of the action; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) Settlement Class Members' right to enter an appearance through counsel if desired; (e) the necessity of submitting a timely claim via a valid claim form to be eligible to receive compensation under the Settlement; (f) the time and manner for submitting a claim form; (g) that the Court will exclude from the Settlement Class any member who timely and validly requests such; (h) the time and manner for requesting exclusion; and (i) the binding effect of a class judgment on Settlement Class members under Rule 23(c)(3);

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on December 17, 2025 ("Final Fairness Hearing") to consider, among other things (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate

---

[1] Excluded from the Settlement Class are: (a) Defendants' officers, directors, and employees; (b) Defendants' affiliates and affiliates' officers, directors, and employees; (c) Defendants' future, present, and former direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and their future, present, and former directors, officers, employees, managers, servants, principals, agents, insurers, reinsurers, shareholders, investors, attorneys, advisors, consultants, representatives, partners, joint venturers, divisions, predecessors, successors, assigns, and agents thereof; (d) all persons who have previously excluded themselves from the certified class (see ECF. 230, 288, 314); and (e) any person otherwise in the Settlement Class who timely and properly excludes themselves from the Settlement Class as provided in the Settlement Agreement and class notices.

to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Final Approval Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on July 31, 2025; and (b) the Long- Form Notice, Summary Notice, and Claim Form, all of which were filed with the Court on the same day.

3. **Notice** – The Court finds that the Notice Plan: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the effect of the proposed Settlement (including the releases to be provided thereunder); (ii) Class Counsel's motion for attorneys' fees, litigation expenses, and class representative service awards; (iii) their right to object to any aspect of the Settlement and/or Class Counsel's motion for attorneys' fees, litigation expenses, and class representative service awards; (iv) their right to exclude themselves from the Class; and (v) their right to appear at the Final

Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all individuals and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order, except those individuals who submitted a single request for exclusion, dated November 28, 2025, which is expressly accepted as provided in Paragraph 8 below.

4. **CAFA Notice** - The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

5. **Objections** – There are no objections to the Settlement.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the Settlement Relief, the releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class. Specifically, the Court finds that (a) Plaintiffs and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the

relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Relief to the Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other members of the Class are hereby dismissed with prejudice as to Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

8. **Binding Effect** – The terms of the Settlement Agreement and of this Final Approval Order shall be forever binding on the Parties and all other members of the Class (regardless of whether or not any individual Class Member submits a claim), as well as their respective successors and assigns. The sole request for exclusion, dated November 28, 2025, on behalf of two co-borrowers on a single Class Member loan and submitted to the Settlement Administrator on that date, is accepted and the individuals named therein are excluded from the Class pursuant to the request and are not bound by the terms of the Settlement Agreement or this Final Approval Order. Any further request for exclusion received after the date of this Order is hereby rejected.

9. **Release** – The releases set forth in the Settlement Agreement, together with any definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein. The releases are effective as of the Effective Date. Accordingly, this Court orders that: subject to paragraph 10 below, upon the Effective Date of the Settlement

Agreement, the Settlement Class Releasors shall release, forever discharge, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting, or maintaining against the Released Persons, any and all Released Claims, as defined in § 3 of the Settlement Agreement. This release shall not apply to the individuals whose request for exclusion is identified as accepted in Paragraph 8 above.

10. Notwithstanding paragraph 9 above, nothing in this Final Approval Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Final Approval Order.

11. **No Admissions** – This Final Approval Order, the Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning this Final Approval Order, the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered or received as evidence, nor shall they be deemed to be, used as, construed as, or constitute a presumption, concession, admission, or evidence of (a) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Released Persons; (b) any fact alleged, any defense asserted or any fault by the Released Persons; (c) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class; and/or (d) whether the consideration to be given in the Settlement Agreement represents the relief that could or would have been obtained through trial in the Action in any trial, civil, criminal, administrative, or other proceeding of the Action or any

other action or proceeding in any court, administrative agency, or other tribunal. Defendants and the other Released Persons shall have the right to file the Settlement Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. **Retention of Jurisdiction** – Without affecting the finality of this Final Approval Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement and payment of the Settlement Relief; (b) any motion for attorneys' fees, litigation expenses, or class representative service awards by Class Counsel in the Action; and (c) members of the Class for all matters relating to the Action.

13. A separate order shall be entered regarding approval of the motion of Class Counsel for attorneys' fees, litigation expenses, and class representative service. Such order shall in no way affect or delay the finality of this Final Approval Order and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Final Approval Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree

to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Final Approval Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Final Approval Order shall be without prejudice to the rights of Plaintiffs, the other members of the Class, and Defendants, and the Parties shall be restored to their respective positions immediately preceding execution of the Settlement Agreement, and any intervening Court rulings or decisions shall be vacated, as provided in the Settlement Agreement.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Final Approval Order and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Dated: December 19, 2025

/s/ *M. Miller Baker*
HON. M. MILLER BAKER[2]

---

[2] Judge of the United States Court of International Trade, sitting by designation.