1
2
3
4
5
6
7
8
9   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF CALIFORNIA

10  EFRAIN MUNOZ, *et al.*,                          No. 1:08-cv-00759 MMB-BAM
11  Individually, and On Behalf of All
    Others Similarly Situated,                       ORDER AWARDING
12                                                   ATTORNEYS' FEES,
13              Plaintiffs,                          LITIGATION EXPENSES, AND
                                                     SERVICE AWARDS
14         v.

15  PHH CORP., PHH MORTGAGE
16  CORP., PHH HOME LOANS, LLC.                      Dept:  Ctrm 10 (13th fl.)
    and ATRIUM INSURANCE CORP.,                      Judge: Hon. M. Miller Baker
17
                Defendants.
18

This matter came on for hearing on December 17, 2025 ("Final Fairness Hearing"), on Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, And Representative Plaintiff Service Awards. The Court, having considered all matters submitted to it at the Final Fairness Hearing and otherwise; it appearing that notice of the Final Fairness Hearing substantially in the forms approved by the Court, which advised of Class Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, And Representative Plaintiff Service Awards, was emailed/mailed to potential Settlement Class Members identified in the data provided by Defendants, and that a notice campaign, including the transmittal of the Long-Form Notice and Summary Notice over various media platforms, was conducted in the manner approved by the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees, litigation expenses, and service awards requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement dated July 11, 2025 (ECF 614-2) ("Settlement Agreement"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Class Counsel's motion for attorneys' fees, reimbursement of litigation expenses, and representative plaintiff service awards and the date for the hearing on such motion was given to Settlement Class Members. The forms and methods of notifying the Settlement Class of the motion for attorneys' fees, reimbursement of litigation expenses, and

representative plaintiff service awards satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.   Class Counsel are hereby awarded attorneys' fees in the amount of $9,031,000 and reimbursement of litigation expenses in the amount of $2,074,556.63. These attorneys' fees and expenses shall be paid by Defendants separate and apart from any Settlement distributions paid to Settlement Class Members and the Court finds these sums to be fair and reasonable.

5.   In making this award of attorneys' fees and litigation expenses, the Court has considered and found that:

    a.   The Settlement before the Court for final approval provides for the resolution of all claims in the Action in exchange for a cash payment of $875 per loan to Settlement Class Members who submit a valid and timely claim form, and, therefore, Settlement Class Members will benefit from the Settlement that occurred because of the efforts of Class Counsel;

    b.   Long-Form Notices were sent to 48,413 uniquely named Settlement Class Member borrower addresses and posted on the Settlement website, and E-mail Notices were emailed to each of the 21,832 e-mail addresses associated with Settlement Class Member records. The notices advised that Class Counsel would apply for attorneys' fees in the same amounts now requested and reimbursement of litigation expenses in an amount slightly less than the amount identified, and no objections to the requested attorneys' fees or litigation expenses were submitted;

  c. Class Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

  d. The Action raised a number of complex issues;

  e. Had Class Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

  f. Over the course of 17 years, Class Counsel devoted nearly 63,000 hours, with a lodestar value of over $30.5 million, to achieve the Settlement;

  g. The requested fee award of $9,031,000 amounts to less than one-third of the actual lodestar, representing a multiplier of .29514, and

  h. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Plaintiffs are hereby each awarded a service award in the amount of $5,000, to be paid by Defendants within ten (10) business days after entry of this Order, for the time and effort they devoted to prosecuting the Class's claims and achieving the substantial Settlement for the Class.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Final Approval Order.

8. Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement Agreement.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Dated: December 19, 2025

/s/ *M. Miller Baker*
HON. M. MILLER BAKER[1]

---

[1] Judge of the United States Court of International Trade, sitting by designation.